**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ x : | | |
| **In re** | : : | **Chapter 11** |
| **PHOENIX SERVICES TOPCO, LLC,** | : : | **Case No. 22-[_____] (___)** |
| Debtor. | : : | |
| Tax I.D. No. 83-0934517 | : | |
| ------------------------------------------------------------ x : | | |
| **In re** | : : | **Chapter 11** |
| **PHOENIX SERVICES PARENT, LLC,** | : : | **Case No. 22-[_____] (___)** |
| Debtor. | : : : | |
| Tax I.D. No. 82-3738023 | : | |
| ------------------------------------------------------------ x : | | |
| **In re** | : : | **Chapter 11** |
| **PHOENIX SERVICES HOLDINGS CORP.,** | : : | **Case No. 22-[_____] (___)** |
| Debtor. | : : : | |
| Tax I.D. No. 27-2051330 | : | |
| ------------------------------------------------------------ x : | | |
| **In re** | : : | **Chapter 11** |
| **PHOENIX SERVICES INTERNATIONAL LLC,** | : : | |
| Debtor. | : : : | **Case No. 22-[_____] (___)** |
| Tax I.D. No. 20-3054693 | : | |
| ------------------------------------------------------------ x : | | |
| **In re** | : : | **Chapter 11** |
| **METAL SERVICES LLC,** | : | |

|  | : | **Case No. 22-[_____] (___)** |
| **Debtor.** | : |  |
|  | : |  |
| **Tax I.D. No. 20-3058793** | : |  |
| ------------------------------------------------------- x |  |  |
|  | : |  |
| **In re** | : |  |
|  | : | **Chapter 11** |
| **TERRACENTRIC MATERIALS LLC,** | : |  |
|  | : | **Case No. 22-[_____] (___)** |
| **Debtor.** | : |  |
|  | : |  |
| **Tax I.D. No. 81-3350673** | : |  |
| ------------------------------------------------------- x |  |  |
|  | : |  |
| **In re** | : |  |
|  | : | **Chapter 11** |
| **COOL SPRINGS LLC,** | : |  |
|  | : | **Case No. 22-[_____] (___)** |
| **Debtor.** | : |  |
|  | : |  |
| **Tax I.D. No. 46-1208687** | : |  |
| ------------------------------------------------------- x |  |  |
| **In re** | : |  |
|  | : | **Chapter 11** |
| **METAL SERVICES INVESTMENT LLC,** | : |  |
|  | : | **Case No. 22-[_____] (___)** |
| **Debtor.** | : |  |
|  | : |  |
| **Tax I.D. No. 20-2122924** | : |  |
|  | : |  |
| ------------------------------------------------------- x |  |  |
|  | : |  |
| **In re** | : |  |
|  | : | **Chapter 11** |
| **PHOENIX RECEIVABLES, LLC,** | : |  |
|  | : |  |
|  | : | **Case No. 22-[_____] (___)** |
| **Debtor.** | : |  |
|  | : |  |
| **Tax I.D. No. (N/A)** | : |  |
| ------------------------------------------------------- x |  |  |

## MOTION OF DEBTORS PURSUANT TO
## FED R. BANKR. P. 1015(b) FOR ENTRY OF ORDER
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Phoenix Services Topco, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.  On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.  Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Richard in Support of Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof (the "**Richard Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

### Jurisdiction

3.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

RLF1 27986950V.1

4. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

5. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1, the Debtors request entry of an order directing consolidation of their chapter 11 cases for procedural purposes only.

6. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Basis for Relief Requested

7. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Under section 101(2) of the Bankruptcy Code, the term "affiliate" means:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—

4

> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). The Debtors are affiliates of one another because Phoenix Services Topco, LLC owns, either directly or indirectly, 100% of the outstanding equity interests in each of the other Debtors. Accordingly, this Court is authorized to jointly administer these cases for procedural purposes.

8. In addition, Local Rule 1015–1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1. Pursuant to Local Rule 1015-1, the Debtors have filed the Richard Declaration contemporaneously herewith. The joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and parties in interest.

9. Joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the District of Delaware and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative pleadings and papers.

10. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes and

does not seek substantive consolidation. As such, each creditor will continue to hold its claim against a particular Debtor's estate after this Motion is approved.

11. The Debtors respectfully request that these cases be administered under the following caption:

<b>IN THE UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF DELAWARE</b>

```
------------------------------------------------------- x
In re                                                   :    Chapter 11
                                                        :
PHOENIX SERVICES TOPCO, LLC, et al.,                    :    Case No. 22–10906 (     )
                                                        :
                                                        :
              Debtors.¹                                 :    (Jointly Administered)
------------------------------------------------------- x
```

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

12. The Debtors also request that the following notation be entered on the docket in each Debtor's chapter 11 case (other than the chapter 11 case of Phoenix Services Topco, LLC) to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Phoenix Services Topco, LLC, *et al.* The docket in Case No. 22-10906 (     ) should be consulted for all matters affecting this case.

