IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re : Chapter 11
:
PHOENIX SERVICES TOPCO, LLC, *et al.*, : Case No. 22–10906 (     )
:
Debtors.[1] : (Joint Administration Requested)
:
------------------------------------------------------------ x

**MOTION OF DEBTORS PURSUANT TO 11 U.S.C. § 105(a) AND § 107(c),
FED. R. BANKR. P. 1007(d), AND LOCAL RULE 1001-1(c) FOR
ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (I) MAINTAIN
AND FILE A CONSOLIDATED LIST OF CREDITORS, (II) FILE
A CONSOLIDATED LIST OF THE DEBTORS' TOP 30 UNSECURED CREDITORS,
(III) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR
INDIVIDUAL CREDITORS, AND (IV) GRANTING RELATED RELIEF**

Phoenix Services Topco, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

1. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

3. Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Richard in Support of Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof (the "**Richard Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

6.  By this Motion, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1001-1(c) the Debtors request authority, but not direction, to (a) file and maintain a single consolidated mailing matrix of creditors in lieu of separate matrices for each Debtor, (b) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, (c) redact certain personally identifiable information—including home addresses—for the Debtors' individual creditors, and (d) granting related relief.

7.  A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should be Granted**

8.  Local Rule 1007-2(a) requires a debtor to file, together with its voluntary petition, a list containing the name and complete address of each creditor (a "**Creditor Matrix**"). Local Rule 2002-1(f)(v) requires each debtor, or its duly retained notice and claims clerk, in jointly administered cases to maintain a separate Creditor Matrix for each debtor entity. Local Rule 1001-1(c), however, permits modification of the Local Rules by the Court "in the interest of justice."

9.  Permitting the Debtors to maintain a consolidated Creditor Matrix (a "**Consolidated Matrix**"), in lieu of filing a separate Creditor Matrix for each Debtor, is warranted. The Debtors presently maintain various lists of the names and addresses of their respective creditors that are entitled to receive notices and other documents in the Debtors' chapter 11 cases. Given the large number of creditors in these chapter 11 cases, this information may be utilized most efficiently by providing parties with notices and other similar documents on a consolidated basis. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings, which would increase administrative costs to the Debtors' estates.

10. Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, and claim amounts of the creditors (excluding insiders) that hold the twenty largest unsecured claims against the debtor ("**Top 20 List**"). This Top 20 List is primarily used by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") to evaluate types and amounts of unsecured claims against a debtor to identify potential candidates to serve on an official unsecured creditors committee pursuant to Bankruptcy Code section 1102.

11. Permitting the Debtors to file a single list of their thirty (30) largest unsecured, non-insider creditors on a consolidated basis (the "**Consolidated Top 30 List**") is warranted. Indeed, the Top 20 Lists of several of the Debtors could overlap, and certain other Debtors may have fewer than twenty identifiable unsecured creditors. Accordingly, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 20 Lists for each individual Debtor could consume an excessive amount of the Debtors' limited time and resources and distract management from operations at the start of the chapter 11 cases. Finally, the Debtors believe the Consolidated Top 30 List will aid the U.S. Trustee in its efforts to communicate with these creditors.

12. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

13. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases,

including the Creditor Matrix, the personally identifiable information—including home addresses—of the Debtors' interest holders and individual creditors—including, among others, the Debtors' current and former employees, contract workers, debtholders, and other creditors—because such information can be used to, among other things, perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking.

14. Courts in this jurisdiction have granted relief similar to the relief requested herein in comparable cases. *See, e.g.*, *In re Enjoy Tech., Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. July 1, 2022) (Docket No. 68) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices, a consolidated list of top 30 creditors and authorizing the debtors to redact certain individual addresses and other personal information); *In re Gold Standard Baking, LLC*, No. 22-10559 (JKS) (Bankr. D. Del. June 23, 2022) (Docket No. 40) (same); *In re MD Helicopters, Inc.*, No. 22-10263 (KBO) (Bankr. D. Del. Apr. 20, 2022) (Docket No. 168) (same); *In Alex & Ani, LLC.*, No. 21-10918 (CTG) (Bankr. D. Del. June 11, 2021) (Docket No. 62) (same); *In re PES Holdings, LLC,* No. 18-10122 (LSS) (Bankr. D. Del. Jan. 23, 2018) (Docket No. 78) (same).[2]

15. Accordingly, the Debtors respectfully request that the Court authorize the Debtors to file the Consolidated Matrix, the Consolidated Top 30 List in lieu of a separate matrix and a separate Top 20 List for each Debtor, redact certain personally identifiable information—including home addresses—for the Debtors' individual creditors, and related relief.

