## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                         :
In re                                    :     Chapter 11
                                         :
PHOENIX SERVICES TOPCO, LLC, et al.,     :     Case No. 22– 10906 (      )
                                         :
           Debtors.1                     :     (Joint Administration Requested)
                                         :
------------------------------------------------------------ x
```

### MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 AND FED. R. BANKR. P. 6003 AND 6004 FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING <u>SERVICE, AND (IV) GRANTING RELATED RELIEF</u>

Phoenix Services Topco, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### <u>Background</u>

1.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

3.      Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Richard in Support of Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof (the "**Richard Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## Jurisdiction

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

6.      By this Motion, pursuant to sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, the Debtors request (i) approval of the Debtors' proposed

2

form of adequate assurance of payment to the Utility Companies (as defined below), (ii) establishment of procedures for resolving objections by the Utility Companies relating to the adequacy of the proposed adequate assurance, (iii) prohibition of the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or outstanding prepetition invoices, and (iv) related relief.

7.     A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **Exhibit A** (the "**Proposed Interim Order**"), and a proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit B** (the "**Proposed Final Order**" and, together with the Proposed Interim Order, the "**Proposed Orders**").

### Debtors' Utilities

A.     **Utility Companies**

8.     In the ordinary course of business, the Debtors incur utility expenses, including on account of information technology, telephone, electricity, natural gas, oil, water, waste management, sewerage disposal, and other utility services (collectively, the "**Utility Services**") from a number of utility companies (collectively, the "**Utility Companies**").[2]   A nonexclusive list of the Utility Companies that provide Utility Services to the Debtors as of the Petition Date is provided on **Schedule 1** annexed hereto (the "**Utility Services List**").

9.     The Utility Companies provide Utility Services to the Debtors' business operations located in Alabama, Arkansas, Illinois, Indiana, Iowa, Kentucky, Ohio, Pennsylvania,

---

[2]   For the avoidance of doubt, the Utility Companies only include those listed on the Utility Services List and served with this Motion and applicable order(s) pursuant to the Adequate Assurance Procedures as approved by this Court.

Virginia, and West Virginia.  The Debtors rely on the Utility Companies to provide necessary support to their employees, vendors, and customers.  Preserving the Utility Services on an uninterrupted basis is essential to the Debtors' ongoing operations, and even a brief alteration or discontinuation of service would likely cause severe disruption to the Debtors' business.  Any such interruption would negatively impact the Debtors' reorganization efforts to the detriment of all parties in interest.  Based on a monthly average for the twelve (12) months prior to the Petition Date, the Debtors estimate that their cost of Utility Services for the next thirty (30) days will be approximately $148,000.

> **B.** **Proposed Adequate Assurance**

10.    The Debtors intend to pay all postpetition obligations owed to the Utility Companies in a timely manner and have sufficient funds to do so.  To provide the Utility Companies with adequate assurance pursuant to section 366 of the Bankruptcy Code, the Debtors propose to deposit cash in an amount equal to two (2) weeks' cost of the Utility Services, calculated using the historical average for such payments during the twelve (12) months prior to the Petition Date (the "**Adequate Assurance Deposit**"), into a segregated account for the benefit of the Utility Companies (the "**Utility Deposit Account**").  For the avoidance of doubt, the Adequate Assurance Deposit does not constitute collateral of the DIP Lenders and the Ad Hoc Group (as defined herein).  As of the Petition Date, the Debtors estimate that the total amount of the Adequate Assurance Deposit will be approximately $60,000.

11.    The Adequate Assurance Deposit will be placed into the Utility Deposit Account within twenty (20) days after the Petition Date and will be held by the Debtors in the Utility Deposit Account for the benefit of the Utility Companies on the Utility Services List during the pendency of these chapter 11 cases.  The Adequate Assurance Deposit may be adjusted by the Debtors if the Debtors terminate any of the Utility Services provided by a Utility Company, make

other arrangements with certain Utility Companies for adequate assurance of payment, determine that an entity listed on the Utility Services List is not a utility company as defined by section 366 of the Bankruptcy Code, or supplement the Utility Services List to include additional Utility Companies.

12.     Subject to the Adequate Assurance Procedures (as defined below), the Debtors further request that (i) the Adequate Assurance Deposit be automatically available to the Debtors, without further Court order, upon the effective date of a chapter 11 plan for the Debtors and (ii) they immediately be permitted to reduce the Adequate Assurance Deposit to reflect the termination of such Utility Company.

13.     The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' ability to pay for future Utility Services in the ordinary course of business (together, the "**Proposed Adequate Assurance**"), constitutes sufficient adequate assurance to the Utility Companies in full satisfaction of section 366 of the Bankruptcy Code.

**C.      Proposed Adequate Assurance Procedures**

14.     Any Utility Company that is not satisfied with the Proposed Adequate Assurance may request additional or different adequate assurance of future payment pursuant to the procedures set forth below (the "**Adequate Assurance Procedures**"):

  a.     The Debtors will serve a copy of this Motion and the applicable order(s) approving this Motion on the Utility Companies on the Utility Services List within two (2) business days after entry of such order(s).

  b.     Subject to entry of the Proposed Interim Order, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount

of $60,000, in the Utility Deposit Account within twenty (20) days after the Petition Date.

