## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
**In re** : **Chapter 11**
: 
**PHOENIX SERVICES TOPCO, LLC, *et al.*,** : **Case No. 22–10906 (       )**
: 
Debtors.[1] : **(Joint Administration Requested)**
: 
------------------------------------------------------------ x

### MOTION OF DEBTORS PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 507(a), AND 541(d) AND FED. R. BANKR. P. 6003 AND 6004 FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Phoenix Services Topco, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.      On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

3.      Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Richard in Support of Debtors' Chapter 11 Petitions and First Day Relief*, sworn to on the date hereof (the "**Richard Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## Jurisdiction

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

6.      By this Motion, pursuant to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, the Debtors request (i) authority to satisfy all Taxes and Fees (as defined below) due and owing to various local, state, and federal

taxing authorities (collectively, the "**Taxing Authorities**") that arose prior to the Petition Date, including all Taxes and Fees subsequently determined by audit or otherwise to be owed for periods prior to the Petition Date, and (ii) related relief.

7. Such relief will be without prejudice to the Debtors' rights to contest the amounts of any Taxes and Fees on any grounds they deem appropriate or the Debtors' ability to request further relief related to the Taxes and Fees in the future. The Debtors propose that prior to making a payment to any of the Taxing Authorities under the Motion, the Debtors be authorized, in consultation with the Ad Hoc Group for amounts over $100,000,[2] to settle all or some of the prepetition claims of such Taxing Authorities for less than their face amount without further notice or hearing.

8. A proposed form of order granting the relief requested herein on an interim basis is annexed hereto as **Exhibit A** (the "**Proposed Interim Order**"), and a proposed form of order granting the relief requested herein on a final basis is annexed hereto as **Exhibit B** (the "**Proposed Final Order**" and, together with the Proposed Interim Order, the "**Proposed Orders**").

9. The monetary relief sought in the Proposed Orders is discussed in further detail below and summarized in the following chart: [3]

| Category | Amount Requested in Interim Period (within 30 days following Petition Date) | Estimated Total Amount Accrued as of Petition Date |
|---|---|---|
| Property Taxes | $100,000 | $2,800,000 |

---

[2] "Ad Hoc Group" shall have the meaning ascribed to it in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief.*

[3] Contemporaneously herewith, the Debtors filed a motion describing the Debtors' wage and other employee obligations. A detailed description of the Debtors' payroll tax obligations and request for authority to pay the same is included therein.

RLF1 27986992V.1

| Category | Amount Requested in Interim Period (within 30 days following Petition Date) | Estimated Total Amount Accrued as of Petition Date |
|---|---|---|
| Sales & Use Taxes | $28,000 | $42,000 |
| Franchise and Income Taxes | $30,000 | $230,000 |
| Regulatory Fees and Other Necessary Authorizations | $150,000 | $300,000 |
| **Total** | $308,000 | $3,372,000 |

10.    The amounts of the Taxes and Fees listed above are good faith estimates based on the Debtors' books and records and remain subject to potential audits and other adjustments.  Accordingly, the Debtors also seek authorization to pay any prepetition Taxes and Fees that may be owed, following audit and review.

### Debtors' Prepetition Taxes and Fees

11.    In the ordinary course of business, the Debtors are obligated to pay certain taxes and governmental fees, which generally fall into the following categories, each of which is discussed in more detail below: (i) property taxes, (ii) sales and use taxes, (iii) franchise and income taxes, and (iv) regulatory fees and other necessary authorizations (collectively, the "**Taxes and Fees**").  A non-exclusive list of the Taxing Authorities is annexed hereto as **Exhibit C** (the "**Taxing Authorities List**").[4]

---

[4]    Although the Taxing Authorities List is substantially complete, the relief requested herein is to be applicable with respect to all Taxing Authorities and is not limited to those Taxing Authorities listed on the Taxing Authorities List.

12.     The Debtors estimate that approximately $3.4 million of Taxes and Fees relating to the prepetition period will become due and payable after the Petition Date, with approximately $308,000 coming due within the 30 days following the Petition Date.  The Debtors request authority to pay (or use tax credits to offset) all prepetition obligations relating to Taxes and Fees pursuant to the Proposed Orders.  Set forth below is a more detailed summary of the various categories of Taxes and Fees to which the Debtors are subject.

A.     **Property Taxes**

13.     The Debtors own or lease real and personal property in Alabama, Arkansas, California, Indiana, Kentucky, Ohio, Virginia, and West Virginia that subject the Debtors to local ad valorem and personal property taxes (collectively, the "**Property Taxes**").  The Property Taxes are assessed annually by the applicable Taxing Authorities based on each property's value, and the Debtors remit payments on such estimated amounts to the applicable Taxing Authorities on an annual basis or in payment installments.  The Debtors pay approximately $2 million in Property Taxes each year.  As of the Petition Date, the Debtors estimate that they owe approximately $2.8 million in prepetition Property Taxes that will become due and payable after the Petition Date, with approximately $100,000 coming due within the 30 days following the Petition Date.  This amount includes an estimated assessment for the calendar year 2022 up to the Petition Date.

B.     **Sales and Use Taxes**

14.     In the ordinary course of business, the Debtors remit sales taxes (the "**Sales Taxes**").  The Sales Taxes are essentially general consumption taxes charged at the point of purchase for certain goods and services, which are usually set by the applicable Taxing Authority as a percentage of the retail price of the good or service purchased.

15.     The Debtors also incur use taxes on account of various services that the Debtors utilize in the ordinary course of business (the "**Use Taxes**," and, together with the Sales

Taxes, the "**Sales and Use Taxes**").  The Use Taxes typically arise if a supplier does not have business operations in the state in which it supplies goods or services and, therefore, does not charge sales tax on goods or services that are otherwise taxable to the purchaser.

16.     The Debtors are required to remit Sales and Use Taxes to the applicable Taxing Authorities on a monthly or quarterly basis, depending on the applicable Taxing Authorities.  On average, the Debtors remit approximately $20,000 in aggregate Sales and Use Taxes to Taxing Authorities on a monthly basis.  As of the Petition Date, the Debtors estimate that they owe approximately $42,000 in prepetition Sales and Use Taxes that will become due and payable after the Petition Date, with approximately $28,000 coming due within the 30 days following the Petition Date.

