**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PHOENIX SERVICES TOPCO, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 22-10906 (MFW)<br><br>(Jointly Administered)<br><br>**Objections Due: January 31, 2023**<br><br>**Hearing: January 31, 2023, at 11:30 a.m. (ET)** |

**OBJECTION OF FIRST LIEN AGENT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO COMPEL AND FOR ENTRY OF AN ORDER EXTENDING THE CHALLENGE PERIOD**

Barclays Bank PLC, in its capacity as Prepetition First Lien Administrative Agent, respectfully submits this objection to the Motion of the Official Committee of Unsecured Creditors to Compel the Production of Documents and for Entry of an Order Extending the Challenge Period (the "Committee's Motion") (ECF 444).[2]

**I.      There is No Outstanding Discovery for the Court to Compel**

The First Lien Agent knows of no outstanding discovery dispute between itself and the Committee, and as such, there is nothing for this Court to compel.  After the First Discovery Conference on December 15, 2022, the First Lien Agent negotiated in good faith with the Committee and made proposals regarding custodians, time frame and search terms (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Committee's Motion.

"Production Parameters"). (Ex A.) Pursuant to the Committee's follow up requests, the First Lien Agent agreed to also collect and produce documents from its outside counsel. (Ex. B.) The First Lien Agent made its first production on December 22, 2022 and rolling productions thereafter, culminating in a final production on January 30, 2023. In total, the First Lien Agent has produced 31,146 pages of documents to the Committee consistent with the Production Parameters.

The Committee's Motion does not take issue with the Production Parameters used by the First Lien Agent. Indeed, the First Lien Agent does not understand why the Committee filed a motion to compel the production of documents at all. The First Lien Agent previously advised the Committee (and communicated to this Court prior to the Second Discovery Conference) that its production would be complete on or around January 30, 2023, and so it was. Following the Second Discovery Conference, the Committee contacted the First Lien Agent and requested that the First Lien Agent complete its production and then issue a "certification" of completion; provide written responses to the Committee's discovery requests; and produce a privilege log. (Ex. C.) On January 25, 2023, the First Lien Agent responded by again advising the Committee that its production would be complete on or around January 30, 2023; that it would advise the Committee when its production was complete; and that it would produce both a privilege log and written responses. (Ex. D.) The First Lien Agent asked the Committee to advise whether any discovery dispute remained and if so, to meet and confer rather than file a motion with the Court. (Ex. E.) The Committee ignored this request and filed the Committee's Motion anyway.

Now that the Committee's Motion is on file, the situation is no clearer. The First Lien Agent's production is complete, so there is no production of documents to compel. To the extent the Committee is insisting on a "certification" of some sort, the Committee has not explained why a representation to the Committee—and now to this Court—that the First Lien Agent's production

2

is complete is insufficient.  If the Committee is asking the Court to prophylactically order the parties to produce documents in response to yet-to-be-served follow-up requests from the Committee, the motion as to such requests is premature.  Finally, there is no need for the Court to compel the production of a privilege log and written responses when the First Lien Agent already advised the Committee that such materials would be produced.[3]  Accordingly, the Committee's Motion—insofar as it requests an order compelling the production of documents—is moot and should be denied.

## II.    The First Lien Agent Joins the First Lien Group's Objection to the Committee's Request to Extend the Challenge Period

With respect to the Committee's request to extend the Challenge period, the First Lien Agent joins the First Lien Group's objection and adopts and incorporates such objection as if fully set forth herein.  The First Lien Agent believes that the already extended schedule has provided the Committee with sufficient time to conclude its investigation, especially given that the First Lien Agent completed its production on the timetable communicated to the Committee.  To the extent the Court is willing to grant the Committee's request for an extension, the First Lien Agent believes any extension should be fixed to a date certain, rather than the "Completion Date" construct set forth in the Committee's Motion.  The "Completion Date" construct could be unilaterally extended by the Committee simply by issuing follow-up requests.  The Committee's pre-challenge discovery efforts should not be open-ended, and all of the parties would benefit from a date certain on the calendar by which the Committee's Rule 2004 investigation must be completed.

---

[3] The First Lien Agent does not understand why the Committee requires formal objections and responses given that the Committee's Rule 2004 requests were informal and, as the attached exhibits show, the parties have already exchanged extensive correspondence setting out the Production Parameters.  Nonetheless, the First Lien Agent is willing to provide formal objections and responses to remove any dispute about this issue.

Dated:   January 30, 2023

Respectfully submitted,

**Morris, Nichols, Arsht & Tunnell LLP**

*/s/ Robert J. Dehney*

Robert J. Dehney (No. 3578)
Andrew R. Remming (No. 5120)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 351-9353
Facsimile: (302) 425-4673
Email:  rdehney@morrisnichols.com
            aremming@morrisnichols.com

-and-

**Davis Polk & Wardwell LLP**

*/s/ Elliot Moskowitz*

Elliot Moskowitz (*pro hac vice*)
Brian M. Resnick (*pro hac vice*)
Jonah A. Peppiatt (*pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Email:  elliot.moskowitz@davispolk.com
            brian.resnick@davispolk.com
            jonah.peppiatt@davispolk.com

*Counsel to Barclays Bank PLC, as Prepetition
First Lien Administrative Agent*