IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PHOENIX SERVICES TOPCO LLC,<br>*et al.*,[1]<br><br>　　　　　　　　　　　　Debtors | Chapter 11<br><br>Case Nos. 22-10906 (MWF), *et seq.*<br><br>(Jointly Administered)<br><br>**Obj. Deadline: February 27, 2023, 12:00 p.m.**<br>**Hearing Date: February 28, 2:00 p.m.**<br>**Re: Docket No. 554** |

**LIMITED OBJECTION OF WINTRUST
COMMERCIAL FINANCE TO DEBTORS' MOTION
FOR ENTRY OF AN ORDER APPROVING (I) REJECTION OF
EXECUTORY CONTRACTS WITH NUCOR, (II) SETTLEMENT
AGREEMENT WITH NUCOR, (III) SALE OF CERTAIN ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, AND NCUMBRANCES TO
<u>NUCOR, AND (IV) STIPULATIONS WITH CERTAIN OUNTERPARTIES</u>**

Wintrust Commercial Finance, a division of Wintrust Asset Finance Inc. ("<u>Wintrust</u>"), a lessor of certain equipment located at Nucor steel mills, files this limited objection in response to the *Debtors' Motion for Entry of an Order Approving (I) Rejection of Executory Contracts with Nucor, (II) Settlement Agreement with Nucor, (III) Sale of Certain Assets Free and Clear of Liens, Claims, and Encumbrances to Nucor, and (IV) Stipulations with Certain*

---

[1] 　　　The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, PA 19087.

*Counterparties* [Dkt. No. 554] (the "<u>9019/Sale Motion</u>") filed by Phoenix Services

Topco, LLC *et al.* (the "<u>Debtors</u>").

## <u>BACKGROUND FACTS</u>

1.    On September 27, 2022 (the "<u>Petition Date</u>"), each of the Debtors

filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy

Code.  The Debtors continue to operate their businesses and manage their

properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the

Bankruptcy Code.

2.    Prior to the Petition Date, Wintrust, Debtor Phoenix Services

International LLC and Debtor Metal Services LLC (collectively, the "<u>Debtor</u>

<u>Lessees</u>") entered into a Master Lease Agreement dated as of January 29, 2019,

and certain schedules thereto, under which Wintrust, as lessor, agreed to lease to

the Debtor Lessees, as lessees, various excavators, loaders and related equipment

(collectively, the "<u>Wintrust Equipment</u>").  Copies of the Master Lease Agreement,

schedules thereto and related transaction documents are attached as exhibits to the

Proofs of Claim (Claim Nos. 389 and 390) filed by Wintrust in the jointly

administered cases and are incorporated herein by reference.

3.    Upon information and belief, after the Petition Date, the Debtor

Lessees continue to use the Wintrust Equipment in the ordinary course of their

businesses.

4.    Upon information and belief, the Debtor Lessees have been using certain Wintrust Equipment in providing services to affiliates of Nucor Corporation under services agreements entered into by the Nucor affiliates and certain Debtors (the "Prepetition Services Agreements") with respect to Nucor steel mills located in Arkansas and Kentucky.

5.    On January 12, 2023, Nucor-Yamato Steel Company ("NYS") and Nucor Steel Arkansas ("Hickman") filed a motion to compel the Debtors to reject Prepetition Services Agreements relating to the Nucor steel mills in Blytheville, Arkansas [Dkt. No 394].

6.    On January 16, 2023, the Debtors' filed a motion to reject the Prepetition Services Agreements relating to the Nucor steel mills in Blytheville, Arkansas and Ghent, Kentucky [Dkt. No. 397] (the "First Rejection Motion").

7.    On January 17, 2023, Nucor Steel Gallatin LLC (collectively with NYS and Hickman, "Nucor") filed a motion to compel the Debtors to reject Prepetition Services Agreements relating to the Nucor steel mill in Ghent, Kentucky [Dkt. No. 399].

8.    Wintrust and many other parties filed objections, responses and/or reservations of rights to the First Rejection Motion (namely, 36th Street Capital Partners, LLC [Dkt. No. 420], Radius Construction Co., Inc. [Dkt. No. 421], Pathward, N.A. [Dkt. No. 422], De Lage Landen Financial Services, Inc. [Dkt. No.

423], Caterpillar Financial Services Corporation [Dkt. No. 424], Nucor [Dkt. Nos. 426 and 427], Peapack Capital Corporation [Dkt. No. 428], and Encina Equipment Finance SPV, LLC and Wingspire Equipment Finance LLC [Dkt. No. 429]).

9.    The Court conducted an initial hearing on the First Rejection Motion on January 24, 2023, during which the Court encouraged the Debtors to reach an agreement with the objecting parties.

10.    Thereafter, the Debtors did not respond to Wintrust's proposal to resolve certain issues raised in the responses to the First Rejection Motion.  [*See Certification of Counsel Regarding Proposed Order Granting Debtors' Motion to Reject Certain Executory Contracts with Nucor Corporation,* Dkt. No. 512].

11.    Now, on a shortened response period, the Debtors' 9019/Sale Motion seeks entry of an order approving (i) a settlement that does not address concerns raised by Wintrust and other parties objecting to the First Rejection Motion, and (ii) a sale of property (free and clear of liens, claims and encumbrances) which is not sufficiently described in the 9019/Sale Motion to enable parties-in-interest to determine if they may have an interest in the property the Debtors propose to sell.

