IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
**In re**                                                  : Chapter 11
:
**PHOENIX SERVICES TOPCO, LLC**, *et al.*,                 : Case No. 22-10906 (MFW)
:
Debtors.[1]                                                : (Jointly Administered)
:
: Re: Docket No. 368
:
---------------------------------------------------------- x

## ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS AUDIT AND TAX SERVICES PROVIDER TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF

Upon the application, dated December 23, 2022 (the "**Application**")[2] of Phoenix Services Topco, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (the "**Order**") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) and Local Rule 2014-1 (a) authorizing the employment and retention of Ernst & Young LLP ("**EY LLP**") as audit and tax services provider for the Debtors, effective as of the Petition Date, in accordance with the terms and conditions set forth in those certain agreements between the Debtors and EY LLP annexed as **Schedule 1** to the Jordan Declaration (collectively, the "**Engagement Letters**"), (b) approving the terms of EY LLP's employment, including the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

RLF1 28639263v.1

proposed compensation arrangements and the indemnification provisions set forth in the Engagement Letters, as modified pursuant to the Proposed Order, under sections 327(a) and 328(a) of the Bankruptcy Code, and (c) granting related relief, all as more fully set forth in the Application; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and the Court having held a hearing, if any, to consider the relief requested in the Application; and upon the Jordan Declaration and the supplemental declaration of Andrew Jordan in support of the Application [Docket No. 566]; and the record of the hearing, if any; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court being satisfied that EY LLP neither holds nor represents any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed; and the Court being satisfied that EY LLP is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to employ and retain EY LLP as their audit and tax services provider during these chapter 11 cases, effective as of the Petition Date, pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2, in accordance with and on the terms and conditions set forth in the Engagement Letters, as modified by this Order.

3. Consistent with, and subject to, the terms of the Engagement Letters and this Order, EY LLP shall be authorized to perform the Services provided for in the Engagement Letters.

4. To the extent the Debtors and EY LLP enter into any new or supplemental agreements, engagement letters, or statements of work, the Debtors shall file a notice of any such supplemental agreements, engagement letters, or statements of work with the Court and serve the same upon the parties served with notice of the Application. Absent any objection filed within fourteen (14) days after the filing and service of any such new or supplemental agreement, engagement letter, or statement of work, EY LLP shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such new or supplemental agreement, engagement letter or statement of work. To the extent any such parties object to such proposed new or supplemental agreement, engagement letter or statement of work, the Debtors will promptly schedule a hearing before the Court within ten days of receipt of any such objection or as soon thereafter as is practicable. All additional services shall be subject to the provisions of this Order.

5. EY LLP shall file monthly, interim, and final fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these

chapter 11 cases with this Court, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief* (Docket No. 192). In the event that EY LLP seeks reimbursement from the Debtors for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in EY LLP's own applications for compensation, and such invoices and time records shall be in compliance with the Local Rules and shall be subject to the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "**U.S. Trustee Guidelines**") and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. EY LLP shall not seek reimbursement of any attorneys' fees or costs arising from the prosecution or defense of any of EY LLP's applications for allowance of compensation and reimbursement of expenses.

6.     EY LLP's fixed fees pursuant to the Engagement Letters (and any new or supplemental engagement agreements, engagement letters or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code. EY LLP shall keep reasonably detailed time records in half hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by EY LLP.

7. EY LLP's hourly fees pursuant to the Engagement Letters (and any new or supplemental engagement agreements, engagement letters or statements of work subsequently approved in these cases) shall be subject to the standard of review set forth in section 330 of the Bankruptcy Code. EY LLP shall keep reasonably detailed time records in one tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines and will submit, with any fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by EY LLP.

8. EY LLP is authorized to apply any prepetition advance to satisfy allowed fees and expenses. At the conclusion of EY LLP's engagement by the Debtors, if the amount of any prepetition advance or retainer held by EY LLP is in excess of the amount of EY LLP's outstanding and estimated fees, expenses, and costs, EY LLP will pay to the Debtors the amount by which any advance payment or retainer exceeds such fees, expenses, and costs, in each case in accordance with the Engagement Letters.

9. The indemnification provisions set forth in the Engagement Letters are approved during the pendency of these chapter 11 cases, subject to the following:

   a. EY LLP shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letters for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

   b. The Debtors shall have no obligation to indemnify EY LLP, or provide contribution or reimbursement to EY LLP, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer

subject to appeal) to have arisen from EY LLP's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of EY LLP's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which EY LLP should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letters, as modified by this Order.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the chapter 11 cases, EY LLP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letters (as modified by this Order), including without limitation, the advancement of defense costs, EY LLP must file an application therefor in this Court, and the Debtors may not pay any such amounts to EY LLP before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by EY LLP for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, EY LLP. All

parties in interest shall retain the right to object to any demand by EY LLP for indemnification, contribution and/or reimbursement.

10. Notwithstanding anything in the Application to the contrary, EY LLP shall (i) to the extent that EY LLP uses the services of contractors or subcontractors (collectively, the "**Contractors**") in these cases, pass through the cost of such Contractors at the same rate that EY LLP pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for EY LLP; and (iv) file or shall have filed with this Court such disclosures required by Bankruptcy Rule 2014.

11. EY LLP shall provide reasonable notice to the Debtors, the U.S. Trustee, the Creditors' Committee, and any other statutory committee appointed in these chapter 11 cases in connection with any increase of the hourly rates listed in the Engagement Letters.

12. During the pendency of these chapter 11 cases, the limitations of liability set forth in paragraphs 13 and 15 of the Tax Master Services Agreement shall have no force or effect for services rendered pursuant to this Order, *provided* that paragraph 15 of the Tax Master Services Agreement shall continue to remain in full force and effect solely with respect to EY LLP's use of EY Support Firms in connection with EY LLP's fixed fee services in this engagement.

13. To the extent there is any inconsistency between the terms of the Engagement Letters, the Application, and this Order, the terms of this Order shall govern.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

17. Notwithstanding anything contained in the Engagement Letters to the contrary, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 24th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE