## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
                                        :
In re                                   :   Chapter 11
                                        :
PHOENIX SERVICES TOPCO, LLC, et al.,    :   Case No. 22-10906 (MFW)
                                        :
          Debtors.¹                     :   (Jointly Administered)
                                        :
                                        :   Re:  Docket No.:  554
------------------------------------------------------- x
```

### ORDER (A) APPROVING (I) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS WITH NUCOR CORPORATION (II) SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND NUCOR CORPORATION, INCLUDING, AMONG OTHER THINGS, THE SALE AND TRANSFER OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO NUCOR  CORPORATION AND (III) STIPULATIONS BETWEEN THE DEBTORS AND CERTAIN COUNTERPARTIES, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") of the above-captioned debtors and debtors in possession

(the "**Debtors**") for an order (this "**9019 and Sale Order**"), pursuant to sections 363(b), 363(f),

and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006(f),

9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "**Local Rules**") (a) authorizing and approving,

among other things, (i) the rejection of the Nucor Contracts effective as of the date hereof at 11:59

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

p.m. (prevailing local time at the Nucor mills); (ii) the Debtors' entry into the Settlement Agreement, a form of which is attached hereto as **Exhibit 1**, with Nucor; (iii) the Stipulations, forms of which are attached hereto as **Exhibits 2-5**; and (iv) the proposed sale of the Non-Mobile Assets[2] free and clear of all liens, claims, and encumbrances, and (b) granting related relief; and this Court having conducted a hearing on the Motion (the "**Hearing**"); and that all interested parties were afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and that jurisdiction exists for this Court to consider the Motion and after due deliberation thereon; and upon the arguments and statements in support of the Motion presented at the Hearing before this Court; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[3]

A.      **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      **Statutory Predicates**. The statutory bases for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9019, and Local Rule 6004-1.

C.      **Final Order**. This 9019 and Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as

---

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the Settlement Agreement, as applicable.

[3]      Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

made applicable to this proceeding by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this 9019 and Sale Order, waives any stay, and expressly directs entry of judgment as set forth herein.

D. **Notice**. As evidenced by the certificates of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, Settlement Agreement, Stipulations, Hearing, and the transactions contemplated thereby has been provided in accordance with sections 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9019. *See* Docket No. 588.

E. The Settlement Agreement and Stipulations were not entered into for the purpose of hindering, delaying, or defrauding creditors. Neither the Debtors nor Nucor are entering into the transactions contemplated by the Settlement Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

F. **Settlement Satisfies Bankruptcy Rule 9019**. The Settlement Agreement and this 9019 and Sale Order resolve all disputed issues among the Debtors and Nucor related to the Wind-Down. Good and sufficient reasons for approval of the Settlement Agreement and Stipulations have been articulated, and such approval is in the best interest of the Debtors, their estates, creditors, and other parties in interest. The Debtors' decision to compromise and settle all disputed issues with Nucor pursuant to the Settlement Agreement is a proper exercise of the Debtors' business judgment and is fair and reasonable. The settlement between the Debtors and Nucor falls above the lowest point in the range of reasonable litigation outcomes if the matters resolved pursuant to the Settlement Agreement were litigated, taking into account the probability that the Debtors would succeed in such litigation, the complexity and duration of the litigation and any attendant expense, inconvenience and delay, and all other relevant factors bearing on the

3

propriety of the Settlement Agreement.  This Court therefore finds that the Debtors have carried

their burden in establishing grounds for approval of the Settlement under Bankruptcy Rule 9019,

pursuant to *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390

U.S. 414, 424 (1968); 11 U.S.C. § 105 ("The court may issue an order . . . necessary or appropriate

to carry out the provisions of the [Bankruptcy Code]."); *In re Key3Media Grp., Inc.*, No. 03–10323

(MFW), 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006).  This Court further finds that the

Settlement Agreement is proper under the four factors articulated by the Third Circuit in *In re*

*Martin,* 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d

Cir. 2006); *In re Nortel Networks, Inc.*, 522 B.R. 491, 510 (Bankr. D. Del. 2014) (stating

"Ultimately, the decision whether or not to approve a settlement agreement lies within the sound

discretion of the Court"); *In re Energy Future Holding Corp.*, 527 B.R. 157, 162–63 (D. Del.

2015).

   G. **Sale and Transfer in Best Interests of the Debtors' Estates**.  Good and sufficient

reasons for approval of the Settlement Agreement and the transactions to be consummated in

connection therewith have been articulated, and the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors, and other parties in interest.  The Debtors

have demonstrated both:  (i) good, sufficient, and sound business purposes and justifications and

(ii) compelling circumstances for the sale of the Non-Mobile Assets, other than in the ordinary

course of business, pursuant to section 363(b) of the Bankruptcy Code, outside of a plan of

reorganization, in that, among other things, the immediate consummation of the sale of the Non-

Mobile Assets to Nucor is necessary and appropriate to maximize the value of the Debtors' estates.

   H. Time is of the essence in consummating the sale of the Non-Mobile Assets.  Given

all of the circumstances of these chapter 11 cases and the adequacy and fair value of the Purchase

Price, and the value of the consideration provided by Nucor pursuant to the Settlement Agreement, the proposed sale of the Non-Mobile Assets constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

      I.      **Good Faith of the Debtors and Nucor**.   The Settlement Agreement was negotiated, proposed, and entered into by the Debtors and Nucor without collusion, in good faith, and as the result of arm's-length bargaining positions and is substantively and procedurally fair to all parties.  Nucor is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. The negotiations were conducted at arms' length by all Parties and their professionals.  Accordingly, Nucor should be entitled to all protections of a "good faith" purchaser under section 363(m) of the Bankruptcy Code.

      J.      **Consideration**.  The consideration provided by Nucor pursuant to the Settlement Agreement:  (a) is fair and reasonable; (b) is the highest or otherwise best offer for the Non-Mobile Assets given the benefits to the Debtors and their estates under the settlement embodied in the Settlement Agreement; and (c) constitutes reasonably equivalent value and fair consideration. Approval of the Motion, the Settlement Agreement, Stipulations, and the consummation of the transactions contemplated thereby is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

      K.      **Free and Clear**. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full, and therefore, the Debtors may transfer the Non-Mobile Assets free and clear of any liens, claims, and encumbrances in, to, or against the Non-Mobile Assets, of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

NOW, THEREFORE, IT IS ORDERED THAT:

1.      **Motion is Granted**.  The Motion and the relief requested therein is GRANTED and APPROVED as set forth herein.

2.      **Rejection of Agreements**.  The Nucor Contracts set forth on **<u>Exhibit 6</u>** attached hereto shall be rejected as of the date hereof, 11:59 p.m. (prevailing local time at the Nucor mills).

3.      **Settlement and Stipulations Approved.**   The Settlement Agreement and Stipulations are APPROVED in accordance with Bankruptcy Rule 9019 as set forth herein.

4.      **Objections Overruled**.  Any objections to the entry of this 9019 and Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled as announced to this Court at the Hearing (the full record of which is incorporated herein by reference), by stipulation filed with this Court, or by representation by the Debtors in a separate pleading, and all reservations of rights included therein, if any, are hereby denied and overruled on the merits with prejudice.

5.      **Rejection Motions Resolved.**  The Rejection Motions are hereby resolved as set forth herein and in the Settlement Agreement.

6.      **Approval**.   The Settlement Agreement, Stipulations, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.

7.      This 9019 and Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors, any holders of liens, claims, or encumbrances or other interests in, against, or on all or any portion of the Non-Mobile Assets (whether known or unknown), Nucor, and all successors and assigns of Nucor, the Non-Mobile Assets, and any trustees, if any, subsequently appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtors' chapter 11 cases.

8.        **Transfer of Non-Mobile Assets Free and Clear of Claims and Encumbrances**.

Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized

to transfer the Non-Mobile Assets to Nucor in accordance with the Settlement Agreement, and

such transfer shall constitute a legal, valid, binding, and effective sale and transfer of such Non-

Mobile Assets and shall vest Nucor with title in and to the Non-Mobile Assets and Nucor shall

take title to and possession of the Non-Mobile Assets free and clear of all liens, claims, and

encumbrances and other interests of any kind or nature whatsoever, including, but not limited to,

successor or successor-in-interest liability and claims.

9.        On the Rejection Date, this 9019 and Sale Order shall be construed and shall

constitute for any and all purposes a full and complete general assignment, conveyance, and

transfer to Nucor of the Non-Mobile Assets.  This 9019 and Sale Order is and shall be effective as

a determination that, on the Rejection Date, all liens, claims, and encumbrances or other interest

of any kind or nature whatsoever existing as to the Non-Mobile Assets prior to the Rejection Date,

shall have been unconditionally released, discharged, and terminated, and that the conveyances

described herein have been effected.  This 9019 and Sale Order shall be binding upon and govern

the acts of all persons and entities, including, without limitation, all filing agents, filing officers,

title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state, and local

officials, and all other persons and entities who may be required by operation of law, the duties of

their office, or contract, to accept, file, register, or otherwise record or release any documents or

instruments, or who may be required to report or insure any title or state of title in or to any lease,

and each of the foregoing persons and entities is hereby authorized to accept for filing any and all

of the documents and instruments necessary and appropriate to consummate the transactions

contemplated by the Settlement Agreement and Stipulations.  A certified copy of this 9019 and Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens, claims, encumbrances, and other interests of record.

10.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to transfer the Non-Mobile Assets to Nucor in accordance with the terms of the Settlement Agreement and this 9019 and Sale Order.

11.     The consideration given by Nucor shall constitute valid and valuable consideration for the releases of any potential liens, claims, encumbrances, and other interests pursuant to this 9019 and Sale Order, which releases shall be deemed to have been given in favor of Nucor by all holders of encumbrances against or interests in, or claims against, the Debtors or any of the Non-Mobile Assets.  The consideration provided by Nucor for the Non-Mobile Assets under the Settlement Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

12.     Notwithstanding the foregoing, nothing herein shall prevent either of the Parties from pursuing actions against one another pursuant to and in accordance with the Settlement Agreement.

13.     **Good Faith**.  The transactions contemplated by the Settlement Agreement are undertaken by Nucor without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code.  Nucor is a good faith purchaser of the Non-Mobile Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

14.     **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), and pursuant to Bankruptcy Rules 7062 and 9014, this 9019 and Sale Order shall not

be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.  Any party objecting to this 9019 and Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

15. **Adequate Protection/Automatic Stay**.  Nothing herein shall limit the rights of a party leasing or providing financing for property that has been used in connection with the Nucor Contracts to, at any time, (a) seek adequate protection of its interest in such property or (b) seek relief from the automatic stay in connection with such interest, and nothing herein shall limit the Debtors' rights to object to any such requests.

16. **Police or Regulatory Liability**.  Nothing in this 9019 and Sale Order or the Settlement Agreement releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of the Non-Mobile Assets after the date of entry of this 9019 and Sale Order.  Nothing in this 9019 and Sale Order or the Settlement Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.

17. **Retention of Jurisdiction.**  This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this 9019 and Sale Order, all amendments thereto, and any waivers and consents thereunder, and each of the agreements executed in connection therewith to which any Debtor is a party or which has been transferred by the Debtors to Nucor in accordance with the Settlement Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Non-Mobile Assets, including, but not limited to, retaining jurisdiction

9

to (a) interpret, implement, and enforce the provisions of this 9019 and Sale Order, the Settlement Agreement, and Stipulations; (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Non-Mobile Assets; and (c) protect Nucor against any liens, claims, encumbrances, or other interests in the Debtors or the Non-Mobile Assets of any kind or nature whatsoever, attaching to the proceeds thereof.

## **Exhibit 1**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "**Settlement Agreement**") is made as of February [●]th, 2023 by and between Phoenix Services Topco, LLC and its affiliated debtors in the chapter 11 cases captioned *Phoenix Services Topco, LLC, et al.*, Case No. 22-10906, as debtors and debtors in possession (collectively, the "**Debtors**"), together with Nucor-Yamato Steel Company ("**NYS**"), Nucor Steel Arkansas (a division of Nucor Corporation)("**Hickman**") and Nucor Steel Gallatin LLC ("**Gallatin**" and together with Hickman and NYS, "**Nucor**,") Nucor and the Debtors are collectively the "**Parties**" and individually a "**Party**".