13. The relief requested herein is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases. Accordingly, the Court should authorize the relief requested.

**Notice**

14. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware (Attn: Linda Casey, Esq.); (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott Greenberg, Esq., Steven A. Domanowski, Esq., Matthew Williams, Esq., and Jason Goldstein, Esq.), as counsel to the Ad Hoc Group; (f) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Laura Davis Jones, Esq.), as co-counsel to the Ad Hoc Group; (g) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq. and James Savin, Esq.), as counsel to Apollo Global Management, Inc.; (h) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian Resnick, Esq. and Jonah A. Peppiatt, Esq.), as counsel to the First Lien Agent; and (i) any other party entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**"). Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

15. The Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of this page intentionally left blank*]

RLF1 27986950V.1

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 27, 2022
      Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:   (302) 651-7700

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* pending)
Jeffrey D. Saferstein (*pro hac vice* pending)
Garrett A. Fail (*pro hac vice* pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------- x
:
**In re** :
: **Chapter 11**
**PHOENIX SERVICES TOPCO, LLC,** :
: **Case No. 22-[_____] (___)**
Debtor. :
:
Tax I.D. No. 83-0934517 :
---------------------------------------------------------- x
:
**In re** :
: **Chapter 11**
**PHOENIX SERVICES PARENT, LLC,** :
: **Case No. 22-[_____] (___)**
:
Debtor. :
:
Tax I.D. No. 82-3738023 :
---------------------------------------------------------- x
:
**In re** :
: **Chapter 11**
**PHOENIX SERVICES HOLDINGS CORP.,** :
: **Case No. 22-[_____] (___)**
:
Debtor. :
:
Tax I.D. No. 27-2051330 :
---------------------------------------------------------- x
:
**In re** :
: **Chapter 11**
**PHOENIX SERVICES INTERNATIONAL LLC,** :
: **Case No. 22-[_____] (___)**
:
Debtor. :
:
Tax I.D. No. 20-3054693 :
---------------------------------------------------------- x

```
------------------------------------------------------- x
                                                        :
In re                                                   :
                                                        :   Chapter 11
METAL SERVICES LLC,                                     :
                                                        :   Case No. 22-[_____] (___)
         Debtor.                                        :
                                                        :
Tax I.D. No. 20-3058793                                 :
------------------------------------------------------- x
                                                        :
In re                                                   :
                                                        :   Chapter 11
TERRACENTRIC MATERIALS LLC,                             :
                                                        :   Case No. 22-[_____] (___)
         Debtor.                                        :
                                                        :
Tax I.D. No. 81-3350673                                 :
------------------------------------------------------- x
                                                        :
In re                                                   :
                                                        :   Chapter 11
COOL SPRINGS LLC,                                       :
                                                        :   Case No. 22-[_____] (___)
         Debtor.                                        :
                                                        :
Tax I.D. No. 46-1208687                                 :
------------------------------------------------------- x
                                                        :
In re                                                   :
                                                        :   Chapter 11
METAL SERVICES INVESTMENT LLC,                          :
                                                        :   Case No. 22-[_____] (___)
         Debtor.                                        :
                                                        :
Tax I.D. No. 20-2122924                                 :
------------------------------------------------------- x
                                                        :
In re                                                   :
                                                        :   Chapter 11
PHOENIX RECEIVABLES, LLC,                               :
                                                        :   Case No. 22-[_____] (___)
         Debtor.                                        :
                                                        :
Tax I.D. No. (N/A)                                      :
                                                        :
```

**ORDER PURSUANT TO FED R. BANKR. P. 1015(b)**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion, dated September 27, 2022 (the "**Motion**")[1] of Phoenix Services Topco, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 directing joint administration of their chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Richard Declaration; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 22-10906 (     ).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors, or the Debtors' estates.

4. The caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| **PHOENIX SERVICES TOPCO, LLC,** *et al.*, | : Case No. 22–10906 (     ) |
| | : |
| | : |
| Debtors.[1] | : (Jointly Administered) |

------------------------------------------------------------ x

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

5. A docket entry shall be made in each of the above-captioned cases (other than in the chapter 11 case of Phoenix Services Topco, LLC) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Phoenix Services Topco, LLC, *et al.* The docket in Case No. 22-10906 (     ) should be consulted for all matters affecting this case.

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.