## Notice

16. Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware (Attn: Linda Casey, Esq.); (b) the holders of the thirty (30)

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

largest unsecured claims against the Debtors on a consolidated basis; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott Greenberg, Esq., Steven A. Domanowski, Esq., Matthew Williams, Esq., and Jason Goldstein, Esq.), as counsel to the Ad Hoc Group; (f) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Laura Davis Jones, Esq.), as co-counsel to the Ad Hoc Group; (g) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq. and James Savin, Esq.), as counsel to Apollo Global Management, Inc.; (h) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian Resnick, Esq. and Jonah A. Peppiatt, Esq.), as counsel to the First Lien Agent; and (i) any other party entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

17. The Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of page intentionally left blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 27, 2022
      Wilmington, Delaware

                                        */s/ Zachary I. Shapiro*
                                        RICHARDS, LAYTON & FINGER, P.A.
                                        Daniel J. DeFranceschi (No. 2732)
                                        Zachary I. Shapiro (No. 5103)
                                        Matthew P. Milana (No. 6681)
                                        One Rodney Square
                                        920 North King Street
                                        Wilmington, Delaware 19801
                                        Telephone:    (302) 651-7700

                                        -and-

                                        WEIL, GOTSHAL & MANGES LLP
                                        Ray C. Schrock, P.C. (*pro hac vice* pending)
                                        Jeffrey D. Saferstein (*pro hac vice* pending)
                                        Garrett A. Fail (*pro hac vice* pending)
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone:  (212) 310-8000
                                        Facsimile:  (212) 310-8007

                                        *Proposed Attorneys for Debtors*
                                        *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

RLF1 27986953V.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| PHOENIX SERVICES TOPCO, LLC, *et al.*, | Case No. 22–10906 (     ) |
| Debtors.[1] | (Jointly Administered) |
|  | Re: Docket No. ____ |

**ORDER PURSUANT TO 11 U.S.C. § 105(a) AND § 107(c), FED. R. BANKR. P. 1007(d), AND LOCAL RULE 1001-1(c) AUTHORIZING DEBTORS TO (I) MAINTAIN AND FILE A CONSOLIDATED LIST OF CREDITORS, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' TOP 30 UNSECURED CREDITORS, (III) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated September 27, 2022 (the "**Motion**")[2] of Phoenix Services Topco, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a) and 107(c) of the Bankruptcy Code, Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 1001-1(c) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") authorizing the Debtors to (a) maintain and file a consolidated list of creditors, (b) file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, (c) redact certain personally identifiable information—including home addresses—for the Debtors' individual

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

creditors, and (d) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and upon the Richard Declaration and the record of the hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized, but not directed, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1007(d), and Local Rule 1001-1(c) to file a single, consolidated mailing matrix for all Debtors in lieu of a separate mailing matrix for each Debtor.

3. The Debtors are further authorized, but not directed, to file a single, consolidated list of the Debtors' thirty (30) largest unsecured, non-insider creditors in lieu of a separate list for each Debtor.

RLF1 27986953V.1

4.	The Debtors are authorized, pursuant to section 107(c) of the Bankruptcy Code, to redact the personally identifiable information—including home addresses—of the Debtors' interest holders as well as individuals listed on the Creditor Matrix and any other paper filed or to be filed with the Court in these chapter 11 cases; *provided* that the Debtors shall provide an unredacted version of the Creditor Matrix and any other applicable document to the U.S. Trustee, any trustee or official committee of unsecured creditors subsequently appointed in these chapter 11 cases, the Court, the Debtors' claims and noticing agent, and any party in interest upon reasonable request.  Any party in interest that is not provided with an unredacted version of the applicable document upon request may file a motion with the Court to obtain such document.  Each party receiving an unredacted copy of the Creditor Matrix or any other applicable document shall keep such personally identifiable information confidential unless otherwise required to be disclosed by law or court order.

5.	When serving any notice in these cases on individuals whose personally identifiable information is redacted pursuant to this Order, the Debtors' claims and noticing agent, and, where applicable, the Clerk of the Court and any other party in interest, shall use such individual creditor's or interest holder's home address.

6.	Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service.

7. The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) are hereby permanently waived, *provided, however*, that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its creditor mailing matrix.

8. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.