c.      The portion of the Adequate Assurance Deposit attributable to each Utility Company will be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases; ***provided that*** there are no outstanding disputes related to postpetition payments due to such affected Utility Companies.

d.      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Garrett Fail, Esq. and F. Gavin Andrews, Esq.), and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Zachary I. Shapiro (shapiro@rlf.com) and Matthew P. Milana (milana@rlf.com)), (ii) counsel to the DIP Lenders and the Ad Hoc Group,[3] (a) Gibson,

---

[3]    "Ad Hoc Group" shall have the meaning ascribed to it in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief.*

Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott Greenberg, Esq., Steven A. Domanowski, Esq., Matthew Williams, Esq., and Jason Goldstein, Esq.), and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Laura Davis Jones, Esq.), (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Casey, Esq.), and (iv) counsel for any official committee of unsecured creditors appointed in these chapter 11 cases.

e. The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (iii) explain why the Utility Company believes the Adequate Assurance Deposit is not adequate assurance of payment, and (iv) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Company to the Debtors, calculated as a historical average over the twelve (12)-month period preceding the Petition Date.

f. An Additional Assurance Request may be made at any time.  If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from

discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of the commencement of the chapter 11 cases, any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

h.      The Debtors may, without further order from the Court, but with the consent of the Ad Hoc Group, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, with the consent of the Ad Hoc Group, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

i.      If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code, unless the

Debtors and the Utility Company agree in writing to extend such period.

j.    Pending resolution of the Determination Hearing, the Utility Company making such Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

**D.    Subsequent Modifications of Utility Services List**

15.    Although the Debtors have made an extensive and good faith effort to identify all of the Utility Companies and include them on the Utility Services List, certain Utility Companies may not be listed therein. To the extent the Debtors identify additional Utility Companies, the Debtors, with the consent of the Ad Hoc Group, shall promptly (i) file a supplement to the Utility Services List adding the name(s) of any newly identified Utility Company and (ii) serve copies of the Motion and the interim order or final order approving the relief sought herein, as applicable, on any newly identified Utility Company. In addition, the Debtors, with the consent of the Ad Hoc Group, will increase the amount of the Adequate Assurance Deposit to account for any newly identified Utility Companies.

### Relief Requested Should be Granted

16.    The relief requested in this Motion will ensure the continuation of the Debtors' business at this critical juncture as they transition into chapter 11. The relief requested also provides the Utility Companies with a fair and orderly procedure for determining requests for additional adequate assurance, without which the Debtors could be forced to address multiple requests by Utility Companies in a disorganized manner when the Debtors' efforts should be more

productively focused on continuing to operate and restructure their businesses for the benefit of all parties in interest.

## A.    Proposed Adequate Assurance Is Sufficient

17.    Section 366 of the Bankruptcy Code is designed to serve the dual purposes of protecting a debtor from being cut off from utility services and providing utility companies with "adequate assurance" that the debtor will be able to pay for postpetition services.  *See* H.R. Rep. No. 95-595, at 350 (1978), *as reprinted in* 1978 U.S.C.C.A.N 5963, 6306.  To that end, pursuant to section 366(c) of the Bankruptcy Code, during the first thirty (30) days of a chapter 11 case, a utility company may not alter, refuse, or discontinue service to, or discriminate against, a debtor solely on the basis of the commencement of a chapter 11 case or unpaid prepetition amounts, but after the first thirty (30) days, however, a utility company may alter, refuse, or discontinue service if a debtor does not provide adequate assurance of payment for postpetition utility services in satisfactory form.

18.    Section 366(c)(1)(A) of the Bankruptcy Code defines "assurance of payment" to mean several enumerated forms of security (*e.g.*, a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or other mutually agreed upon security), while section 366(c)(1)(B) expressly excludes from such definition an administrative expense priority for a utility's claim.  In addition, section 366(c)(3)(B) of the Bankruptcy Code provides a list of factors that courts are *not* to consider when evaluating whether a proposed adequate assurance payment is in fact adequate.  These factors include (i) the absence of security before the petition date, (ii) the debtor's history of timely payments, and (iii) the availability of an administrative expense priority.

19.    Although section 366(c) of the Bankruptcy Code clarifies what does and does not constitute "assurance of payment" and what can be considered in determining whether

such assurance is adequate, Congress, in enacting such section, did not divest this Court of its power to determine what amount, if any, is necessary to provide adequate assurance of payment to a Utility Company.  *See* 11 U.S.C. § 366(c).  Specifically, section 366(c)(3)(A) states that "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment[.]"  11 U.S.C. § 366(c)(3)(A).  Thus, there is nothing to prevent a court from deciding, on the facts of the case before it, that the amount required of a debtor to provide adequate assurance of payment to a utility company should be nominal or even zero.  *See, e.g.*, *In re Pac-West Telecomm, Inc.*, No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007) [D.I. 39] (approving adequate assurance in the form of one-time supplemental prepayment to each utility company equal to prorated amount of one week's charges).  Prior to the enactment of section 366(c), courts frequently made such rulings pursuant to section 366(b).  *See Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that 'other security' should be interpreted narrowly, we agree with the appellees that a bankruptcy court's authority to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the power to require no 'deposit or other security' where none is necessary to provide a utility supplier with 'adequate assurance of payment.'") (citation omitted).