**C.      Franchise and Income Taxes**

17.     The Debtors are required to pay federal, state, and local income taxes based on an estimate of their taxable income (the "**Income Taxes**").  The Debtors typically pay Income Taxes on an annual basis.  The Debtors are also required to pay taxes assessed for the privilege of doing business within a particular jurisdiction (the "**Franchise Taxes**").  The Debtors pay Franchise Taxes to the applicable Taxing Authorities in several states.  Franchise Taxes come due on various dates annually and are typically paid to the applicable Taxing Authorities.  Certain jurisdictions assess both Franchise Taxes and Income Taxes, while others assess either Franchise Taxes or Income Taxes depending on which results in a higher tax.  Other Taxing Authorities assess only Income Taxes or only Franchise Taxes.  As of the Petition Date, the Debtors estimate that they owe approximately $230,000 in prepetition Income Taxes and Franchise Taxes that will become due and payable after the Petition Date, $30,000 of which the Debtors expect will come due within the 30 days following the Petition Date.

6

D.      **Regulatory Fees and Other Miscellaneous Taxes**

18.     In the ordinary course of business, the Debtors incur certain regulatory fees, business licenses fees, and other miscellaneous fees, taxes, assessments or charges.  In addition, the Debtors' operations are heavily regulated and permits and other authorizations are required for operations to continue.   As such, the Debtors incur various permitting fees, penalties and assessments to comply with environmental, health and safety laws and regulations (collectively, the "**Regulatory Fees**").  The continued payment of Regulatory Fees, including any amounts due and owing on account of Regulatory Fees incurred prior to the Petition Date, are crucial to the continued operation of the Debtors' business.  As of the Petition Date, the Debtors estimate they have accrued approximately $300,000 in prepetition Regulatory Fees, $150,000 of which the Debtors expect will come due within the 30 days following the Petition Date.

<u>**Relief Requested Should be Granted**</u>

19.     The Court may grant the relief requested herein pursuant to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code.

A.      **Payment of Taxes and Fees is Warranted under Sections 363(b) and 105(a) of the Bankruptcy Code**

20.     Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate[.]"  11 U.S.C. § 363(b)(1).  To approve the use of assets outside the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code, courts require only that the debtor "show that a sound business purpose justifies such actions." *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp.* (*In re Montgomery Ward Holding Corp.*), 242 B.R. 147, 153 (D. Del. 1999) (internal citations omitted); *see also In re Phoenix Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987).  Moreover, if "the debtor articulates a reasonable basis

7

for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.),* 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also Stanziale v. Nachtomi (In re Tower Air, Inc.),* 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task.").

21.     In addition, the Court has the authority, pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, to authorize the relief requested herein, because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (applying section 105(a) to justify an order authorizing the payment of certain prepetition wages, salaries, medical benefits, and business expense claims to debtor's employees).  Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest.  *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").  Courts consistently have permitted payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for

the benefit of all creditors.  *See, e.g.*, *In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that "if payment of a claim which arose prior to reorganization is essential to the continued operation of the . . . [business] during reorganization, payment may be authorized even if it is made out of [the] corpus.").

22.     The Court may also authorize the payment of prepetition claims in appropriate circumstances under section 105(a) of the Bankruptcy Code and the doctrine of necessity when such payment is essential to the continued operation of a debtor's business.  *See, e.g.*, *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of Bankruptcy Code provides a statutory basis for payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11."); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191–92 (Bankr. D. Del. 1994) (confirming that the doctrine of necessity is standard for enabling a court to authorize payment of prepetition claims prior to confirmation of a reorganization plan).

23.     Payment of the prepetition Taxes and Fees is an exercise of sound business judgment and is necessary to ensure a smooth transition into chapter 11.  The Debtors seek to pay the prepetition Taxes and Fees, among other reasons, to prevent the Taxing Authorities from taking actions that would interfere with the Debtors' continued business operations and potentially impose significant costs on the Debtors' estates.  Such actions may include asserting liens on estate assets or seeking to lift the automatic stay.  Additionally, failure to satisfy the prepetition Taxes and Fees may jeopardize the Debtors' maintenance of good standing to operate in the jurisdictions in which they do business.

24.     Further, to the extent any prepetition Taxes and Fees remain unpaid by the Debtors, the Debtors' officers and directors may be subject to lawsuits or criminal prosecution during the pendency of these chapter 11 cases.  The dedicated and active participation of the Debtors' directors, officers, and other employees is not only integral to the Debtors' continued, uninterrupted operations, but essential to the orderly administration of these chapter 11 cases.  The threat of a lawsuit or criminal prosecution, and any ensuing liability, would distract the Debtors and their personnel from important tasks, to the detriment of all parties in interest.  Accordingly, the proposed relief is in the best interests of the Debtors' estates.

**B.     Certain of Prepetition Taxes and Fees May Not Be Property of Debtors' Estates**

25.     Additionally, certain of the Taxes and Fees may not be property of the Debtors' estates, as they may be collected from third parties and held in trust for payment to various Taxing Authorities.  Section 541(d) of the Bankruptcy Code provides, in relevant part:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate . . . only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d).

26.     To the extent the Debtors have collected or hold Taxes and Fees in trust for payment to the Taxing Authorities, such funds may not constitute property of the Debtors' estates. *See, e.g.*, *Begier v. IRS*, 496 U.S. 53, 59–62 (1990) (holding that excise and withholding taxes are property held by a debtor in trust for another and, as such, are not property of the debtor's estate); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 96 (3d Cir. 1994) (finding that withholding taxes were subject to a trust); *Off. Comm. of Unsecured Creditors v. Columbia Gas Sys. Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1056–60 (3d Cir. 1993) (indicating that even if a statute

RLF1 27986992V.1

does not establish an express trust, a constructive trust may be found);[5] *Al Copeland Enters., Inc. v. State of Texas (In re Al Copeland Enters., Inc.)*, 991 F.2d 233, 235 (5th Cir. 1993) (finding that debtors' prepetition collection of sales taxes and interest thereon held subject to trust and not property of estate); *Tex. Comptroller of Pub. Accts. v. Megafoods Stores, Inc. (In re Megafoods Stores, Inc.)*, 163 F.3d 1063, 1067–69 (9th Cir. 1998) (holding that, under applicable state law, state sales taxes collected created statutory trust fund, if traceable, and were not property of the estate); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims."); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (holding that funds held in trust for federal excise and withholding taxes are not property of the debtor's estate). The Debtors, therefore, generally do not have an equitable interest in such funds held in trust and should be permitted to pay such funds to the applicable Taxing Authorities as the related Taxes and Fees become due.