## LIMITED OBJECTION

12.    Though Wintrust does not oppose the Debtors' rejection of the Prepetition Services Agreements, the 9019/Sale Motion does not propose to

adequately protect Wintrust's interests in the Wintrust Equipment used in connection with those agreements, given the material change in circumstances.

13.     "[O]n request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court . . . shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. *This subsection also applies to property that is subject to any unexpired lease of personal property . . . .*" 11 U.S.C. § 363(e) (emphasis added).

14.     The Wintrust Equipment includes heavy equipment that is not easily relocatable on short notice.

15.     To avoid placing Wintrust in the inequitable position of (i) having its equipment moved to undisclosed locations, (ii) negotiating with Nucor for access to any equipment abandoned by the Debtors, and (iii) moving heavy equipment on a rush basis, if the Debtors decide to abandon such equipment at the conclusion of the proposed "Removal Period," Wintrust requests inclusion of the following language in any order approving the rejection of the Prepetition Services Agreements:

> A.     To the extent that any leased equipment or equipment collateral is moved from any Nucor Site, the Debtors will (i) provide notice of such movement to the relevant lessors and/or secured lenders, which notice shall include details regarding the timing of the movement and the intended destination of such equipment, (ii) continue to maintain and insure such equipment,

and (iii) continue to otherwise perform under the operative documents regarding such equipment.

B.    If the Debtors elect to abandon any leased equipment or equipment collateral used at any Nucor Site, the Debtors shall immediately inform any relevant lessor or secured lender with an interest in the leased equipment or equipment collateral of such decision and such abandonment shall be subject to the requirements of the Bankruptcy Code and all provisions of this Order. Upon entry of an order approving the Debtors' abandonment of any leased equipment or equipment collateral used at any Nucor Site, the automatic stay arising under 11 U.S.C. § 362 by reason of the filing of the Debtors' bankruptcy cases shall immediately terminate with respect to such leased equipment or equipment collateral without further order of the Court.

C.    Notwithstanding anything in this Order to the contrary, if any party seeks relief from the Court that includes approval of, or could otherwise result in, the Debtors' abandonment of any leased equipment or equipment collateral that was used in connection with a Nucor Contract (including a motion by a lessor to compel assumption or rejection of any applicable unexpired lease or a motion by the Debtors to reject such unexpired lease), the lessor or secured party, as the case may be, shall have 60 days after the entry of an order approving abandonment of such leased equipment or equipment collateral (or, if applicable, 60 days after entry of an order approving rejection of the unexpired lease to which such equipment is subject) to remove such equipment from Nucor's property (each, an "Extension Period"). During any Extension Period, the lessor or secured party shall be permitted to store the applicable equipment at its current location without cost to the lessor or secured party; provided that (i) Nucor shall have no liability to the lessor or secured party for any damage to the equipment that may occur during storage on Nucor's property, and (ii) such equipment shall be stored in a manner that does not interfere with Nucor's operations.

D.    Nothing herein shall limit the rights of a party leasing or providing financing for property that has been used in connection with a Nucor Contract to, at any time, (a) seek adequate protection

of its interest in such property or (b) seek relief from the automatic stay in connection with such interest.

16.    Moreover, the Wintrust Equipment is leased equipment and is thus not owned by the Debtors and is not subject to sale by the Debtors.

17.    The 9019/Sale Motion does not include sufficient information for Wintrust to determine if the Debtors propose to sell any Wintrust Equipment to Nucor.    The Debtors should not be permitted to sell any equipment without establishing that equipment is not Wintrust Equipment by providing serial numbers or other identification as to the equipment that the Debtors propose to sell.

18.    To the extent any equipment is sold and later identified as Wintrust Equipment, Wintrust is not adequately protected by attachment of its interests to net sale proceeds.    In any event, the proposed sale order does not clearly and unambiguously provide for such attachment.

WHEREFORE, Wintrust respectfully requests that this Court (i) enter an order sustaining this Objection, (ii) direct that orders establishing a wind-down procedure with respect to the Debtors' servicing activities at Nucor Sites include a proviso allowing for an orderly disposition of leased equipment abandoned by the Debtors, including but not limited to by the language proposed above, (iii) direct that the Debtors provide reasonable confirmation that no Wintrust Equipment will be sold to Nucor in connection with the proposed settlement, and (iv) grant

Wintrust such other, further, and different relief as this Court deems just and proper.

Dated:   February 24, 2023          Respectfully submitted,
          Wilmington, Delaware

                                   HILLER LAW, LLC

                                   **/s/ Adam Hiller**
                                   Adam Hiller (DE No. 4105)
                                   300 Delaware Avenue, Suite 210, #227
                                   Wilmington, Delaware 19801
                                   (302) 442-7677 telephone
                                   ahiller@adamhillerlaw.com

                                   -and-

                                   Jan M. Hayden, Esquire (admitted pro hac vice)
                                   Baker, Donelson, Bearman,
                                     Caldwell & Berkowitz, P.C.
                                   201 St. Charles Avenue, Suite 3600
                                   New Orleans, Louisiana 70170
                                   Phone 504.566.8645
                                   jhayden@bakerdonelson.com

                                   *Counsel for Wintrust Commercial Finance,*
                                   *a division of Wintrust Asset Finance Inc.*