## **PREAMBLE**

**WHEREAS**, on September 27, 2022, each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court of the District of Delaware (the "**Court**");

**WHEREAS,** reference is made to that certain Mill Services Agreement, dated as of May 8, 2012, by and between Metal Services LLC d/b/a Phoenix Services LLC ("**Phoenix**") and Hickman (together with all exhibits, schedules, statements of work, amendments, and modifications thereto, collectively, the "**Hickman Prepetition Services Agreement**");

**WHEREAS,** reference is made to that certain Mill Services Agreement, dated as of August 31, 2019, by and between Phoenix and NYS (together with all exhibits, schedules, statements of work, amendments and modifications thereto, collectively, the "**NYS Prepetition Services Agreement**");

**WHEREAS,** reference is made to that certain (i) Mill Services Agreement, dated as of October 14, 2015, by and between Phoenix and Gallatin, (ii) License Agreement for Services Area, dated as of October 12, 2021, by and between Phoenix and Gallatin, and (ii) Material Handling Services Agreement, dated as of November 12, 2018, by and between Phoenix and Gallatin (together with all exhibits, schedules, statements of work, amendments and modifications thereto, collectively, the "**Gallatin Prepetition Services Agreements**");

**WHEREAS**, reference is made to those certain Interim Servicing Agreements, dated November 2, 2022, by and between Phoenix and Nucor (the "**Interim Servicing Agreement**," and together with the Hickman Prepetition Services Agreement, the NYS Prepetition Services Agreement, and the Gallatin Prepetition Services Agreements, the "**Agreements**");

**WHEREAS**, on January 12, 2023, Nucor filed the *Motion of Nucor-Yamato Steel Company and Nucor Steel Arkansas (Division of Nucor Corporation) for Entry of an Order (a) Compelling the Debtors to Reject All Prepetition Servicing Agreements with Such Nucor Entities; (b) In Connection Therewith, Directing the Debtors to Comply with An Orderly Wind-Down of Operations at Applicable Nucor Sites; and (c) Granting Related Relief Filed by Nucor.* (Docket No. 394) (the "**First Motion to Compel**");

WHEREAS, on January 16, 2023, the Debtors filed the *Debtors' (I) Motion to Reject Certain Executory Contracts with Nucor Corporation and (II) Preliminary Objection and Response to Nucor Corporation's Motion to Compel Rejection of Certain Executory Contracts* (Docket No. 397) (the "**Motion to Reject**");

WHEREAS, on January 17, 2023, Nucor filed the *Motion of Nucor Steel Gallatin LLC for Entry of an Order (a) Compelling the Debtors to Reject Prepetition Servicing Agreements with Nucor Steel Gallatin LLC; (b) In Connection Therewith, Directing the Debtors to Comply with an Orderly Wind-Down Of Operations at Nucor Gallatin-Owned Steel Mill Site; and (c) Granting Related Relief* (Docket No. 399) (the "**Second Motion to Compel**" together with the First Motion to Compel and the Motion to Reject, the "**Motions**");

WHEREAS, the Parties agreed to engage in good faith negotiations to expeditiously resolve issues related to the Debtors' wind-down of their operations at Nucor's sites (the "**Wind-Down**"), and to avoid the need for litigation regarding the Motions;

NOW, THEREFORE, in consideration of the foregoing, plus good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

1.      This Settlement Agreement shall be binding and effective upon execution by the Parties and approval by the Court.

2.      **Effective Date of Rejection**.  The Agreements shall be rejected as of the date the Court approves this Settlement Agreement, rejection of the Agreements and the Sale (as defined herein) (the "**Rejection Date**") with an order reasonably acceptable to all Parties (the "**Settlement Order**"). Parties shall use best efforts to have the Rejection Date occur on February 28, 2023, 11:59 p.m. (prevailing local time of the Nucor sites).

3.      **Non-Mobile Assets.**  The Debtors agree to sell and Nucor agrees to buy (the "**Sale**") the following assets (the "**Non-Mobile Assets**")[1]:

    a.      at Nucor Gallatin: the DRI Barge and Handling System, two port barges, Liebherr 954 Scrap Crane, coil crane, mill scale gantry crane, truck scale and a multi-docker;

    b.      at Nucor-Yamato: one slag yard maintenance shop with attached crane, one cut yard maintenance shop and fuel pump, one office building, scale foundations and scales at slag yard, scrap yard and fuel pump, and mill scale cranes; and

    c.      at Nucor Hickman: one maintenance shop with attached crane, scales, fuel island, and the dump station.

---

[1]      The Serial Numbers for the Non-Mobile Assets are attached hereto as **Schedule 1**.

4. The Sale will be on an "AS-IS, WHERE-IS" basis subject to any original equipment manufacturer warranties that can be assigned to Nucor.[2]  Except as otherwise stated herein, such Sale will be free and clear of all liens and interests.

5. The Sale excludes the Debtors' personal property, furniture, fixtures and equipment located in any shop or building subject to the Sale (the "**Personal Property**"), except for those items listed on __**Schedule 2**__ attached hereto.

6. **Purchase Price**.  The Purchase price of the Non-Mobile Assets shall be $5,000,000 (the "**Purchase Price**"), and allocated as follows:

   a. $4,000,000 for the Non-Mobile Assets located at the Gallatin site;

   b. $350,000 for the Non-Mobile Assets located at the Hickman site; and

   c. $650,000 for the Non-Mobile Assets located at the NYS site.[3]

7. The Purchase Price shall be paid and the sale shall close by no later than 5:00 p.m. (prevailing eastern time) on the following business day after the Rejection Date.

8. The Debtors agree to sell and Nucor agrees to buy the slag barn expansion and maintenance shop expansion at Gallatin in accordance with  a settlement agreement to be entered into between the Parties and Radius Construction Co, Inc. ("**Radius Construction**"), which, among other things, shall provide for: (a) a payment by Gallatin of $1,569,012 to Radius Construction in satisfaction of Radius Construction's lien on Gallatin's and Phoenix's property and the building expansion and (b) a release of claims by Radius Construction against the Debtors (including the pending adversary proceeding) and Nucor.

9. The Parties agree to enter into a settlement agreement with Straight Edge Concrete, LLC ("**Straight Edge**"), which, among other things, shall provide for: (a) a payment by Gallatin to Straight Edge of $129,050.00 in satisfaction of Straight Edge's lien on Gallatin's and Phoenix's property and the building expansion and (b) a release of claims by Straight Edge against the Debtors and Nucor.

10. **Fees, Claims and Administrative Expenses**.

   a. Nucor hereby waives all administrative claims, except for (i) any breach by any Debtor of its obligations under the Settlement Agreement, including but

---

[2]   This includes the Mettler Toledo Warranty pertaining to the model 7563 truck scales.

[3]   NYS shall: (a) pay a portion of the Purchase Price for the scales at slag yard directly to 36th Street Capital Partners LLC and Stonebriar Commercial Finance LLC, as applicable, pursuant to stipulations approved by the Court, and (b) allocate $18,000 of the Purchase Price to the purchase of the cut yard maintenance shop and fuel pump.

not limited to claims for non-payment of Storage Fees, (ii) any tort claims arising after the Rejection Date, or (iii) any claims arising out of fraud. The Debtors reserve all rights to dispute any claims asserted by Nucor, including the amount and priority of such claims. Nothing herein shall be an admission as to Nucor's entitlement to administrative claims.

b.  Nucor waives the right to receive or collect any consideration from or on behalf of the Debtors' estates in distributions to creditors, on or in respect of any claims for damages arising from the rejection of the Agreements (the "Rejection Damages"); provided, however, that Nucor reserves the right to assert any Rejection Damages as a setoff or affirmative defense to any claims that may be asserted against Nucor by the Debtors. Nucor will file Rejection Damages proofs of claim within 30 days of the Rejection Date to preserve its right to raise the setoff or affirmative offset defense.

11.  **Wind Down**. The Parties agree to the following wind down process:

a.  Nucor shall provide a non-exclusive license to the Phoenix Licensees (defined below) to access the Designated Area (defined below) to remove the Debtors' property from the Nucor sites running until the date that is one-hundred twenty (120) days after the Rejection Date (the "**Removal Period**"), subject to extension upon Nucor's written consent which shall not be unreasonably withheld, conditioned, or delayed.