20.     Although section 366(c)(2) of the Bankruptcy Code allows a utility to take action if the debtor fails to provide adequate assurance of payment that is "satisfactory" to the utility, the bankruptcy court is the ultimate arbiter of what is "satisfactory" assurance after taking into consideration the relationship between the debtor and the utility.  *See, e.g.*, *In re Penn. Cent. Transp. Co.*, 467 F.2d 100, 103–04 (3d Cir. 1972) (affirming the bankruptcy court's decision that no utility deposit was necessary where such deposits would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already [were] reasonably

protected"); *see Heard v. City Water Bd. (In re Heard)*, 84 B.R. 454, 459 (Bankr. W.D. Tex. 1987) (holding that because the utility had not had any difficulty with the debtors during 14 years of service, "the utility need[ed] no adequate assurance.").  Indeed, section 366 of the Bankruptcy Code only requires that assurance of payment be "adequate," and courts construing section 366(b) have long recognized that adequate assurance of payment does not constitute an absolute guarantee of the debtor's ability to pay.  *See, e.g.*, *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997) ("Section 366(b) requires the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with 'adequate assurance' of payment.  The statute does not require an 'absolute guarantee of payment.'") (citation omitted); *In re New Rochelle Tel. Corp.*, 397 B.R. 633, 639 (Bankr. E.D.N.Y. 2008) ("Adequate assurance, however, is not a guarantee of payment; rather, it is intended to guard against the utility assuming an unreasonable risk of non-payment.").

21.    Here, the Utility Companies are adequately assured against any risk of nonpayment for future services.  The Debtors generally have a good historical payment record with the Utility Companies.  To the best of the Debtors' knowledge, there are no material defaults or arrearages of any significance for the Debtors' undisputed invoices for prepetition Utility Services, other than payment interruptions that may be caused by the commencement of these chapter 11 cases.  Accordingly, the Adequate Assurance Deposit and the Debtors' ongoing ability to meet obligations as they come due in the ordinary course provide assurance of the Debtors' payment of their future obligations to the Utility Companies.  Moreover, termination of the Utility Services could result in the Debtors' inability to operate their businesses to the detriment of all stakeholders.  *See In re Pilgrim's Pride Corp.*, No. 08-45664 (DML), 2009 WL 7313309, at *2 (Bankr. N.D. Tex. Jan 4, 2009) ("The consequences of an unexpected termination of utility service

to [the debtors] could be catastrophic."); *In re Monroe Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was intended to limit the leverage held by utility companies, not increase it.").

**B.      Adequate Assurance Procedures are Reasonable and Appropriate**

22.      If a Utility Company does not believe the Proposed Adequate Assurance is "satisfactory," such Utility Company may file an objection or submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures described above.  The proposed Adequate Assurance Procedures are reasonable because they will ensure that the Utility Services continue while providing a streamlined process for Utility Companies to challenge the adequacy of the Proposed Adequate Assurance or seek an alternative form of adequate assurance.  The Court has the power to approve these Adequate Assurance Procedures pursuant to section 105(a) of the Bankruptcy Code, which provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  Adequate Assurance Procedures are necessary and appropriate to carry out the provisions of the Bankruptcy Code, particularly section 366.

23.      For the foregoing reasons, the Proposed Adequate Assurance and the Adequate Assurance Procedures are necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases.  Accordingly, the Court should grant the relief requested herein.

**Bankruptcy Rule 6003(b) Has Been Satisfied**

24.      Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a

motion to pay all or part of a claim that arose before the filing of the petition" prior to 21 days after the Petition Date. Fed. R. Bankr. P. 6003(b). As explained above and in the Richard Declaration, the Debtors would suffer immediate and irreparable harm if the relief sought herein is not promptly granted. Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### Request for Bankruptcy Rule 6004(a) and (h) Waivers

25.    To implement the foregoing successfully, the Debtors seek waivers of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As explained above and in the Richard Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

### Reservation of Rights

26.    Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors or any liens satisfied pursuant to this Motion, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, or (v) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## Notice

27.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware (Attn: Linda Casey, Esq.); (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott Greenberg, Esq., Steven A. Domanowski, Esq., Matthew Williams, Esq., and Jason Goldstein, Esq.), as counsel to the DIP Lenders and the Ad Hoc Group; (f) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Laura Davis Jones, Esq.), as co-counsel to the DIP Lenders and the Ad Hoc Group (together with Gibson, Dunn & Crutcher LLP, the "**Ad Hoc Group Advisors**"); (g) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq. and James Savin, Esq.), as counsel to Apollo Global Management, Inc.; (h) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian Resnick, Esq. and Jonah A. Peppiatt, Esq.), as counsel to the First Lien Agent; (i) the Utility Companies, and (j) any other party entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

28.     The Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

*[Remainder of this page intentionally left blank]*

RLF1 27986952v.1

WHEREFORE the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 27, 2022
      Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* pending)
Jeffrey D. Saferstein (*pro hac vice* pending)
Garrett A. Fail (*pro hac vice* pending)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                          :

**In re**                             :       **Chapter 11**
                          :

**PHOENIX SERVICES TOPCO, LLC,** *et al.*,  :      **Case No. 22– 10906 (    )**
                          :

           **Debtors.**[1]                :       **(Jointly Administered)**
                          :

---------------------------------------------------------- x      Re: Docket No. ____

## INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 AND FED. R. BANKR. P. 6003 AND 6004 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Upon the motion, dated September 27, 2022 (the "**Motion**")[2] of Phoenix Services TopCo, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of interim and final orders pursuant to sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies, (ii) establishing procedures for resolving objections by the Utility Companies relating to the adequacy of the proposed adequate assurance, (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases or outstanding prepetition invoices, and (iv) granting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion; and upon the Richard Declaration and the record of the hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The Proposed Adequate Assurance shall constitute adequate assurance of future payment, for the Utility Companies with notice of the Motion and this Interim Order, as required by section 366 of the Bankruptcy Code.

3.      The Debtors shall deposit the Adequate Assurance Deposit in the amount of $60,000 in a segregated account for the benefit of the Utility Companies within twenty (20) days after the Petition Date.

4.      All Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance.

5.      The following Adequate Assurance Procedures are hereby approved:

a.      The Debtors shall serve a copy of the Motion and this Interim Order on the Utility Companies on the Utility Services List within two (2) business days after entry of this Interim Order.

b.      The Debtors shall deposit the Adequate Assurance Deposit, in the aggregate amount of $60,000, in the Utility Deposit Account within twenty (20) days after the Petition Date.

c.      The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases; *provided that* there are no outstanding disputes related to postpetition payments due to such affected Utility Companies.

d.      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Garrett Fail, Esq. and F. Gavin Andrews, Esq.) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Zachary I. Shapiro (shapiro@rlf.com) and Matthew P. Milana (milana@rlf.com)), (ii) counsel to the DIP Lenders and the Ad Hoc Group, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott Greenberg, Esq., Steven A. Domanowski, Esq., Matthew Williams, Esq., and Jason Goldstein, Esq.), and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Laura Davis Jones, Esq.), (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Casey, Esq.), and (iv) counsel for any official committee of unsecured creditors appointed in these chapter 11 cases.

e.      The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (iii) explain why the Utility

Company believes the Adequate Assurance Deposit is not adequate assurance of payment, and (iv) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Company to the Debtors, calculated as a historical average over the twelve (12)-month period preceding the Petition Date.

f.    An Additional Assurance Request may be made at any time.  If a Utility Company does not serve an Additional Assurance Request, the Utility Company shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of the commencement of the chapter 11 cases, any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.    Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

h.    The Debtors may, without further order from the Court, but with the consent of the Ad Hoc Group, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, with the consent of the Ad Hoc Group, provide a Utility Company with

5

additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

i.  If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors shall request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code, unless the Debtors and the Utility Company agree in writing to extend such period.

j.  Pending resolution of the Determination Hearing, the Utility Company making such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6.  The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.  The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is

not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8.      The Debtors are authorized, with the consent of the Ad Hoc Group, to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Interim Order shall apply to any such Utility Company that is added to the Utility Services List.  To the extent the Debtors identify additional Utility Companies, the Debtors shall promptly (i) file a supplement to the Utility Services List adding the name(s) of any newly identified Utility Company and (ii) serve a copy of the Motion and this Interim Order upon any Utility Company added to the Utility Services List. This Interim Order is only applicable to the additional Utility Companies to the Utility Services List upon such service of the Motion and this Interim Order.

9.      The Debtors, with the consent of the Ad Hoc Group, shall increase the amount of the Adequate Assurance Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve (12) months prior to the Petition Date.  If the Debtors increase any Adequate Assurance Deposit amounts, the Debtors shall provide notice of such increase to (i) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Casey, Esq.), (ii) counsel for any official committee of unsecured creditors appointed in these chapter 11 cases, and (iii) the Ad Hoc Group Advisors.

10.     Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved

hereunder, shall be subject in all respects to any interim and final order(s) of this Court granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "**DIP Order**"), including, without limitation, the Approved DIP Budget (as defined in the DIP Order).

11.     Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors or any lien satisfied pursuant to this Motion, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (vi) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

12.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

13.     Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

14.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

RLF1 27986952V.1

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

17.     The final hearing to consider the relief requested in the Motion shall be held on **_____, 2022, at _____** (Prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served on or prior to **_____, 2022 at 4:00 p.m.** (Prevailing Eastern Time).

9

**<u>Exhibit B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re                                                   :     Chapter 11
                                                        :
PHOENIX SERVICES TOPCO, LLC, et al.,                    :     Case No. 22– 10906 (      )
                                                        :
        Debtors.¹                                       :     (Jointly Administered)
                                                        :
------------------------------------------------------- x     Re: Docket No. ____
```