C.    **Failure to Pay Prepetition Taxes and Fees May Increase the Scope of Secured and Priority Claims Held by Taxing Authorities**

27.    Payment of prepetition Taxes and Fees is also warranted here because the Debtors' nonpayment may increase the amount of secured claims held by Taxing Authorities against the Debtors' estates. Specifically, Taxing Authorities may assert liens against any personal property for which the Taxes and Fees are due and owing. Arguably, the relation back of a tax lien to the assessment or tax status date generally does not affect the enforceability of the tax lien against a debtor or violate the automatic stay imposed by section 362(a) of the Bankruptcy Code. *See* 11 U.S.C. § 362(b)(3). In fact, the creation and perfection of such a lien may not violate the

---

[5]    Additionally, a constructive trust may be imposed on collected taxes where there exists a reasonable nexus between the funds and the taxes in question. *See In re Integrated Health Servs., Inc.*, 344 B.R. 262, 270 (Bankr. D. Del. 2006). The Debtors, therefore, may not have a legally cognizable interest in funds held on account of such "trust fund" taxes and, accordingly, such taxes, which generally consist of sales taxes, would not constitute "property of the [Debtors'] estate[s]" as such term is defined in section 541 of the Bankruptcy Code.

automatic stay—even if the lien arises under applicable law for taxes due after the Petition Date. *See* 11 U.S.C. § 362(b)(18) (automatic stay does not apply to "the creation or perfection of a statutory lien for an ad valorem property tax, or a special tax or special assessment on real property whether or not ad valorem, imposed by a governmental unit, if such tax or assessment comes due after the date of the filing of the petition"); *see also In re Gifaldi*, 207 B.R. 54, 56 n.1 (Bankr. W.D.N.Y. 1997) (noting that section 362(b)(18) of the Bankruptcy Code reversed case law that had held that the creation of a statutory lien against ad valorem property taxes violated the automatic stay).

28.     Furthermore, to the extent the Taxing Authorities hold oversecured claims, if the prepetition Taxes and Fees are not paid, postpetition interest, fees, penalties, and other charges may accrue.  *See* 11 U.S.C. § 506(b); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241–43 (1989) (holding that nonconsensual lienholders may receive interest on their claims under section 506(b) of the Bankruptcy Code).  Even if such Taxes and Fees are not treated as secured claims, they may still, as discussed below, be entitled to priority treatment.  *See* 11 U.S.C. § 507(a)(8).  Any attendant penalties assessed by the applicable Taxing Authorities on delinquent taxes owed by the Debtors may be entitled to similar treatment.  The Debtors' failure to pay prepetition Taxes and Fees thus may increase the amount of priority claims held by the Taxing Authorities against the Debtors' estates.  Indeed, if the Debtors are required to pay interest on such tax claims, section 511 of the Bankruptcy Code provides that "the rate of interest shall be the rate determined under applicable nonbankruptcy law[,]" which may exceed prevailing market interest rates.  *See* 11 U.S.C. § 511(a).  Accordingly, prompt payment of the Taxes and Fees may avoid the potential imposition of liens, prevent the accrual of interest charges and unnecessary fees and penalties on such claims, and eliminate claims for interest at potentially above-market rates for

12

any resulting secured claims, all thereby preserving the value of the Debtors' estates and maximizing the distribution available for other creditors.

**D.      Paying Prepetition Taxes and Fees Will Affect Only Timing of Payments**

29.    Most, if not all, of the Taxes and Fees described herein may be afforded priority status pursuant to section 507(a)(8) of the Bankruptcy Code. *See* 11 U.S.C. § 507(a)(8)(A) ("[A] tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition . . . ."); *id.* at (B) ("[A] property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition . . . ."); *id.* at (C) ("[A] tax required to be collected or withheld and for which the debtor is liable in whatever capacity . . . .") *id.* at (G) ("[A] penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss . . . ."); *id.* at (E) ("[An] excise tax on . . . a transaction occurring before the date of the filing of the petition . . . ."). Thus, payment of such Taxes and Fees would give the Taxing Authorities no more than that to which they otherwise would be entitled to under a chapter 11 plan, which will save the Debtors the potential interest expense, legal expense, and penalties that otherwise might accrue on, or be incurred in connection with, such Taxes and Fees.

30.    Courts frequently authorize early payment of priority claims when such early payment is intended to prevent some harm or to procure some benefit for the estate. *See, e.g.*, *CEI Roofing*, 315 B.R. at 60–61 (finding that authorization of early payment of priority claims does not upset the Code's priority scheme or trigger concerns of unfair discrimination); *CoServ*, 273 B.R. at 493 (implying that bankruptcy court may authorize early payment of prepetition priority claims in instances where nonpayment could impair debtor's ability to operate); *Equalnet Commc'ns*, 258 B.R. at 370 (stating that court may authorize pre-plan payment of priority claims,

13

including certain tax claims, because "[t]he need to pay these claims in an ordinary course of business time frame is simple common sense.").

31.      To the extent the prepetition Taxes and Fees are priority claims, they must be paid in full before any general unsecured obligations of the Debtors may be satisfied. Accordingly, the proposed relief will affect only the timing of payment of prepetition Taxes and Fees and will not prejudice the rights of any general unsecured creditor or other party in interest.

32.      For the foregoing reasons, the payment of prepetition Taxes and Fees is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these cases.  Accordingly, the Court should authorize the Debtors to pay prepetition Taxes and Fees.