b.  Nucor shall provide a non-exclusive license to the Debtors, their vendors, contractors, and trucking companies designated in writing to Nucor and the Debtors' employees (the "**Phoenix Licensees**" to access (accompanied) the slag processing area (the "**Slag Processing Area**") for a period starting on the Rejection Date (defined below), and running until the date that is thirty (30) days after Rejection Date (the "**Relocation Period**") solely for the Phoenix Licensees' relocation of their assets to the Removal Area (defined below); provided, however, the Debtors shall at all times coordinate their operations within the Slag Processing Area with Nucor in order to mitigate interference and disruption to Nucor's operations; provided that Nucor shall provide personnel to accompany the Phoenix Licensees when reasonably requested by the Debtors. In order to ensure each Nucor facility can operate freely and without disruption, the Phoenix Licensees shall not access the Slag Processing Area after the Relocation Period without Nucor's prior written consent which will not be unreasonably withheld, conditioned or delayed, with the exception of the removal of the equipment stipulated below.

c.  Equipment that is required to be broken down in its current location is excluded from the requirement to move it to the Removal Area (defined herein). The Debtors shall have a period of ninety (90) days to remove the following items (collectively, the "**Excluded Equipment**") in their current location:

i.  at Nucor's Gallatin site: Processing Plant & Control Trailer;

      ii.     at Nucor's Hickman site:  Processing Plant & Control Trailer, 3 x Sennebogen 855E Rail Mounted Cranes including undercarriages, Lima 2400 Drop Ball Crane, Manitowoc 3900 Drop Ball Crane, Office Trailer, Employee Trailer, Safety Trailer, Wash Bay Building, Retention  pond pump and building; and

      iii.     at Nucor's Yamato site:  Processing Plant & Control Trailer, PLM DB14 Drop Ball Crane, Quality Trailer.

      d.     The Debtors shall have a period of thirty (30) days after the Rejection Date (the "**FF&E Removal Period**"), free of third party (excluding Phoenix Licensees) access, to remove the Debtors' personal property, including fixtures, furniture, and equipment (collectively, "**FF&E**") contained within the maintenance shops and office buildings located in the Slag Processing Area at Nucor-Yamato, Hickman and Gallatin and the cut yard maintenance shop at Nucor-Yamato (the "**SPA Buildings**"); however, after the FF&E Removal Period if any of the Debtors' FF&E remains in the SPA Buildings, Nucor will not withhold, condition or delay the Phoenix Licensees' access to the SPA Buildings so long as the Phoenix Licensees continue to use best efforts to remove the Debtors' FF&E. For the avoidance of doubt, (i) Nucor may enter the SPA Buildings at any time but will not interfere with the Phoenix Licensees' removal operation, and (ii) after the FF&E Removal Period, third parties may access the SPA Buildings but Nucor will require that such third parties make best efforts to not interfere with the Phoenix Licensees' removal operations, to the extent still ongoing.

      e.     Nucor shall reasonably accommodate the Phoenix Licensees' removal of the Debtors' property from the Slag Processing Area.

      f.     The Debtors will use good faith efforts not to create waste at or cause damage to Nucor's buildings and property.

      g.     Nucor will cooperate with lenders and lessors for inspections and access on reasonable notice and during Monday - Friday from 6 a.m. through 6 p.m. Eastern.

      h.     All Phoenix Licensees working on the decommissioning process shall be granted badge access to the Nucor facilities.

      i.     The Debtors shall pay $5,000 per day per site at which the decommissioning process is ongoing, which shall commence ninety-one (91) days after the Rejection Date (the "**Storage Fees**") until the Debtors complete removal of all of their property, the sale to Nucor of mobile equipment, or until a motion to abandon has been filed with respect to the remaining property.

j.      Nucor will not pay for any demobilization, transportation or retrofit costs before or after the Rejection Date.  For the avoidance of doubt, Nucor will not pay for any employee expenses from and after the Rejection Date.

k.      The Parties shall agree to a designated area of each Nucor facility near the Slag Processing Area, but not in the Slag Processing Area, (i) large enough to accommodate all of the Debtors' equipment, contractors working to breakdown the equipment, and trucks entering to remove the equipment and (ii) of sufficient size to safely perform the work, and will get smaller over time as the wind down progresses (subject to mutual agreement between the Parties as the need diminishes), for storage of mobile and non-mobile equipment (but not the Non-Mobile Assets which shall be left in place) and to load equipment on trucks for removal (the "**Removal Area**"), which is conducive to the efficient removal of the Debtors' property.  The Parties agree to designate specific access routes and roads between the Removal Area and the public highway (such routes and the Removal Area, the "**Designated Area**").  The Designated Area will contain sufficient parking for the Phoenix Licensees.

l.      Nucor will provide the Phoenix Licensees access to the Designated Area, seven (7) days per week, from 6:00 a.m. through 6:00 p.m. (prevailing local time), or otherwise during reasonable hours upon reasonable notice.

m.      The Parties shall appoint key personnel to coordinate specific time periods appropriate for the cooperative removal of designated property.

n.      The Debtors, at their cost and expense, but free from any Storage Fees, may locate an office trailer for Phoenix Licensees at the Removal Area. Nucor shall make available restrooms for the Phoenix Licensees at a designated location at the Nucor premises.

o.      All existing required insurance will remain in place and active with Nucor as loss payee until the end of the Removal Period.

p.      All Phoenix Licensees will adhere to Nucor's current security, safety and confidentiality procedures at all times while on site at Nucor's premises and will sign a written acknowledgement of the same.

q.      In order to facilitate the resolution of the Parties' dispute, one integral term set forth herein is the Debtors providing for the removal of the Debtors' equipment from Nucor property during the Removal Period.  To ensure that the Debtors can fulfill their obligations as part of this Agreement, Nucor agrees that to the extent Nucor solicits any of the Debtors' employees working on the decommissioning process, Nucor will ensure that the start date for their employment with Nucor will be no sooner than sixty (60) days after the decommissioning process commences or the employees are no longer working on the decommissioning process, whichever is earlier.  For the avoidance of doubt,

this provision does not limit in any way the ability of Nucor to determine any start date for the Debtors' employees who independently seek alternative employment at Nucor (including those who respond to a general employment advertisement), nor does this provision limit in any way the ability of Nucor to solicit or hire any of the Debtors' employees working at non-Nucor facilities.

r.      Nucor will provide access for Phase 1 Environmental Assessment to be completed of the Debtors' operating areas (at the sole cost of the Debtors), by Ramboll Environmental, which shall occur within ten (10) days following the decommissioning process.

12.    **Abandonment**.  The Debtors reserve their right to abandon property.  To the extent that the Debtors, in their business judgment, decide to abandon any property, then the Debtors agree to provide Nucor with a list of any third parties with interests in the property and to file a motion to abandon with respect to any equipment or assets remaining on site within ten (10) days after the end of the Removal Period; provided that any equipment abandoned shall not trigger Storage Fees.