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 AND FED. R. BANKR.
P. 6003 AND 6004 (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE
ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING
PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES,
(III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING,
OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated September 27, 2022 (the "**Motion**")² of Phoenix Services

TopCo, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and

debtors in possession (collectively, the "**Debtors**"), for entry of interim and final orders pursuant

to sections 105(a) and 366 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004

(i) approving the Debtors' proposed form of adequate assurance of payment to the Utility

Companies, (ii) establishing procedures for resolving objections by the Utility Companies relating

to the adequacy of the proposed adequate assurance, (iii) prohibiting the Utility Companies from

altering, refusing, or discontinuing service to, or discriminating against, the Debtors on account of

the commencement of these chapter 11 cases or outstanding prepetition invoices, and (iv) granting

---

¹   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
    number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services
    Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric
    Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix
    Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100
    Matsonford Road, Radnor, Pennsylvania 19087.

²   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
    Motion.

related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held an interim hearing and a final hearing, if any, to consider the relief requested in the Motion; and this Court having granted interim relief on the Motion (Docket No. [●]); and upon the Richard Declaration and the record of the hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on a final basis to the extent set forth herein.

2. The Proposed Adequate Assurance shall constitute adequate assurance of future payment, for the Utility Companies with notice of the Motion and this Final Order, as required by section 366 of the Bankruptcy Code.

3.      The Debtors shall deposit the Adequate Assurance Deposit in the amount of $60,000 in a segregated account for the benefit of the Utility Companies within twenty (20) days after the Petition Date.

4.      All Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance.

5.      The following Adequate Assurance Procedures are hereby approved:

a.      The Debtors shall serve a copy of the Motion and this Final Order on the Utility Companies on the Utility Services List within two (2) business days after entry of this Final Order.

b.      The Debtors shall deposit the Adequate Assurance Deposit, in the aggregate amount of $60,000, in the Utility Deposit Account within twenty (20) days after the Petition Date.

c.      The portion of the Adequate Assurance Deposit attributable to each Utility Company shall be returned to the Debtors on the earlier of (i) reconciliation and payment by Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company and (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases; ***provided that*** there are no outstanding disputes related to postpetition payments due to such affected Utility Companies.

d.      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "**Additional Assurance Request**") on the following parties: (i) proposed counsel to the Debtors, (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153 (Attn: Garrett Fail, Esq. and F. Gavin Andrews, Esq.) and (b) Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801 (Zachary I. Shapiro (shapiro@rlf.com) and Matthew P. Milana (milana@rlf.com)), (ii) counsel to the DIP Lenders and the Ad Hoc Group, (a) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott Greenberg, Esq., Steven A. Domanowski, Esq., Matthew Williams, Esq., and Jason Goldstein, Esq.), and (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899 (Attn: Laura Davis Jones, Esq.), (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Casey, Esq.), and (iv) counsel for any official committee of unsecured creditors appointed in these chapter 11 cases.

e.      The Additional Assurance Request must (i) be made in writing, (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for such location(s), and the outstanding balance for each such account, (iii) explain why the Utility

5

Company believes the Adequate Assurance Deposit is not adequate assurance of payment, and (iv) certify the amount that is equal to two weeks of the Utility Services provided by the Utility Company to the Debtors, calculated as a historical average over the twelve (12)-month period preceding the Petition Date.

f.    An Additional Assurance Request may be made at any time.  If a Utility Company does not serve an Additional Assurance Request, the Utility Company shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of the commencement of these chapter 11 cases, any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.    Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall negotiate with such Utility Company to resolve such Utility Company's Additional Assurance Request.

h.    The Debtors may, without further order from the Court, but with the consent of the Ad Hoc Group, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, with the consent of the Ad Hoc Group, provide a Utility Company with

6

additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

i.  If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors shall request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurances of payment with respect to a particular Utility Company (the "**Determination Hearing**") pursuant to section 366(c)(3) of the Bankruptcy Code, unless the Debtors and the Utility Company agree in writing to extend such period.

j.  Pending resolution of the Determination Hearing, the Utility Company making such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6.    The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.    The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is

not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8.      The Debtors are authorized, with the consent of the Ad Hoc Group, to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this Final Order shall apply to any such Utility Company that is added to the Utility Services List.  To the extent the Debtors identify additional Utility Companies, the Debtors shall promptly (i) file a supplement to the Utility Services List adding the name(s) of any newly identified Utility Company and (ii) serve a copy of the Motion and this Final Order upon any Utility Company added to the Utility Services List.  This Final Order is only applicable to the additional Utility Companies to the Utility Services List upon such service of the Motion and this Final Order.

9.      The Debtors, with the consent of the Ad Hoc Group, shall increase the amount of the Adequate Assurance Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to two weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve (12) months prior to the Petition Date.  If the Debtors increase any Adequate Assurance Deposit amounts, the Debtors shall provide notice of such increase to (i) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: Linda Casey, Esq.), (ii) counsel for any official committee of unsecured creditors appointed in these chapter 11 cases, and (iii) the Ad Hoc Group Advisors.

10.     Notwithstanding anything in the Motion or this Final Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder,

shall be subject in all respects to any interim and final order(s) of this Court granting the *Debtors'*
*Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain*
*Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority*
*Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the*
*Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "**DIP**
**Order**"), including, without limitation, the Approved DIP Budget (as defined in the DIP Order).

11. Nothing contained in the Motion or this Final Order or any payment made
pursuant to the authority granted by this Final Order is intended to be or shall be construed as (i) an
admission as to the validity of any claim against the Debtors or any lien satisfied pursuant to this
Motion, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of
action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any
appropriate party in interest's rights to dispute any claim, (v) a waiver of the Debtors' or any other
party in interest's rights under the Bankruptcy Code or any other applicable law, or (vi) an
approval, assumption, or rejection of any agreement, contract, program, policy, or lease under
section 365 of the Bankruptcy Code.

12. Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

13. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final
Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary or appropriate to
carry out the relief granted in this Final Order.

15. This Court shall retain jurisdiction to hear and determine all matters arising
from or related to the implementation, interpretation, or enforcement of this Final Order.