<b>Applicable Financial Institutions<br>Should Be Authorized to Receive, Process, Honor, and<br>Pay Checks Issued and Transfers Requested to Pay Taxes and Fees</b>

33.      The Debtors further request that this Court authorize applicable financial institutions (collectively, the "**Banks**") to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested by or on behalf of the Debtors relating to the Taxes and Fees, to the extent that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payment.  The Debtors represent that these checks are drawn on identifiable disbursement accounts and can be readily identified as relating directly to the authorized payment of Taxes and Fees.  Accordingly, the Debtors believe that checks other than those relating to authorized payments will not be honored inadvertently.  Any such financial institution may rely on the representations of such Debtors as to which checks are issued or wire transfers are made (or, as applicable, requested to be issued or made) and authorized to be paid in accordance with this Motion without any duty of further inquiry.  The Debtors also seek authority, but not direction, to issue new postpetition checks or

14

effect new postpetition electronic funds transfers in replacement of any checks or funds transfer requests on account of Taxes and Fees dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

<strong><u>Bankruptcy Rule 6003(b) Has Been Satisfied</u></strong>

34.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" prior to 21 days after the Petition Date.  Fed. R. Bankr. P. 6003(b).  As explained above and in the Richard Declaration, the Debtors would suffer immediate and irreparable harm if the relief sought herein is not promptly granted.  Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

<strong><u>Request for Bankruptcy Rule 6004(a) and (h) Waivers</u></strong>

35.     To implement the foregoing successfully, the Debtors seek waivers of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

<strong><u>Reservation of Rights</u></strong>

36.     Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors or any liens satisfied pursuant to this Motion, (b) an agreement or obligation to pay any claims, (c) a waiver of any claims or causes of

15

action that may exist against any creditor or interest holder, (d) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (f) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

### Notice

37.     Notice of this Motion will be provided to (a) the Office of the United States Trustee for the District of Delaware (Attn: Linda Casey, Esq.); (b) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott Greenberg, Esq., Steven A. Domanowski, Esq., Matthew Williams, Esq., and Jason Goldstein, Esq.), as counsel to the Ad Hoc Group; (f) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Laura Davis Jones, Esq.), as co-counsel to the Ad Hoc Group; (g) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq. and James Savin, Esq.), as counsel to Apollo Global Management, Inc.; (h) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian Resnick, Esq. and Jonah A. Peppiatt, Esq.), as counsel to the First Lien Agent; (i) the Banks; (j) the Taxing Authorities; and (k) any other party entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "**Notice Parties**").  Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m).

38.    The Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Orders granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  September 27, 2022
        Wilmington, Delaware