13.    **No Liability**.  This Settlement Agreement shall not constitute, and shall not be construed as, an admission of liability against any Party hereto.  Nothing in this Settlement Agreement shall be considered an admission of any breach, wrongdoing, negligence, omission, liability or fault on the part of the Parties.  The Parties are entering into this Settlement Agreement as a commercial compromise of disputes related to the Wind-Down that are addressed herein.  Except as expressly provided herein, nothing in this Settlement Agreement, nor anything done pursuant hereto, shall be deemed or construed as modifying, or establishing any precedent, interpretation, or course of dealing under any contract or agreement made between the Parties.

14.    **No Waiver**.  Nothing contained in this Settlement Agreement is intended to be or shall be construed as a waiver by the Debtors of any claims or causes of action that may exist against any other creditor or any interest holder, or an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

15.    **Entire Agreement**.  This Settlement Agreement constitutes the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

16.    **Contravention.**  This Settlement Agreement and Settlement Order shall be binding on the Parties and the estates of the Debtors.

17.    **Knowing and Voluntary Entry into this Agreement**.  Each Party acknowledges that it has had the opportunity to consult with legal counsel of its choosing prior to entering into this Settlement Agreement and that it enters this Settlement Agreement knowingly and voluntarily.

18.    **Authorization**.  By executing this Settlement Agreement, each Party represents to the other that (a) the person executing this Settlement Agreement on its behalf is

duly authorized and empowered to execute and deliver this Settlement Agreement; and (b) this Settlement Agreement constitutes the legal, valid and binding obligation of such Party, enforceable against it in accordance with the Settlement Agreement's terms.

19.    **Severability**.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

20.    **Governing Law**.  The laws of the State of Delaware shall govern the interpretation and enforcement of this Settlement Agreement, without regard to principles of conflicts of law.

21.    **Consent**.  This Settlement Agreement shall not be modified, altered, amended, or vacated without the written consent of both Parties hereto or by order of the Court. No waiver of this Settlement Agreement or of any of the promises, obligations, terms, or conditions hereof shall be valid unless it is written and signed by the Party against whom the waiver is to be enforced.

22.    **Jurisdiction**.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Agreement.

[Signature Page to Follow]

IN WITNESS WHEREOF, the Parties hereby execute the Settlement Agreement as of the date above written.

**Phoenix Services Topco, LLC and its affiliated debtors**

Signature:_____

Printed Name: Mark Porto

Title:  CEO


**Nucor-Yamato Steel Company**

Signature: _____

Printed Name:  Austin Pitzer

Title: Controller


**Nucor Steel Arkansas (a division of Nucor Corporation)**

Signature: _____

Printed Name: Elmer R. Cherry, Jr.

Title: Division Controller / Assistant Secretary


**Nucor Steel Gallatin LLC**

Signature: _____

Printed Name:  Cathy Waddell

Title: Controller

**<u>Schedule 1</u>**

**Serial Number**

| Asset | Description | Current Location | Model | Serial # |
|---|---|---|---|---|
| BA0001 | DRI Barge | Gallatin | 83-2637 | 675628 |
| BA0002 | Maintenance Platforms for Barges | Gallatin | Custom | N/A |
| CC0075 | Multi-Docker Crane + Attachment | Gallatin | CH740 | MD CH741586 |
| CC0076 | Cable Crane for Coils + Attachment | Gallatin | TG1900 | 76G6554A19CU |
| CG0006 | Mill Scale Gantry Crane | Gallatin | 92728 | 92728 |
| DK0001 | Floating Scrap Docks | Gallatin | NSG001 | NSG001 |
| DK0001C | Bridge / Ramp for Scrap Dock | Gallatin | Custom | N/A |
| ET0113 | Liebherr 974 Excavator + Attachment | Gallatin | 974C2 HD | 1084-40319 |
| ST0041 | Truck Scale | Gallatin | N/A | N/A |
| BC0011 | Clam Sheel Bucket | Gallatin | HC-300 & HC6-300 | HC-2283 |
| AC0009 | C-Hook Attachment | Gallatin | 40 Ton | 229288 |
| SG0070 | Grapple | Gallatin | OP4S300 | 13155 |
|  | Deck Barge for TG 1900 coil loading | Gallatin | AO334 | AO334 |
| BM0026 | Maintenance Shop + Gantry | Hickman |  |  |
| DS0008 | Dump Station | Hickman |  |  |
| ST0025 | Truck Scale | Hickman |  | B3179313309 |
|  | Fuel Station | Hickman |  |  |
| BM0061 | Maintenance Shop + Gantry | Yamato |  |  |
| BM0066 | Maintenance Shop + Gantry | Yamato |  |  |
| BU0019 | Office Building | Yamato |  |  |
| CG0008 | Mill Scale 10 Ton Gantry Crane + Attachment | Yamato |  | 500133 |
| CG0009 | Mill Scale 10 Ton Gantry Crane + Attachment | Yamato |  | 5001022 |
| CG0010 | Mill Scale 10 Ton Gantry Crane + Attachment | Yamato |  | 501653 |
| CG0011 | Mill Scale 10 Ton Gantry Crane + Attachment | Yamato |  | 501654 |
| ST0047 | Truck Scale | Yamato |  | 75637015PDS6R |
| ST0050 | Truck Scale | Yamato |  | 75637016PDS4R5D |
| FF0014 | Cut Yard Fuel Station | Yamato |  |  |
| FF0015 | Mill Services Fuel Station | Yamato |  |  |
| DS0021 | Dump Station | Yamato |  |  |

### Schedule 2

**Personal Property included in Sale**

1. **NYS:**

- Heaters
- Air conditioning units
- Appliances to the extent attached to the walls
- Toilets, plumbing, sinks
- Wiring, disconnects, electrical panels
- Fencing
- Doors - man doors
- Garage doors and components related to the operation of the garage doors
- Nucor owned Panasonic FZG-1, FZG-2 or FZG-3 tablets, garage doors and remote controls to garage and gate
- Building Paneling
- Slag that was used in the buildup of parking lots and roadways
- Exhaust fans
- Fans affixed to the building
- Interior and exterior lighting, exit signs, cameras wiring and fixtures
- Phoenix teammate gate badges
- Overhead crane in Maintenance Shop
- Fuel in fuel tank from and after Rejection Date (to be paid for in addition to the Purchase Price by Nucor at cost, pursuant to final invoice issued by the Debtors)

2. **Gallatin:**

- Heaters
- Air conditioning units
- Appliances to the extent attached to the walls
- Toilets, plumbing, sinks
- Wiring, disconnects, electrical panels
- Fencing
- Doors - man doors
- Garage doors and components related to the operation of the garage doors
- Nucor owned Getac Model F110 tablets, garage doors and remote controls to garage and gate
- Building Paneling, Awnings, wooden decks, interior office in maintenance shop.
- Slag that was used in the buildup of parking lots and roadways
- Exhaust fans
- Fans affixed to the building

- Nucor owned or RD holder Tanks or utility fixtures
- Phoenix teammate gate badges
- Interior and exterior lighting, exit signs, cameras wiring and fixtures
- Main diesel tank at Phoenix is empty and owned by RD Holder.
- Overhead cranes in Maintenance Shop, Welding Shop, and River Maintenance Shop (rail shop)
- Fuel in fuel tank from and after Rejection Date (to be paid for in addition to the Purchase Price by Nucor at cost, pursuant to final invoice issued by the Debtors)

**3. Hickman:**

- Heaters
- Air conditioning units
- Appliances to the extent attached to the walls
- Toilets, plumbing, sinks
- Wiring, disconnects, electrical panel
- Fencing
- Doors- man door
- Garage doors and components related to the operation of the garage doors
- Nucor owned Siemens 319-3 or XTablet T1680 tablets, garage doors and remote controls to garage and gate
- Building Paneling
- Slag that was used in the buildup of parking lots and roadways
- Exhaust fans
- Fans affixed to the building
- Phoenix teammate gate badges
- Overhead cranes in Maintenance Shop
- Interior and exterior lighting, exit signs, cameras wiring and fixtures
- Mounted hose reels, hose and pumps, water lines and hydrants
- All lockers, excluding emergency spill lockers and supplies
- Concrete parking barricades in front or around the shops
- Fuel in fuel tank from and after Rejection Date (to be paid for in addition to the Purchase Price by Nucor at cost, pursuant to final invoice issued by the Debtors)

**Exhibit 2**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
PHOENIX SERVICES TOPCO, LLC, et al.,      :        Case No. 22-10906 (MFW)
                                          :
        Debtors.¹                         :        (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------------x
```