## **Schedule 1**

**Utility Services List**

| Utility Company | Address | Description of Utility Service | Account/ Reference Number(s) | Average Monthly Expense | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| American Electric Power PO Box 371496 Pittsburgh, PA  152507496 | 700 Township Road 167A, Mingo Junction, OH 43938 | Electric | MAIN: 074-272-458-0-3 DRYER: 073-771-582-0-4 BALLMILL: 079-665-993-0-5 | $763 | $352 |
| AT&T Internet/ Business Services P.O. Box 5019 CAROL STREAM, IL 60197 | 13500 South Perry Avenue, Riverdale, IL 60827 | Internet/Landlines | 110954571 | $208 | $96 |
| AT&T Internet/ Business Services P.O. Box 5019 CAROL STREAM, IL 60197 | 3001 Dickey Road, East Chicago, IN 46312 | Internet | 8310011875802 | $1,310 | $605 |
| AT&T Internet/ Business Services P.O. Box 5019 CAROL STREAM, IL 60197 | 3002 Dickey Road, East Chicago, IN 46312 | Landlines | 219 397-0650 636 3 | $2,027 | $935 |
| AT&T Internet/ Business Services P.O. Box 5019 CAROL STREAM, IL 60197 | 3236 Watling Street, East Chicago, IN 46312 | Internet | 8310001639333 | $690 | $319 |
| AT&T Internet/ Business Services P.O. Box 5019 CAROL STREAM, IL 60197 | 5355 N County Rd 919, Bytheville, AR 72315 | Internet/Cable | 831-001-0857 360 | $178 | $82 |

RLF1 27986952V.1

| | | | | | |
|---|---|---|---|---|---|
| AT&T Mobility<br>P.O. Box 6463<br>Carol Stream, IL  60197 | 800 Industrial Park Drive,<br>Calvert, AL 36513 | Cellular Phones /<br>Landlines | 287245227431 | $1,000 | $462 |
| AT&T<br>PO Box 5019<br>Carol Stream, IL  60197 | Various | Internet/Cable/<br>Landlines/Phones | Various | $10,773 | $4,972 |
| AT&T<br>PO Box 5019<br>Carol Stream, IL  60197 | 7301 East County Rd 142,<br>Bytheville, AR 72315 | Internet/Landlines | 831-001-0344 | $768 | $354 |
| AT&T<br>PO Box 5019<br>Carol Stream, IL  60197 | 5355 N County Rd 919,<br>Bytheville, AR 72315 | Internet/Cable | 831-001-0857 360 | $99 | $46 |
| Carroll County Water District<br>#1<br>205 Main Cross<br>Ghent, KY  41045 | PO Box 97, Carrollton, KY<br>41008 | Water | 109855 | $231 | $107 |
| Carrollton Utilities<br>PO Box 269<br>Carrollton, KY  41008 | PO Box 97, Carrollton, KY<br>41008 | Heating Oil, Natural<br>Gas | 1900010.00 97 | $1,069 | $494 |
| Charter Communications<br>Operating<br>PO Box 6030<br>Carol Stream, IL  60197 | 6870 Hwy 42 E, Ghent, KY<br>41045 | Internet | 8363 21 389 0005302 | $1,736 | $801 |
| Charter Communications<br>Operating<br>PO Box 6030<br>Carol Stream, IL  60197 | PO Box 97, Carrollton, KY<br>41008 | Internet | 8363 21 389 0005294 | $1,226 | $566 |
| Comcast Cable<br>PO Box 70219<br>Philadelphia, PA<br>191760219 | 900 Pennsylvania Ave,<br>Weirton, WV 26062 | Internet | 8993212500352600 | $262 | $121 |

2

| | | | | | |
|---|---|---|---|---|---|
| Cox Communications Roanoke PO Box 771908 Detroit, MI 482771908 | 3430 Breckinridge Ave. NW, Roanoke, VA 24017 | Internet | 0015310004542601 | $276 | $127 |
| Eastern Iowa Light & Power Cooperat PO Box 3003 WILTON, IA 52778 | 1500 West 3rd Street, Wilton, IA 52778 | Electric | 21125104 | $328 | $151 |
| Frontier Communications Corp P.O.Box 740407 Cincinnati, OH 45274 | 250 W. US Highway 12, Burns Harbor, IN 46368 | Internet/Landlines | Internet = 219-197-0146-010416-5 Landline = 219-787-0041-083012-5 Landline 189-1303-041913-5 | $1,572 | $726 |
| Frontier Communications Corp P.O.Box 740407 Cincinnati, OH 45274 | 912 Cheney Ave, Marion, OH 43302 | Landlines | 740-375-4098-021715-5 | $102 | $47 |
| Got A Go Rentals & Septic 11690 Banklick Rd Walton, KY 41094 | PO Box 97, Carrollton, KY 41008 | Sewer | PO Box 97, Carrollton, KY 41008 | $436 | $201 |
| Greenway OIl & Gas Co., Inc. PO Box 127 Newport, AR 72112 | 5355 N County Rd 919, Bytheville, AR 72315 | Heating Oil, Natural Gas | 57290010 | $3,288 | $1,517 |
| Hedge's Inc. 1705 Nth 8th Ave PARAGOULD, AR 72450 | 7301 East County Rd 142, Bytheville, AR 72315 | Sewer | 317 | $1,383 | $638 |
| Hedge's Inc. 1705 Nth 8th Ave PARAGOULD, AR 72450 | 5355 N County Rd 919, Bytheville, AR 72315 | Sewer | 18942 | $64 | $29 |
| HHH Sanitation, Inc. PO Box 170636 Birmingham, AL 35217 | 13500 South Perry Avenue, Riverdale, IL 60827 | Sewer | 13500 South Perry Avenue, Riverdale, IL 60827 | $958 | $442 |