/s/ Zachary I. Shapiro
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (*pro hac vice* pending)
Jeffrey D. Saferstein (*pro hac vice* pending)
Garrett A. Fail (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Proposed Attorneys for Debtors
and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------------- x
                                            :
In re                                       :        Chapter 11
                                            :
PHOENIX SERVICES TOPCO, LLC, et al.,        :        Case No. 22–10906 (      )
                                            :
            Debtors.¹                       :        (Jointly Administered)
                                            :
------------------------------------------------------------- x    Re:  Docket No. ____
```

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 507(a), AND
541(d) AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING
DEBTORS TO PAY CERTAIN PREPETITION TAXES AND
FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated September 27, 2022 (the "**Motion**")[2] of Phoenix Services

Topco, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and

debtors in possession (collectively, the "**Debtors**"), for entry of interim and final orders pursuant

to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003

and 6004 (i) authorizing the Debtors to satisfy, in the Debtors' sole discretion, all Taxes and Fees

due and owing to various local, state, and federal Taxing Authorities that arose prior to the Petition

Date, including all Taxes and Fees subsequently determined by audit or otherwise to be owed for

periods prior to the Petition Date, and (ii) granting related relief, all as more fully set forth in the

Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein

pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

United States District Court for the District of Delaware, dated February 29, 2012; and

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Motion having been provided to the Notice Parties; and such notice

having been adequate and appropriate under the circumstances, and it appearing that no other or

further notice need be provided; and this Court having reviewed the Motion; and this Court having

held a hearing to consider the relief requested in the Motion; and upon the Richard Declaration

and the record of the hearing; and this Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief

requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and

their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors,

their estates, creditors, and all parties in interest; and upon all of the proceedings had before this

Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted on an interim basis to the extent set forth herein.

2.     The Debtors are authorized, but not directed, pursuant to sections 105(a),

363(b), 507(a), and 541(d) of the Bankruptcy Code, to satisfy all Taxes and Fees due and owing,

in the ordinary course of business as such obligations become due, to the Taxing Authorities that

arose prior to the Petition Date, including, with the consent of the Ad Hoc Group in respect to

Property Taxes and Taxes and Fees over $100,000, all Taxes and Fees subsequently determined

by audit or otherwise to be owed for periods prior to the Petition Date; *provided*, *that*, pending

entry of a final order on this Motion, any payments made pursuant to this Interim Order on account

of Taxes and Fees owed for periods prior to the Petition Date shall not exceed $308,000 in the

aggregate.  For the avoidance of doubt, the Debtors will not pay any Taxes and Fees due prior to the Petition Date.

3.      The Debtors are further authorized, but not directed, in consultation with the Ad Hoc Group for amounts over $100,000, to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

4.      The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments.  The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds or automated clearing house transfers, and to replace any prepetition checks or electronic fund or automated clearing house transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Interim Order.

6.      Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved

hereunder, shall be subject in all respects to any interim and final order(s) of this Court granting the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "**DIP Order**"), including, without limitation, the Approved DIP Budget (as defined in the DIP Order).

7.      Nothing contained in the Motion or this Interim Order or any payment made pursuant to the authority granted by this Interim Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors or any lien satisfied pursuant to this Motion, (b) an agreement or obligation to pay any claims, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (f) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

8.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

9.      The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10.     Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

11.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

4

12.     The Debtors are authorized, but not directed, to take all actions necessary or appropriate to carry out the relief granted in this Interim Order.

13.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

14.     The final hearing to consider the relief requested in the Motion shall be held on **____, 2022, at _____** (Prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served on or prior to **_____, 2022 at 4:00 p.m.** (Prevailing Eastern Time).

5

**Exhibit B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

--------------------------------------------------------- x
                                                          :
In re                                                     :      **Chapter 11**