**STIPULATION BETWEEN**
**THE DEBTORS, NUCOR CORPORATION AND RADIUS CONSTRUCTION CO. INC.**

This stipulation (the "**Stipulation**") is entered into by and between Radius Construction Co., Inc. ("**Radius**"), the Debtors (as defined below), and Nucor Steel Gallatin LLC ("**Nucor**," and together with Radius and the Debtors (as defined below), the "**Parties**"), based on the following facts:

**WHEREAS**, the Debtors hired Radius as a contractor for a construction project at the Nucor Steel site in Gallatin County, which included the construction of a "60' x 60' Shop Addition w/ 15' x 62' lean-to &150' x 240' Slag Barn-Rev 2" (the "**Shop Addition and Slag Barn**");

**WHEREAS**, on October 6, 2021, Radius sent Debtors a final estimate for the Shop Addition and Slag Barn in the total amount of $3,327,794 (the "**Estimate**");

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

**WHEREAS**, on November 9, 2021, the Debtors issued a purchase order to Radius for construction of the Shop Addition and Slag Barn in the amount of $3,327,794 (the "**Purchase Order**");

**WHEREAS**, thereafter, Radius delivered some but not all materials and commenced but did not complete construction of the Shop Addition and Slag Barn;

**WHEREAS**, on September 27, 2022 (the "**Petition Date**"), Phoenix Services Topco, LLC, and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, as of the Petition Date, the Debtors had not paid Radius for the delivered materials and partial construction;

**WHEREAS**, Radius has a scheduled claim against Metal Services LLC in the amount of $1,698,062.00 for the delivered materials and partial construction (the "**Scheduled Claim**");

**WHEREAS**, Radius has filed the following proofs of claim numbers in the Debtors' chapter 11 cases (the "**Filed Claims**"): 185, 196-203, 325, 393-395, 430- 435.

**WHEREAS**, following the Petition Date, Radius filed liens against the Debtors' and Nucor's property in an attempt to secure Radius' rights to payment (the "**Radius Liens**");

**WHEREAS**, on December, 29, 2022 Radius filed an adversary proceeding against the Debtors (Case No. 22-10906(MFW)) (the "**Adversary Proceeding**");

**WHEREAS**, contemporaneously herewith, the Debtors and Nucor are entering into a separate settlement agreement; and

**WHEREAS**, the Parties have determined that a stipulated resolution is in their mutual best interests and have agreed to enter into this Stipulation.

2

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, subject to the Bankruptcy Court's approval, as follows:

1.      Within one business day following entry of an order by the Bankruptcy Court approving this Stipulation Nucor shall make a payment(s) totaling $1,698,062 to Radius or Radius' subcontractors (the "**Radius Payment**").

2.      Upon receipt of the Radius Payment, Radius (a) shall be deemed to have released the Debtors from all claims and obligations, including the Scheduled Claim and the Filed Claims and any other claims or obligations related to the Purchase Order and the Shop Addition and Slag Barn, and (b) as soon as practically possible (i) release the Radius Liens, and (ii) dismiss the Adversary Proceeding with prejudice.

3.      Upon receipt by Radius of the Radius Payment ownership and any and all interests of the Debtors in the Shop Addition and Slag Barn materials delivered by Radius to the Debtors related thereto shall be transferred to Nucor.   Nothing in this Stipulation shall be interpreted to indicate that Radius has any obligation to complete construction on the Shop Addition or Slag Barn, deliver additional materials, or otherwise fulfill any uncompleted terms of the Estimate or PO.  In the event Nucor desires that Radius complete construction of the Shop Addition and Slag Barn or deliver additional materials, Nucor and Radius shall entered into a new and distinct agreement for said services.

4.      Following entry of an order by the Bankruptcy Court approving this Stipulation, the Debtors and Stretto, Inc., the Debtors' court-approved claims and noticing agent, are authorized to take all steps necessary or appropriate to effectuate the terms of this Stipulation, including updating the official claims register consistent with the terms hereof.

5.      In the event this Stipulation is not approved by the Court, this Stipulation shall be without force and effect and none of its provisions shall be deemed to prejudice or impair any of the rights or remedies of the Parties.

6.      This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

7.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8.      This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of laws.

10.     This Stipulation may not be amended without the express written consent of all Parties hereto.

11.     This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

12.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

13.     The Parties reserve all rights, claims, and defenses and nothing in this Stipulation shall be construed as a waiver of any such rights, claims, or defenses.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

Dated: February 27, 2023
        Wilmington, Delaware

*[Remainder of the page is left intentionally blank]*

5

/s/
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
        shapiro@rlf.com


    -and-


**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Jeffrey D. Saferstein (admitted *pro hac vice*)
Garrett A. Fail (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: ray.schrock@weil.com
        jeffrey.saferstein@weil.com
        garrett.fail@weil.com


*Counsel to the Debtors and Debtors-in-Possession*

/s/
**MOORE & VANALLEN, PLLC**
Hillary B. Crabtree
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 517-9455
Email: hillarycrabtree@mvalaw.com

*Counsel to Nucor Steel Gallatin LLC*



/s/
**DBL LAW**
Justin Knappick
321 West Main Street, Suite 2100
Louisville, KY 40202
Telephone: (859 ) 426-2167
Email: jknappick@dbllaw.com

*Counsel to Radius Construction Co., Inc.*

## Exhibit A

**List of Radius Liens**

| List of Radius Liens | | | |
|---|---|---|---|
| <u>Type of Lien</u> | <u>County</u> | <u>Document Number</u> | <u>Simplified Property Description</u> |
| Mechanic's Liens<br><br>(Against the Debtors) | Gallatin County | 87687 and 86692 | Tract 1 |
| | | | Tract 2 |
| Lien on Equipment, Machinery and Motors<br><br>(Against the Debtors) | Gallatin County | 86699 | 60' x 60' Shop Addition w/ 15' x 62' lean-to & 150' x 240' Slag Barn-Rev2 |
| | Carroll County | 2203135 | 60' x 60' Shop Addition w/ 15' x 62' lean-to & 150' x 240' Slag Barn-Rev2 |
| Mechanic's Liens<br><br>(Against Nucor) | Gallatin County | 86692 | Tract 1 |
| | | | Tract 2 |