| | | | | | |
|---|---|---|---|---|---|
| Indiana American Water<br>PO Box 6029<br>Carol Stream, IL<br>601976029 | 250 W. US Highway 12,<br>Burns Harbor, IN 46368 | Water | Port Office = 1010-<br>210004172049 | $15 | $7 |
| Integrated Communications,<br>Inc.<br>P.O. Box 341886<br>Memphis, TN  38184 | 5355 N County Rd 919,<br>Bytheville, AR 72315 | Internet/Cable | 12180 | $663 | $306 |
| Marck Recycling & Waste of<br>NEA<br>6734 Hwy 141 N<br>Jonesboro, AR  72401 | 5355 N County Rd 919,<br>Bytheville, AR 72315 | Waste Management | 695738 | $757 | $350 |
| MCI/WiltonP.O. Box<br>15043Albany, NY<br>122125043 | 1500 West 3rd Street,<br>Wilton, IA 52778 | Landlines | 8693305989 | $55 | $25 |
| Mississippi County Electric<br>Coopera<br>PO Box 7<br>BLYTHEVILLE, AR<br>723160007 | 7301 East County Rd 142,<br>Bytheville, AR 72315 | Electric | Acct (1) = 2073001 &<br>Acct (2) = 23335600 | $12,994 | $5,997 |
| Mississippi County Electric<br>Coopera<br>PO Box 7<br>BLYTHEVILLE, AR<br>723160007 | 5355 N County Rd 919,<br>Bytheville, AR 72315 | Electric | Acct (1) = 665902,<br>Acct (2) = 2040001, &<br>Acct (3) = 2071401 | $10,297 | $4,752 |
| Monongahela Power Company<br>Remittance and Processing<br>76 South Main Street<br>Akron, OH  44308 | 900 Pennsylvania Ave,<br>Weirton, WV 26062 | Electric | 110120309197 | $2,371 | $1,094 |
| MPW Industrial Services, Inc.<br>1300 Payshere Circle<br>Chicago, IL  60674 | PO Box 97, Carrollton, KY<br>41008 | Waste Management | 137436 | $435 | $201 |

RLF1 27986952V.1

| | | | | | |
|---|---|---|---|---|---|
| N.E.T. Systems, Inc.<br>PO Box 525<br>BLYTHEVILLE, AR 72316 | 5355 N County Rd 919, Bytheville, AR 72315 | Internet/Cable | 2423 | $454 | $209 |
| Nipsco<br>P.O. Box 13007<br>Merrillville, IN 46411 | 250 W. US Highway 12, Burns Harbor, IN 46368 | Electric | Port Office = 398-956-000-3 | $456 | $211 |
| NortheastMississippi Cty Water<br>PO Box 151<br>Blytheville, AR 72315 | 5355 N County Rd 919, Bytheville, AR 72315 | Water | 251/408/815 | $4,963 | $2,290 |
| Ohio Edison<br>P.O. Box 3687<br>AKRON, OH 443093687 | 912 Cheney Ave, Marion, OH 43302 | Electric | 110090723914 | $1,085 | $501 |
| Ohio Valley Septic<br>190 Valley View Drive<br>WELLSBURG, WV 26070 | 900 Pennsylvania Ave, Weirton, WV 26062 | Sewer | 900 Pennsylvania Ave, Weirton, WV 26062 | $604 | $279 |
| Ohio Valley Septic<br>190 Valley View Drive<br>WELLSBURG, WV 26070 | 700 Township Road 167A, Mingo Junction, OH 43938 | Sewer | 700 Township Road 167A, Mingo Junction, OH 43938 | $385 | $178 |
| Owen Electric<br>P.O. Box 400<br>Owenton, KY 40359 | PO Box 97, Carrollton, KY 41008 | Electric | 440465001 through 440465016 | $10,596 | $4,890 |
| Republic Services #715<br>Po Box 9001099<br>LOUISVILLE, KY 40290 | 250 W. US Highway 12, Burns Harbor, IN 46368 | Waste Management | BH Site = 0715-004019258        Port Office = 0715-004020735 | $4,737 | $2,186 |
| Republic Services of KY LLC<br>P.O. Box 9001099<br>Louisville, KY 40290 | 6870 Hwy 42 E, Ghent, KY 41045 | Waste Management | 3-0758-1022846 | $3,943 | $1,820 |
| Republic Services of KY LLC<br>P.O. Box 9001099<br>Louisville, KY 40290 | PO Box 97, Carrollton, KY 41008 | Waste Management | 3-0758-10387558 | $604 | $279 |