                                                          :
**PHOENIX SERVICES TOPCO, LLC,** *et al.*,               :      **Case No. 22–10906 (      )**
                                                          :
          **Debtors.**[1]                                 :      **(Jointly Administered)**
                                                          :
--------------------------------------------------------- x      Re: Docket No. ____

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 507(a), AND
541(d) AND FED. R. BANKR. P. 6003 AND 6004 (I) AUTHORIZING
DEBTORS TO PAY CERTAIN PREPETITION TAXES AND
FEES AND (II) GRANTING RELATED RELIEF**

          Upon the motion, dated September 27, 2022 (the "**Motion**")[2] of Phoenix Services

Topco, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and

debtors in possession (collectively, the "**Debtors**"), for entry of interim and final orders pursuant

to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code and Bankruptcy Rules 6003

and 6004 (i) authorizing the Debtors to satisfy, in the Debtors' sole discretion, all Taxes and Fees

due and owing to various local, state, and federal Taxing Authorities that arose prior to the Petition

Date, including all Taxes and Fees subsequently determined by audit or otherwise to be owed for

periods prior to the Petition Date, and (ii) granting related relief, all as more fully set forth in the

Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held an interim hearing and a final hearing, if any, to consider the relief requested in the Motion; and upon the Richard Declaration and the record of the hearing; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), 507(a), and 541(d) of the Bankruptcy Code, to satisfy all Taxes and Fees due and owing, in the ordinary course of business as such obligations become due, to the Taxing Authorities that arose prior to the Petition Date, including, with the consent of the Ad Hoc Group in respect to Property Taxes and Taxes and Fees over $100,000, all Taxes and Fees subsequently determined by audit or otherwise to be owed for periods prior to the Petition Date; *provided*, *that*, any payments made pursuant to this Final Order on account of Taxes and Fees owed for periods prior

2

to the Petition Date shall not exceed $3.4 million in the aggregate. For the avoidance of doubt, the Debtors will not pay any Taxes and Fees due prior to the Petition Date.

3.      The Debtors are further authorized, but not directed, in consultation with the Ad Hoc Group for amounts over $100,000, to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

4.      The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to such obligations, to the extent that sufficient funds are on deposit and standing in the Debtors' credit in the applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

5.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds or automated clearing house transfers, and to replace any prepetition checks or electronic fund or automated clearing house transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order.

6.      Notwithstanding anything in the Motion or this Final Order to the contrary, any payment made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to any interim and final order(s) of this Court granting the *Debtors'*

3

*Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protections, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "**DIP Order**"), including, without limitation, the Approved DIP Budget (as defined in the DIP Order).

7.      Nothing contained in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors or any lien satisfied pursuant to this Motion, (b) an agreement or obligation to pay any claims, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (f) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

8.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

9.      Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized, but not directed, to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

**Exhibit C**

**Taxing Authorities List**

**Phoenix Services**
Taxing Authorities

| Authority | Address |
|-----------|---------|
| ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT | 1400 COLISEUM BOULEVARD<br>MONTGOMERY, AL 36110-2400 |
| ALABAMA DEPARTMENT OF REVENUE | BUISINESS PRIVILEGE TAX SECTION<br>P.O. BOX 327320<br>MONTGOMERY, AL 36132-7320 |
| ALABAMA DEPARTMENT OF REVENUE | INDIVIDUAL & CORPORATE TAX DIV<br>P.O. BOX 327435<br>MONTGOMERY, AL 36132-7435 |
| ALABAMA DEPARTMENT OF REVENUE | ATTN: GAYNELLE HENDRICKS TAX ASSESSOR<br>716 RICHARD ARRINGTON BLVD N.<br>JEFFERSON COUNTY COURTHOUSE<br>BIRMINGHAM, AL 35263 |
| ALABAMA ENVIRONMENTAL AGENCY | UNIED STATES ENVIRONMENTAL PROTECTION AGENCY<br>REGION 4<br>61 FORSYTH STREET, SW<br>SAM NUNN ATLANTA FEDERAL CENTER<br>ATLANTA, GA 30303-8960 |
| ARKANSAS DEPARTMENT OF ENERGY & ENVIRONMENT | DIVISION OF ENVIRONMENTAL QUALITY<br>5301 NORTHSHORE DRIVE<br>NORTH LITTLE ROCK, AR 72118-5317 |
| ARKANSAS DEPARTMENT OF ENERGY AND ENVIRONMENT | ATTN: JOHN HICKMAN SENIOR ENVIRONMENTAL HEALTH<br>SPECIALIST<br>5301 NORTHSHORE DRIVE<br>DIVISION OF ENVIRONMENTAL QUALITY<br>NORTH LITTLE ROCK, AR 72118-5317 |
| ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION | ATTN: REVENUE OFFICE<br>SOUTH DIVISION, SUITE C<br>BLYTHEVILLE, AR 72315 |
| ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION | ATTN: REVENUE OFFICE<br>CITY HALL, 116 SOUTH MAIN STREET<br>LEACHVILLE, AR 72438 |
| ARKANSAS SECRETARY OF STATE | BUSINESS & COMM SVCS DIV<br>P O BOX 8014<br>LITTLE ROCK, AR 72203-8014 |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION | PO BOX 942879<br>SACRAMENTO, CA 94279-0001 |
| CARROLL COUNTY, KY PVA | 440 MAIN STREET<br>CARROLL COUNTY, KY 41008 |
| CENTRAL TAX BUREAU OF PA, INC. | 438 LINE AVENUE<br>ELLWOOD CITY, PA 16117 |

**Phoenix Services**
Taxing Authorities

| Authority | Address |