**Exhibit 3**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-----------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
PHOENIX SERVICES TOPCO, LLC, et al.,      :        Case No. 22-10906 (MFW)
                                          :
        Debtors.¹                         :        (Jointly Administered)
                                          :
                                          :
-----------------------------------------------------------x
```

**STIPULATION BETWEEN
THE DEBTORS, NUCOR CORPORATION AND STRAIGHT EDGE CONCRETE, LLC**

This stipulation (the "**Stipulation**") is entered into by and between Straight Edge Concrete, LLC ("**Straight Edge**"), the Debtors (as defined below), and Nucor Steel Gallatin LLC ("**Nucor**," and together with Straight Edge and the Debtors (as defined below), the "**Parties**"), based on the following facts:

**WHEREAS**, Straight Edge was hired as a subcontractor for provision of concrete for the Debtors' construction project at the Nucor Steel site in Gallatin County, Ghent, Kentucky which included the construction of a "60' x 60' Shop Addition w/ 15' x 62' lean-to &150' x 240' Slag Barn-Rev 2" (the "**Shop Addition and Slag Barn**");

**WHEREAS**, thereafter, Straight Edge delivered materials and the construction of the Shop Addition and Slag Barn was commenced;

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

**WHEREAS**, on September 27, 2022 (the "**Petition Date**"), Phoenix Services Topco, LLC, and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, as of the Petition Date, the Debtors had not made any payments to Straight Edge on account of its materials furnished for the construction of the Shop Addition and Slag Barn;

**WHEREAS**, on December 2, 2022, Straight Edge filed a mechanic's lien against Nucor's property in an attempt to secure Straight Edge's rights to payment, as attached hereto as **Exhibit A** (the "**Straight Edge Lien**");

**WHEREAS**, contemporaneously herewith, the Debtors and Nucor are entering into a separate settlement agreement; and

**WHEREAS**, the Parties have determined that a stipulated resolution is in their mutual best interests and have agreed to enter into this Stipulation.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, subject to the Bankruptcy Court's approval, as follows:

1.     Within one business day following entry of an order by the Bankruptcy Court approving this Stipulation, Nucor shall make a lump sum payment of $129,050.00 to Straight Edge (the "**Straight Edge Payment**").

2.     Upon receipt of the Straight Payment, Straight Edge (a) shall be deemed to have released the Debtors from all claims and obligations related to the construction project at the Nucor Steel site in Gallatin County, Ghent, Kentucky and the Shop Addition and Slag Barn, and (b) as soon as practically possible release any liens against the Debtors and Nucor, including the Straight Edge Lien.

2

3.      Upon receipt by Straight Edge of the Straight Edge Payment ownership and any and all interests of the Debtors in the Shop Addition and Slag Barn materials delivered by Straight Edge to the Debtors related thereto shall be transferred to Nucor.

4.      In the event this Stipulation is not approved by the Court, this Stipulation shall be without force and effect and none of its provisions shall be deemed to prejudice or impair any of the rights or remedies of the Parties.

5.      This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

6.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

7.      This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

8.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of laws.

9.      This Stipulation may not be amended without the express written consent of all Parties hereto.

10.      This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

11.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

12.     The Parties reserve all rights, claims, and defenses and nothing in this Stipulation shall be construed as a waiver of any such rights, claims, or defenses.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

Dated: February 27, 2023
        Wilmington, Delaware

*[Remainder of the page is left intentionally blank]*

4

/s/
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
         shapiro@rlf.com

    -and-

**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Jeffrey D. Saferstein (admitted *pro hac vice*)
Garrett A. Fail (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: ray.schrock@weil.com
         jeffrey.saferstein@weil.com
         garrett.fail@weil.com

*Counsel to the Debtors and Debtors-in-Possession*

/s/
**MOORE & VANALLEN, PLLC**
Hillary B. Crabtree
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 517-9455
Email: hillarycrabtree@mvalaw.com

*Counsel to Nucor Steel Gallatin LLC*

/s/
**The Aylor Law Office, P.S.C**
Jeffrey R. Aylor
6900 Houston Rd # 35,
Florence, KY 41042
Telephone: (859) 647-8400
Email: jeff@aylor-law.com

*Counsel to Straight Edge Concrete, LLC*

**<u>Exhibit A</u>**

**List of Straight Edge Liens**

| List of Straight Edge Liens | | | |
|---|---|---|---|
| <u>Type of Lien</u> | <u>Property Street Address</u> | <u>Parcel ID No.</u> | <u>Simplified Property</u> Description |
| Mechanic's Liens | 4411 U.S. Highway 42 West, Ghent, Kentucky 41045 | 001-12 | Tract 1 |
| | | | Tract 2 |

**Exhibit 4**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
                                     :

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **PHOENIX SERVICES TOPCO, LLC**, *et al.*, | : | **Case No. 22-10906 (MFW)** |
| | : | |
| Debtors.[1] | : | **(Jointly Administered)** |
| | : | |
| | : | |

---------------------------------------------------------------x

**STIPULATION BETWEEN**
**THE DEBTORS AND 36TH STREET CAPITAL PARTNERS, LLC**

This stipulation (the "**Stipulation**") is entered into by and between the Debtors (as defined below), Nucor-Yamato Steel Company ("**Nucor**"), and 36th Street Capital Partners, LLC ("**36th Street Capital**" and together the Debtors and Nucor, the "**Parties**"), based on the following facts:

**WHEREAS**, on September 27, 2022 (the "**Petition Date**"), Phoenix Services Topco, LLC, and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, prior to the Petition Date, the Debtors and Liberty Commercial Finance LLC ("**Liberty**") entered into that certain Master Equipment Lease Agreement #32113 dated June 23, 2020 (the "**MLA**");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

**WHEREAS**, on February 14, 2022, the Debtors and Liberty entered into that certain Equipment Schedule No. 19 in connection with the MLA (the "**Schedule**");

**WHEREAS**, on July 1 2022, Liberty and 36th Street Capital entered into that certain Notice and Acknowledgement of Assignment of the Agreement;

**WHEREAS**, 36th Street Capital has scheduled claims against Metal Services LLC in the amount of $5,003,066 and two undetermined claims (the "**Scheduled Claims**");

**WHEREAS**, 36th Street Capital has filed proofs of claims numbers 366 and 369 in the Debtors' chapter 11 cases (the "**Filed Claims**");

**WHEREAS**, contemporaneously herewith, the Debtors and Nucor are entering into a separate settlement agreement;

**WHEREAS**, the Parties have determined that a stipulated resolution is in their mutual best interests and have agreed to enter into this Stipulation.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, subject to the Court's approval, as follows:

1.     Within one business day following entry of an order approving this Stipulation, Nucor shall make a lump sum payment of $177,504.43 to 36th Street Capital (the "**Payment**").

2.     Upon entry of an order approving this Stipulation and receipt by 36th Street Capital of the Payment, (a) ownership and any and all interests of 36th Street Capital and the Debtors in the Mettler Toledo Model 756370 16 PD S 4R 5D Powercell PDX Heavy Duty Steel Deck Truck Scale (Car No. 9203 and Asset No. ST0050) (the "**Truck Scale**") as listed in the Schedule, shall be transferred to Nucor; (b) the Schedule shall be amended to remove the Truck Scale; and (c) the Debtors' monthly payments to 36th Street Capital will be reduced to reflect the Payment and transfer of the Truck Scale.

2

3. Upon receipt by 36th Street Capital of the Payment and the transfer of ownership and any and all interests in the Truck Scale to Nucor, 36th Street Capital agrees to release any and all of their claims, interests and obligations against the Debtors as they relate to the Truck Scale, including that portion of the Scheduled Claims and the Filed Claim based on the Truck Scale.

4. Upon receipt by 36th Street Capital of the Payment, 36th Street Capital shall as soon as reasonably possible amend its Filed Claim to reflect the reduction of the Payment and all other amounts agreed upon by the Parties in connection with this Stipulation.

5. Following entry of an order by the Bankruptcy Court approving this Stipulation, the Debtors and Stretto, Inc., the Debtors' court-approved claims and noticing agent, are authorized to take all steps necessary or appropriate to effectuate the terms of this Stipulation, including updating the official claims register consistent with the terms hereof.

6. It is acknowledged that nothing herein in this Stipulation is deemed an assumption or rejection of the MLA or Schedule.

7. In the event this Stipulation is not approved by the Court, this Stipulation shall be without force and effect and none of its provisions shall be deemed to prejudice or impair any of the rights or remedies of the Parties.

8. This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

9. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

10.     This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11.     This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of laws.

12.     This Stipulation may not be amended without the express written consent of all Parties hereto.

13.     This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

14.     It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

15.     The Parties reserve all rights, claims, and defenses and nothing in this Stipulation shall be construed as a waiver of any such rights, claims, or defenses.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

Dated: February 27, 2023
        Wilmington, Delaware

*[Remainder of the page is left intentionally blank]*

4

/s/ _____
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
          shapiro@rlf.com

     -and-


**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Jeffrey D. Saferstein (admitted *pro hac vice*)
Garrett A. Fail (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: ray.schrock@weil.com
          jeffrey.saferstein@weil.com
          garrett.fail@weil.com

*Counsel to the Debtors and Debtors-in-Possession*

/s/ _____
**MOORE & VANALLEN, PLLC**
Hillary B. Crabtree
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 517-9455
Email: hillarycrabtree@mvalaw.com

*Counsel to Nucor-Yamato Steel Company*


/s/ _____
**MORITT HOCK & HAMROFF LLP**
Theresa A. Driscoll
1407 Broadway, 39th Floor,
New York, NY 10018
Telephone: (516) 873-2000
Email: tdriscoll@moritthock.com

*Counsel to 36th Street Capital Partners, LLC*

**Exhibit 5**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
PHOENIX SERVICES TOPCO, LLC, et al.,        :    Case No. 22-10906 (MFW)
                                            :
        Debtors.¹                           :    (Jointly Administered)
                                            :
                                            :
-------------------------------------------------------------x
```