5

| | | | | | |
|---|---|---|---|---|---|
| Republic Services<br>865 Wheeler St<br>Crown Point, IN  46307 | 1 North Buchanan Street, East Landfill, Gary, IN 46401 | Waste Management | 3-0715-0046890 | $110 | $51 |
| River Valley Cooperative<br>3478A Hwy. 927<br>DURANT, IA  52747 | 1500 West 3rd Street, Wilton, IA 52778 | Heating Oil | 242152 | $509 | $235 |
| SDI Electric<br>Steel Dynamics Inc-<br>Roanoke<br>P.O. Box 532068<br>ATLANTA, GA  30353 | 3430 Breckinridge Ave. NW, Roanoke, VA 24017 | Electric | 007000-000 | $814 | $376 |
| Service Sanitation, Inc<br>135 Blaine Street<br>GARY, IN  46406 | 3001 Dickey Road, East Chicago, IN 46312 | Sewer | Main Account 50-81145 0        Sub Account 50-107005 Sub Account 50-46024 | $890 | $411 |
| Service Sanitation, Inc<br>135 Blaine Street<br>GARY, IN  46406 | 3236 Watling Street, East Chicago, IN 46312 | Sewer | 50-45864 1 | $1,290 | $595 |
| Service Sanitation, Inc<br>135 Blaine Street<br>GARY, IN  46406 | 1 North Buchanan Street, East Landfill, Gary, IN 46401 | Water | 50-106911 6<br>50-106912 4 | $941 | $434 |
| Service Sanitation, Inc<br>135 Blaine Street<br>GARY, IN  46406 | 250 W. US Highway 12, Burns Harbor, IN 46368 | Sewer | Main Account 50-73387 8<br>Sub Account 50-145816 | $1,262 | $583 |
| Time Warner Cable<br>P.O. Box 0916<br>Carol Stream, IL  60132 | 912 Cheney Ave, Marion, OH 43302 | Internet | 8362201250331900 | $145 | $67 |
| T Mobile<br>P.O. Box 660252<br>DALLAS, TX  752660252 | Various | Phones | Various | $1,692 | $781 |

RLF1 27986952V.1

| | | | | | |
|---|---|---|---|---|---|
| Tyler Mountain Water Co., Inc.<br>PO Box 849<br>NITRO, WV 25143 | PO Box 97, Carrollton, KY 41008 | Water | 503403 | $158 | $73 |
| Verizon<br>PO Box 16810<br>Newark, NJ 07101 | Various | Phones | Various | $15,706 | $7,249 |
| Vonage Business<br>PO Box 392415<br>Pittsburgh, PA 15251-9415 | Various | Landlines | 273885 | $6,294 | $2,905 |
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA 303740023 | 3430 Breckinridge Ave. NW, Roanoke, VA 24017 | Waste Management | PHX000003 | $362 | $167 |
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA 303740023 | 13500 South Perry Avenue, Riverdale, IL 60827 | Waste Management | PHX000004 | $165 | $76 |
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA 303740023 | 700 Township Road 167A, Mingo Junction, OH 43938 | Waste Management | PHX000012 | $87 | $40 |
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA 303740023 | 3001 Dickey Road, East Chicago, IN 46312 | Waste Management | PHX000013 | $1,228 | $567 |
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA 303740023 | 250 W. US Highway 12, Burns Harbor, IN 46368 | Waste Management | PHX000POI | $45 | $21 |
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA 303740023 | 912 Cheney Ave, Marion, OH 43302 | Waste Management | PHX000027 | $78 | $36 |

7

| | | | | | |
|---|---|---|---|---|---|
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA  303740023 | 7301 East County Rd 142, Bytheville, AR 72315 | Waste Management | PHX000028 | $904 | $417 |
| Waste Management Natl Services, Inc<br>PO Box 740023<br>Atlanta, GA  303740023 | PO Box 97, Carrollton, KY 41008 | Waste Management | PHX000030 | $1,517 | $700 |
| Waste Management of Virginia<br>PO Box 13648<br>Philadelphia, PA  19101 | 25805 Hofheimer Way,  Petersburg, VA 23803 | Waste Management | Small Trash: 24-43713-53007  Open Top: 24-56000-33006 | $1,843 | $851 |
| Water Transport<br>100 Sammi Drive<br>Hopedale, OH  43976 | 900 Pennsylvania Ave, Weirton, WV 26062 | Water | 006770 | $88 | $41 |
| Water Transport<br>100 Sammi Drive<br>Hopedale, OH  43976 | 700 Township Road 167A, Mingo Junction, OH 43938 | Water | 007166 | $367 | $169 |
| Weirton Ice & Coal Division of Starvaggi Industries Inc.<br>401 Pennsylvania Avenue<br>WEIRTON, WV  26062 | 900 Pennsylvania Ave, Weirton, WV 26062 | Water | 1 3122 | $181 | $83 |
| Western Virginia Water Authority<br>601 S Jefferson St<br>Suite 100<br>Roanoke, VA  24011 | 3430 Breckinridge Ave. NW, Roanoke, VA 24017 | Water | 139433-535553 | $3,631 | $1,676 |
| Windstream Corporation<br>PO Box 9001950<br>LOUISVILLE, KY 402901950 | 800 Industrial Park Drive, Calvert, AL 36513 | Electric | 7019217 | $3,313 | $1,529 |

RLF1 27986952V.1

| WTC Communications P.O. Box 970 810 West Fifth Street WILTON, IA  52778 | 1500 West 3rd Street, Wilton, IA 52778 | Internet/Landlines | 418002292 | $218 | $101 |
|---|---|---|---|---|---|

9