|---|---|
| CITY OF GARY DEPT. OF SUSTAINABILITY AND ENVIRONMENTAL AFFAIRS | 401 BROADWAY 3RD FLOOR<br>GARY, IN 46402 |
| CITY OF GOSNELL | 201 S. AIRBASE HIGHWAY<br>GOSNELL, AR 72315 |
| CITY OF PETERSBURG, TREASURER | P.O. BOX 1271<br>PETERSBURG, VA 23804 |
| CITY OF WEIRTON | ATTN: THOMAS A. OUGHTON ASSESOR<br>200 COURTHOUSE SQUARE<br>WELLSBURG, WV 26070 |
| COMMONWEALTH OF VIRGINIA | OFFICE OF THE SECRETARY OF THE COMMONWEALTH<br>1111 EAST BROAD STREET<br>1ST FLOOR<br>RICHMOND, VA 23219 |
| COOK COUNTY COLLECTOR | 69 WEST WASHINGTON<br>SUITE 1900<br>CHICAGO, IL 60602-3004 |
| COOK COUNTY COLLECTOR | C C DEPT OF REV C/O ENVIRO CTL<br>25831 NETWORK PLACE<br>CHICAGO, IL 60673 |
| COOK COUNTY DEPARTMENT OF REVENUE | P.O. BOX 641547<br>CHICAGO, IL 60664-1547 |
| COUNTY OF FRANKLIN | LYNDA F MESSENGER, TREASURER<br>ROCKY MOUNT, VA 24151 |
| DE LAGE LANDEN FINANCIAL SERVICES | P.O. BOX 41602<br>PHILADELPHIA, PA 19101-1601 |
| DELAWARE SECRETARY OF STATE | STATE OF DELAWARE, DIV OF CORP<br>P O BOX 5509<br>BINGHAMTON, NY 13902-5509 |
| DELAWARE SECRETARY OF STATE | STATE OF DELAWARE, DIV OF CORP<br>P O BOX 5509<br>BINGHAMTON, NY 13902-5509 |
| DEPARTMENT OF THE TREASURY | INTERNAL REVENUE SERVICE<br>1973 N RULON WHITE BLVD<br>OGDEN, UT 84201 |
| DEPT OF ASSESSMENTS AND TAXATION | CHARTER DIVISION<br>BALTIMORE, MD 21201 |
| DIVISION OF ENVIRONMENTAL PROGRAM SUPPORT | 100 SOWER BLVD<br>FRANKFORT, KY 40601 |

**Phoenix Services**
Taxing Authorities

| Authority | Address |
|---|---|
| EL PASO TAX ASSESSOR-COLLECTOR | PO BOX 2992<br>EL PASO, TX 79999-2992 |
| ENVIRONMENTAL PROTECTION AGENCY REGION 6 | 1201 ELM STREET SUITE 500<br>DALLAS, TX 75270-2102 |
| FRANCHISE TAX BOARD | P.O. BOX 942857<br>SACRAMENTO, CA 94257-0531 |
| FRANCHISE TAX BOARD | PO BOX 942840<br>SACRAMENTO, CA 94240-0040 |
| FRANKLIN COUNTY | 1255 FRANKLIN STREET<br>ROCKY MOUNT, VA 24151 |
| GALLATIN COUNTY, KY | 200 WASHINGTON STREET<br>PO BOX 470<br>WARSAW, KY 41095 |
| GARY DEPARTMENT OF ENVIRONMENTAL AFFAIRS | ATTN: PETER JULOVICH<br>504 BROADWAY, SUITE 1012<br>GARY, IN 46402 |
| GEORGETOWN COUNTY | LORETTA D WASHINGTON-COOPER<br>GEORGETOWN, SC 29442 |
| GEORGETOWN COUNTY TREASURER/TAXCOLL | LORETTA D WASHINGTON-COOPER<br>GEORGETOWN, SC 29442 |
| GLOBAL TAX MANAGEMENT | 656 E. SWEDESFORD RD.<br>SUITE 200<br>WAYNE, PA 19087 |
| HANCOCK COUNTY SHERIFF'S TAX OFFICE | 102 N. COURT STREET<br>P.O. BOX 458<br>NEW CUMBERLAND, WV 26047 |
| HENRY COUNTY ROAD DEPARTMENT | PO BOX 202<br>NEW CASTLE, KY 40050 |
| ILLINOIS DEPARTMENT OF REVENUE | WILLARD ICE BUILDING<br>101 WEST JEFFERSON STREET<br>SPRINGFIELD, IL 62702 |
| ILLINOIS ENVIRONMENTAL PROTECTION AGENCY | 3824 W 159TH PL<br>MARKHAM, IL 60428 |
| ILLINOIS STATE TREASURER | ILLINOIS DEPARTMENT OF REVENUE<br>SPRINGFIELD, IL 62794-9024 |
| INDIANA DEPARTMENT OF REVENUE | SALES AND USE TAX SECTION<br>100 N. SENATE AVE., IGCN, RM N105<br>INDIANAPOLIS, IN 46204 |

**Phoenix Services**
Taxing Authorities

| Authority | Address |
|---|---|
| INDIANA DEPARTMENT OF REVENUE | P.O. BOX 7206<br>INDIANAPOLIS, IN 46207-7206 |
| INTERNAL REVENUE SERVICE | ATTN: CENTRALIZED INSOLVENCY OPERATION<br>2970 MARKET STREET<br>PHILADELPHIA, PA 19104-5016 |
| INTERNAL REVENUE SERVICE | ATTN: CENTRALIZED INSOLVENCY OPERATION<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| INTERNAL REVENUE SERVICE | HOUSTON DEPARTMENT<br>1919 SMITH STREET<br>HOUSTON, TX 77002 |
| INTERNAL REVENUE SERVICE | DEPARTMENT OF THE TREASURY<br>OGDEN, UT 84201-0045 |
| IOWA DEPARTMENT OF REVENUE | PO BOX 10330<br>DES MOINES, IA 50306-0330 |
| JEFFERSON COUNTY TREASURER | RAYMOND M. AGRESTA<br>PO BOX 398<br>STEUBENVILLE, OH 43952 |
| KENTUCKY DEPARTMENT OF REVENUE | DIVISION OF SALES AND USE TAX<br>STATION 67, PO BOX 181<br>FRANKFORT, KY 40602-0181 |
| KENTUCKY DEPARTMENT OF REVENUE | 501 HIGH STREET<br>FRANKFORT, KY 40601 |
| KENTUCKY STATE TREASURER | 500 MERO ST, 3RD FLOOR<br>MAYO-UNDERWOOD BLDG<br>KY LABOR CABINET, DIV OF OSH COM<br>FRANKFORT, KY 40601 |
| KENTUCKY STATE TREASURER | KENTUCKY DEPARTMENT OF REVENUE<br>FRANKFORT, KY 40619 |
| KENTUCKY STATE TREASURER | 403 CONSTITUTION CIRCLE<br>COLLEEN KARPINSKI<br>LINCOLN UNIVERSITY, PA 19352 |
| KENTUCKY STATE TREASURER | DIV AIR QUALITY,EMISS INV SEC<br>300 SOWER BOULEVARD<br>FRANKFORT, KY 40601 |
| KENTUCKY STATE TREASURER | KENTUCKY DEPT. OF REVENUE<br>FRANKFORT, KY 40620-0021 |
| KENTUCKY STATE TREASURER | 1050 US HIGHWAY 127 SOUTH, SUITE 100<br>FRANKFORT, KY 40601 |

**Phoenix Services**

Taxing Authorities

| Authority | Address |
|---|---|
| KENTUCKY STATE TREASURER | P. O. BOX 718<br>FRANKFORT, KY 40602-0718 |
| KENTUCKY STATE TREASURER | SURFACE WATER PERMITS BRANCH<br>200 FAIR OAKS LANE<br>FRANKFORT, KY 40601 |
| KENTUCKY STATE TREASURER | SECRETARY OF STATE<br>P O BOX 1150<br>FRANKFORT, KY 40602-1150 |
| LAKE COUNTY INDIANA | ATTN: PEGGY HOLINGA KATONA<br>2293 N. MAIN STREET<br>BUILDING A 2ND FLOOR<br>CROWN POINT, IN 46307 |
| LAKE COUNTY TREASURER | 2293 NORTH MAIN ST<br>CROWN POINT, IN 46307 |
| MISSISSIPPI COUNTY COLLECTOR | 200 W. HALE AVE.<br>STE 209<br>OSCEOLA, AR 72370 |
| MISSISSIPPI COUNTY GOVERNMENT | 795 N COUNTY ROAD 599<br>LUXORA, AR 72358 |
| MISSISSIPPI COUNTY GOVERNMENT | 795 V COUNTY ROAD 599<br>LUXORA, AR 72358 |
| MOBILE COUNTY LICENSE COMISSION | 3925-F MICHAEL BOULEVARD<br>MOBILE, AL 36609 |
| MOBILE COUNTY REVENUE COMMISSION | ATTN: KIM HASTIE REVENUE COMMISSIONER<br>3925 MICHAEL BLVD SUITE G<br>MOBILE, AL 36633 |
| MUSCATINE COUNTY TREASURER | 414 E THIRD ST STE 102<br>MUSCATINE, IA 52761 |
| OHIO DEPARTMENT OF TAXATION | ATTN: COMPLIANCE BUSINESS TAX DIVISION<br>PO BOX 2678<br>COLUMBUS, OH 43216-2678 |
| OHIO TREASURER JOSH MANDEL | 30 E. BROAD STREET - 9TH FLOOR<br>COLUMBUS, OH 43215 |
| OHIO TREASURER OF STATE | P.O. BOX 89471<br>CLEVELAND, OH 44101-6471 |
| PA DEPARTMENT OF REVENUE | PO BOX 280905<br>HARRISBURG, PA 17128-0905 |