## STIPULATION BETWEEN
## THE DEBTORS AND STONEBRIAR COMMERCIAL FINANCE LLC

This stipulation (the "**Stipulation**") is entered into by and between the Debtors (as defined below), Nucor-Yamato Steel Company ("**Nucor**"), and Stonebriar Commercial Finance LLC ("**Stonebriar**" and together the Debtors and Nucor, the "**Parties**"), based on the following facts:

**WHEREAS**, on September 27, 2022 (the "**Petition Date**"), Phoenix Services Topco, LLC, and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, prior to the Petition Date, the Debtors and Liberty Commercial Finance LLC ("**Liberty**") entered into that certain Master Equipment Lease Agreement #32113 dated June 23, 2020 (the "**MLA**");

---

¹ The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

**WHEREAS**, on November 23, 2020, the Debtors and Liberty entered into that certain Equipment Schedule No. 2 in connection with the MLA (the "**Schedule**");

**WHEREAS**, on November 30, 2020, Liberty and Stonebriar entered into that certain Memorandum of Assignment with respect to the Schedule;

**WHEREAS**, Stonebriar has scheduled claims against Metal Services LLC in the amount of $4,534,408 and two undetermined claims;

**WHEREAS**, Stonebriar has filed proofs of claims numbers 409 and 421 in the Debtors' chapter 11 cases;

**WHEREAS**, contemporaneously herewith, the Debtors and Nucor are entering into a separate settlement agreement;

**WHEREAS**, the Parties have determined that a stipulated resolution is in their mutual best interests and have agreed to enter into this Stipulation.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, subject to the Court's approval, as follows:

1.     Within one business day following entry of an order approving this Stipulation, Nucor shall make a lump sum payment of $17,508 to the Debtors (the "**Payment**").

2.     Upon entry of an order approving this Stipulation and receipt by the Debtors of the Payment, (a) ownership and any and all interests of Stonebriar and the Debtors in the Used 2019 Mettler Toledo Truck Scale, Serial No. 75637016PDS6R, 70'X 10', with Installation, Mettler Toledo Terminals 78J6000A0000A00, Mettler Toledo Scoreboard 61038718 and Accessories. Car No. 5911 (the "**Truck Scale**") as listed in the Schedule, shall be transferred to Nucor; and (b) the Schedule shall be amended to remove the Truck Scale.  Notwithstanding the foregoing, "Monthly Rent" for the Schedule shall not be reduced or otherwise modified.

RLF1 28650084V.1

3.      Upon receipt by the Debtors of the Payment and the transfer of ownership and any and all interests in the Truck Scale to Nucor, Stonebriar releases any and all of its claims, interests and obligations against the Debtors and Nucor solely with respect to the Truck Scale.

4.      It is acknowledged that nothing herein in this Stipulation is deemed an assumption or rejection of the MLA or Schedule.

5.      In the event this Stipulation is not approved by the Court, this Stipulation shall be without force and effect and none of its provisions shall be deemed to prejudice or impair any of the rights or remedies of the Parties.

6.      This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

7.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8.      This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9.      This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of laws.

10.     This Stipulation may not be amended without the express written consent of all Parties hereto.

RLF1 28650084V.1

11.    This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

12.    It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

13.    The Parties reserve all rights, claims, and defenses and nothing in this Stipulation shall be construed as a waiver of any such rights, claims, or defenses.

14.    This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

Dated: February 27, 2023
        Wilmington, Delaware

*[Remainder of the page is left intentionally blank]*

/s/ _____
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
        shapiro@rlf.com

    -and-


**WEIL, GOTSHAL & MANGES LLP**
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Jeffrey D. Saferstein (admitted *pro hac vice*)
Garrett A. Fail (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: ray.schrock@weil.com
        jeffrey.saferstein@weil.com
        garrett.fail@weil.com


*Counsel to the Debtors and Debtors-in-Possession*

/s/ _____
**MOORE & VANALLEN, PLLC**
Hillary B. Crabtree
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Telephone: (704) 517-9455
Email: hillarycrabtree@mvalaw.com

*Counsel to Nucor-Yamato Steel Company*


/s/ _____
**STONEBRIAR COMMERCIAL
FINANCE LLC**
Jason Schwartz
5601 Granite Parkway, Suite 1350
Plano, TX 75024
Telephone: (469) 609-8518
Email: jason.schwartz@StonebriarCF.com

*Counsel to Stonebriar Commercial Finance
LLC*

**Exhibit 6**

**Nucor Contracts**

| # | Debtor Counterparty | Counterparty | Counterparty Address | Description / Title | Executed Date |
|---|---|---|---|---|---|
| 1 | Metal Services LLC | Nucor Corporation, by and through its Nucor Steel Arkansas division | 7301 E Co Rd 142, Blytheville, AR 72315 | Mill Services Agreement | May 8, 2012; amended on May 31, 2013, November 30, 2013, and June 30, 2016 |
| 2 | Metal Services LLC | Nucor-Yamato Steel Company and Nucor Castrip Arkansas, LLC | 5929 AR-18, Blytheville, AR 72315 | Mill Services Agreement | August 31, 2019; amended on November 3, 2021 |
| 3. | Metal Services LLC | Nucor Steel Gallatin LLC | 4831 US-42, Ghent, KY 41045 | Mill Services Agreement | October 14, 2015; amended on May 11, 2017, June 13, 2019, and October 12, 2021 |
| 4. | Metal Services LLC | Nucor Steel Gallatin LLC | 4831 US-42, Ghent, KY 41045 | Material Handling Services Agreement | November 12, 2018; amended on October 12, 2021 |
| 5. | Metal Services LLC | Nucor Steel Gallatin LLC | 4831 US-42, Ghent, KY 41045 | License Agreement for Services Area | October 12, 2021 |