| PA DEPARTMENT OF REVENUE | PO BOX 280427<br>HARRISBURG, PA 17128-0427 |

**Phoenix Services**
Taxing Authorities

| Authority | Address |
|---|---|
| PORTER COUNTY ASSESSOR OFFICE | ATTN: JON SNYDER<br>155 INDIANA AVE. SUITE 211<br>VALPARAISO, IN 46383 |
| PORTER COUNTY TREASURER | 155 INDIANA AVE.<br>SUITE 209<br>VALPARAISO, IN 46383 |
| ROANOKE OFFICE OF ENVIRONMENTAL MANAGEMENT | 215 CHURCH AVENUE SW ROOM 354<br>MUNICIPAL SOUTH<br>ROANOKE, VA 24011 |
| SAN BERNARDINO COUNTY PUBLIC HEALTH | 8575 HAVEN AVENUE SUITE 130<br>RANCHO CUCAMONGA, CA 91730 |
| SBC TAX COLLECTOR | 268 W. HOSPITALITY LANE<br>FIRST FLOOR<br>SAN BERNARDINO, CA 92415-0360 |
| SC&H STATE & LOCAL TAX | P.O.BOX 64271<br>BALTIMORE, MD 21264-4271 |
| SECRETARY OF STATE | 302 W. WASHINGTON ST.<br>INDIANAPOLIS, IN 46204-2700 |
| SECRETARY OF STATE | DEPT. OF BUSINESS SERVICES<br>501 S. 2ND STREET, RM 351<br>SPRINGFIELD, IL 62756 |
| SECRETARY OF STATE | P.O.BOX11350<br>COLUMBIA, SC 29211 |
| SECRETARY OF STATE | DEPARTMENT OF BUSINESS SERVICES<br>ROOM 351 HOWLETT BUILDING<br>SPRINGFIELD, IL 62756 |
| SECRETARY OF STATE | 1500 11TH STREET<br>SACRAMENTO, CA 95814 |
| SECRETARY OF STATE IOWA | BUSINESS SERVICES DIVISION<br>DES MOINES, IA 50319 |
| STATE OF ARKANSAS DEPARTMENT OF FINANCE | SALES AND USE TAX SECTION<br>P.O. BOX 1272<br>LITTLE ROCK, AR 72203-1272 |
| STATE OF ARKANSAS DEPT OF POLLUTION CONTROL AND ECOLOGY | ATTN: DIRECTOR<br>8001 NATIONAL DRIVE<br>PO BOX 8913<br>LITTLE ROCK, AR 72219-8913 |
| STATE OF CALIFORNIA ENVIRONMENTAL PROTECTION AGENCY | 555 CAPITOL MALL, SUITE 235<br>SACRAMENTO, CA 95814 |

**Phoenix Services**
Taxing Authorities

| Authority | Address |
|---|---|
| STATE OF INDIANA DEPT OF ENVIRONMENTAL MANAGEMENT | ATTN: COMMISSIONER<br>100 NORTH SENATE AVENUE<br>PO BOX 6015<br>INDIANAPOLIS, IN 46206-6015 |
| STATE OF IOWA DEPARTMENT OF NATURAL RESOURCES | 502 EAST 9TH ST., 4TH FL<br>WALLACE STATE OFFICE BUILDING<br>DES MOINES, IA 50319-0034 |
| STATE OF KENTUCKY NATURAL RESOURCES AND ENVIRONMENT PROTECTION CABINET | ATTN: SECRETARY<br>CAPITAL PLAZA TOWER, 5TH FLOOR<br>FRANKFORT, KY 40601 |
| STATE OF OHIO ENVIRONMENTAL PROTECTION AGENCY | ATTN: DIRECTOR<br>1800 WATERMARK DRIVE<br>COLUMBUS, OH 43266 |
| STATE OF OHIO ENVIRONMENTAL PROTECTION AGENCY | ATTN: DIRECTOR<br>PO BOX 1049<br>COLUMBUS, OH 43216-1049 |
| STATE OF PENNSYLVANIA DEPT OF SECRETARY | ENVIRONMENTAL RESOURCES<br>PO BOX 2063<br>HARRISBURG, PA 17105-2063 |
| STATE OF VIRGINIA DEPT OF ENVIRONMENTAL QUALITY | 1111 EAST MAIN STREET, STE 1400<br>RICHMOND, VA 23219 |
| STATE OF WEST VIRGINIA DEPT OF ENVIRONMENTAL PROTECTION | 601 57TH ST SE<br>CHARLESTON, WV 25304 |
| STATE TREASURER OF ILLINOIS | ILLINOIS DEPT. OF TRANSPORTATION<br>SPRINGFIELD, IL 62764 |
| TAX ASSESSOR/COLLECTOR | P.O.BOX 29813<br>PHOENIX, AZ 85038 |
| TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | LYNDON B. JOHNSON STATE OFFICE BUILDING<br>111 EAST 17TH STREET<br>AUSTIN, TX 78774 |
| THE COUNTY OF GREENE | 4600 FAIRVIEW ROAD<br>PARAGOULD, AR 72450 |
| TREASURER OF LAPORTE COUNTY | 1190 E LOOP RD.<br>ATTN: STEPHANIE WALSKO<br>PORTAGE, IN 46368 |
| TREASURER OF NEWTON COUNTY, INDIANA | AUDITORS OFFICE<br>KENTLAND, IN 47951 |
| TREASURER OF STATE OF OHIO | P. O. BOX 181140<br>COLUMBUS, OH 43218-1140 |

**Phoenix Services**

Taxing Authorities

| Authority | Address |
|---|---|
| TREASURER OF VIRGINIA | DEQ RECEIPTS CONTROL<br>P O BOX 1104<br>RICHMOND, VA 23218 |
| TREASURER OF VIRGINIA | DEQ RECEIPTS CONTROL<br>P O BOX 1104<br>RICHMOND, VA 23218 |
| TREASURER OF VIRGINIA | DEQ RECEIPTS CONTROL<br>P O BOX 1104<br>RICHMOND, VA 23218 |
| TREASURER STATE OF IOWA | SALES/USE TAX PROCESSING<br>DES MOINES, IA 50306-0412 |
| TREASURER, CITY OF ROANOKE | P.O. BOX 1451<br>ROANOKE, VA 24007-1451 |
| TREASURER, DINWIDDIE COUNTY | P.O. BOX 178<br>DINWIDDIE, VA 23841 |
| TREASURER, MUSCATINE CO. | AMY ZYBARTH<br>MUSCATINE, IA 52761 |
| TREASURER, STATE OF OHIO | OHIO EPA<br>PO BOX 77005<br>CLEVELAND, OH 44194-7005 |
| TREASURER, STATE OF OHIO | P O BOX 1049<br>COLUMBUS, OH 43216-1049 |
| TREASURER, STATE OF OHIO | DAPC NTV EMISSIONS FEE<br>DEPT. L-2711<br>COLUMBUS, OH 43260 |
| TREASURER, STATE OF OHIO | OHIO EPA<br>PO BOX 77005<br>CLEVELAND, OH 44194-7005 |
| TREASURER, STATE OF OHIO | DAPC NTV EMISSIONS FEE<br>DEPT. L-2711<br>COLUMBUS, OH 43260 |
| TREASURER, STATE OF OHIO | P O BOX 1049<br>COLUMBUS, OH 43216-1049 |
| UNITED STATES TREASURY | INTERNAL REVENUE SERVICE<br>CINCINNATI, OH 45999-0039 |
| UNITED STATES TREASURY | INTERNAL REVENUE SERVICE<br>P.O. BOX 9019<br>HOLTSVILLE, NY 11742 |

**Phoenix Services**
Taxing Authorities

| Authority | Address |
|---|---|
| UNITED STATES TREASURY | 403 CONSTITUTION CIRCLE<br>COLLEEN KARPINSKI<br>LINCOLN UNIVERSITY, PA 19352 |
| UNITED STATES TREASURY | DEPARTMENT OF THE TREASURY<br>INTERNAL REVENUE SERVICE<br>OGDEN, UT 84201-0102 |
| US ENVIRONMENTAL PROTECTION AGENCY WIFIA PROGRAM | OFFICE OF WATER, OFFICE OF WASTEWATER MANAGEMENT<br>1200 PENNSYLVANIA AVENUE, NW (MAILCODE 4201T)<br>WASHINGTON, DC 20460 |
| VA DEPARTMENT OF TAXATION | P.O. BOX 26626<br>RICHMOND, VA 23261 |
| VIRGINIA DEPARTMENT OF TAXATION | P.O. BOX 177<br>RICHMOND, VA 23218 |
| VIRGINIA STATE TREASURER | VIRGINIA DEPARTMENT OF TAXATION<br>RICHMOND, VA 23218-1478 |
| VIRGINIA TAX | SALES AND USE TAX DEPARTMENT<br>1957 WESTMORELAND STREET<br>RICHMOND, VA 23230 |
| VIRGINIA TAX | INCOME TAX DEPARMENT<br>1957 WESTMORELAND STREET<br>RICHMOND, VA 23230 |
| WEST VIRGINIA SECRETARY OF STATE | 1615 WASHINGTON STREET EAST<br>CHARLESTON, WV 25311 |
| WEST VIRGINIA STATE TAX DEPARTMENT | TAX ACCOUNT ADMINISTRATION DIVISON<br>CHARLESTON, WV 25324-1202 |
| WEST VIRGINIA TAX DIVISION | THE REVENUE CENTER<br>1001 LEE STREET EAST<br>CHARLESTON, WV 25301 |
| WV DEPARTMENT OF ENVIRONMENTAL PROTECTION | 601 57TH STREET SE<br>CHARLESTON, WV 25304 |
| WV STATE TAX DEPARTMENT | P.O.BOX 3694<br>CHARLESTON, WV 25336-3694 |