**<u>EXHIBIT B</u>**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                            :
In re                                       :   Chapter 11
                                            :
PHOENIX SERVICES TOPCO, LLC, et al.,        :   Case No. 22-10906 (MFW)
                                            :
Debtors.¹                                   :   (Jointly Administered)
                                            :
                                            :   Re:  Docket No.:  –554
------------------------------------------------------------ x
```

### ORDER (A) APPROVING (I) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS WITH NUCOR CORPORATION (II) SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND NUCOR CORPORATION, INCLUDING, AMONG OTHER THINGS, THE SALE AND TRANSFER OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES TO NUCOR  CORPORATION AND (III) STIPULATIONS BETWEEN THE DEBTORS AND CERTAIN COUNTERPARTIES, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**") of the above-captioned debtors and debtors in possession (the "**Debtors**") for an order (this "**9019 and Sale Order**"), pursuant to sections 363(b), 363(f), and 365 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006(f), 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") (a) authorizing and approving, among other things, (i) the rejection of the Nucor Contracts effective as of the date hereof at 11:59

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

p.m. (prevailing local time at the Nucor mills); (ii) the Debtors' entry into the Settlement Agreement, a form of which is attached hereto as **Exhibit 1**, with Nucor; (iii) the Stipulations, copies forms of which are attached hereto as **Exhibits 2-5**; and (iv) the proposed sale of the Non-Mobile Assets[2] free and clear of all liens, claims, and encumbrances, and (b) granting related relief; and this Court having conducted a hearing on the Motion (the "**Hearing**"); and that all interested parties were afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and that jurisdiction exists for this Court to consider the Motion and after due deliberation thereon; and upon the arguments and statements in support of the Motion presented at the Hearing before this Court; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:[3]

A.      **Jurisdiction and Venue**. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these chapter 11 cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      **Statutory Predicates**. The statutory bases for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9019, and Local Rule 6004-1.

C.      **Final Order**. This 9019 and Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion or the Settlement Agreement, as applicable.

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

made applicable to this proceeding by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this 9019 and Sale Order, waives any stay, and expressly directs entry of judgment as set forth herein.

D.    **Notice**.  As evidenced by the certificates of service previously filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, Settlement Agreement, Stipulations, Hearing, and the transactions contemplated thereby has been provided in accordance with sections 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, and 9019.  *See* Docket NosNo. [●]588.

E.    The Settlement Agreement and Stipulations were not entered into for the purpose of hindering, delaying, or defrauding creditors.  Neither the Debtors nor Nucor are entering into the transactions contemplated by the Settlement Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

F.    **Settlement Satisfies Bankruptcy Rule 9019**.  The Settlement Agreement and this 9019 and Sale Order resolve all disputed issues among the Debtors and Nucor related to the Wind-Down.  Good and sufficient reasons for approval of the Settlement Agreement and Stipulations have been articulated, and such approval is in the best interest of the Debtors, their estates, creditors, and other parties in interest.  The Debtors' decision to compromise and settle all disputed issues with Nucor pursuant to the Settlement Agreement is a proper exercise of the Debtors' business judgment and is fair and reasonable.  The settlement between the Debtors and Nucor falls above the lowest point in the range of reasonable litigation outcomes if the matters resolved pursuant to the Settlement Agreement were litigated, taking into account the probability that the Debtors would succeed in such litigation, the complexity and duration of the litigation and any attendant expense, inconvenience and delay, and all other relevant factors bearing on the

propriety of the Settlement Agreement.  This Court therefore finds that the Debtors have carried their burden in establishing grounds for approval of the Settlement under Bankruptcy Rule 9019, pursuant to *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); 11 U.S.C. § 105 ("The court may issue an order . . . necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."); *In re Key3Media Grp., Inc.*, No. 03–10323 (MFW), 2006 WL 2842462, at *3 (D. Del. Oct. 2, 2006).  This Court further finds that the Settlement Agreement is proper under the four factors articulated by the Third Circuit in *In re Martin,* 91 F.3d 389, 393 (3d Cir. 1996); *see also In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006); *In re Nortel Networks, Inc.*, 522 B.R. 491, 510 (Bankr. D. Del. 2014) (stating "Ultimately, the decision whether or not to approve a settlement agreement lies within the sound discretion of the Court"); *In re Energy Future Holding Corp.*, 527 B.R. 157, 162–63 (D. Del. 2015).

G.    **Sale and Transfer in Best Interests of the Debtors' Estates**.  Good and sufficient reasons for approval of the Settlement Agreement and the transactions to be consummated in connection therewith have been articulated, and the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.  The Debtors have demonstrated both:  (i) good, sufficient, and sound business purposes and justifications and (ii) compelling circumstances for the sale of the Non-Mobile Assets, other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, outside of a plan of reorganization, in that, among other things, the immediate consummation of the sale of the Non-Mobile Assets to Nucor is necessary and appropriate to maximize the value of the Debtors' estates.

H.    Time is of the essence in consummating the sale of the Non-Mobile Assets.  Given all of the circumstances of these chapter 11 cases and the adequacy and fair value of the Purchase

Price, and the value of the consideration provided by Nucor pursuant to the Settlement Agreement, the proposed sale of the Non-Mobile Assets constitutes a reasonable and sound exercise of the Debtors' business judgment and should be approved.

I.    **Good Faith of the Debtors and Nucor**.    The Settlement Agreement was negotiated, proposed, and entered into by the Debtors and Nucor without collusion, in good faith, and as the result of arm's-length bargaining positions and is substantively and procedurally fair to all parties.    Nucor is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code. The negotiations were conducted at arms' length by all Parties and their professionals.    Accordingly, Nucor should be entitled to all protections of a "good faith" purchaser under section 363(m) of the Bankruptcy Code.

J.    **Consideration**.    The consideration provided by Nucor pursuant to the Settlement Agreement:    (a) is fair and reasonable; (b) is the highest or otherwise best offer for the Non-Mobile Assets given the benefits to the Debtors and their estates under the settlement embodied in the Settlement Agreement; and (c) constitutes reasonably equivalent value and fair consideration. Approval of the Motion, the Settlement Agreement, Stipulations, and the consummation of the transactions contemplated thereby is in the best interests of the Debtors, their estates, their creditors, and other parties in interest.

K.    **Free and Clear**. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full, and therefore, the Debtors may transfer the Non-Mobile Assets free and clear of any liens, claims, and encumbrances in, to, or against the Non-Mobile Assets, of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.

NOW, THEREFORE, IT IS ORDERED THAT:

1.     **Motion is Granted**.  The Motion and the relief requested therein is GRANTED and APPROVED as set forth herein.

2.     **Rejection of Agreements**.  The Nucor Contracts set forth on **Exhibit 6** attached hereto shall be rejected as of the date hereof, 11:59 p.m. (prevailing local time at the Nucor mills).

3.     **Settlement and Stipulations Approved.**   The Settlement Agreement and Stipulations are APPROVED in accordance with Bankruptcy Rule 9019 as set forth herein.

4.     **Objections Overruled**.  Any objections to the entry of this 9019 and Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled as announced to this Court at the Hearing (the full record of which is incorporated herein by reference), by stipulation filed with this Court, or by representation by the Debtors in a separate pleading, and all reservations of rights included therein, if any, are hereby denied and overruled on the merits with prejudice.

5.     **Rejection Motions Resolved.**  The Rejection Motions are hereby resolved as set forth herein and in the Settlement Agreement.

6.     **Approval**.   The Settlement Agreement, Stipulations, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.

7.     This 9019 and Sale Order shall be binding in all respects upon the Debtors, their estates, all creditors of, and holders of equity interests in, the Debtors, any holders of liens, claims, or encumbrances or other interests in, against, or on all or any portion of the Non-Mobile Assets (whether known or unknown), Nucor, and all successors and assigns of Nucor, the Non-Mobile Assets, and any trustees, if any, subsequently appointed in the Debtors' chapter 11 cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtors' chapter 11 cases.

8.      **Transfer of Non-Mobile Assets Free and Clear of Claims and Encumbrances**.

Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized

to transfer the Non-Mobile Assets to Nucor in accordance with the Settlement Agreement, and

such transfer shall constitute a legal, valid, binding, and effective sale and transfer of such Non-

Mobile Assets and shall vest Nucor with title in and to the Non-Mobile Assets and Nucor shall

take title to and possession of the Non-Mobile Assets free and clear of all liens, claims, and

encumbrances and other interests of any kind or nature whatsoever, including, but not limited to,

successor or successor-in-interest liability and claims.

9.      On the Rejection Date, this 9019 and Sale Order shall be construed and shall

constitute for any and all purposes a full and complete general assignment, conveyance, and

transfer to Nucor of the Non-Mobile Assets.  This 9019 and Sale Order is and shall be effective as

a determination that, on the Rejection Date, all liens, claims, and encumbrances or other interest

of any kind or nature whatsoever existing as to the Non-Mobile Assets prior to the Rejection Date,

shall have been unconditionally released, discharged, and terminated, and that the conveyances

described herein have been effected.  This 9019 and Sale Order shall be binding upon and govern

the acts of all persons and entities, including, without limitation, all filing agents, filing officers,

title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds,

administrative agencies, governmental departments, secretaries of state, federal, state, and local

officials, and all other persons and entities who may be required by operation of law, the duties of

their office, or contract, to accept, file, register, or otherwise record or release any documents or

instruments, or who may be required to report or insure any title or state of title in or to any lease,

and each of the foregoing persons and entities is hereby authorized to accept for filing any and all

of the documents and instruments necessary and appropriate to consummate the transactions

contemplated by the Settlement Agreement and Stipulations. A certified copy of this 9019 and Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens, claims, encumbrances, and other interests of record.

10.    All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtors to transfer the Non-Mobile Assets to Nucor in accordance with the terms of the Settlement Agreement and this 9019 and Sale Order.

11.    The consideration given by Nucor shall constitute valid and valuable consideration for the releases of any potential liens, claims, encumbrances, and other interests pursuant to this 9019 and Sale Order, which releases shall be deemed to have been given in favor of Nucor by all holders of encumbrances against or interests in, or claims against, the Debtors or any of the Non-Mobile Assets. The consideration provided by Nucor for the Non-Mobile Assets under the Settlement Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

12.    Notwithstanding the foregoing, nothing herein shall prevent either of the Parties from pursuing actions against one another pursuant to and in accordance with the Settlement Agreement.

13.    **Good Faith**. The transactions contemplated by the Settlement Agreement are undertaken by Nucor without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code. Nucor is a good faith purchaser of the Non-Mobile Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

14.    **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), and pursuant to Bankruptcy Rules 7062 and 9014, this 9019 and Sale Order shall not

be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.  Any party objecting to this 9019 and Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

15.    **Adequate Protection/Automatic Stay**.  Nothing herein shall limit the rights of a party leasing or providing financing for property that has been used in connection with the Nucor Contracts to, at any time, (a) seek adequate protection of its interest in such property or (b) seek relief from the automatic stay in connection with such interest, and nothing herein shall limit the Debtors' rights to object to any such requests.

16.    **Police or Regulatory Liability**.  Nothing in this 9019 and Sale Order or the Settlement Agreement releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to a governmental unit that any entity would be subject to as the post-sale owner or operator of the Non-Mobile Assets after the date of entry of this 9019 and Sale Order.  Nothing in this 9019 and Sale Order or the Settlement Agreement authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization, or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.

~~15.~~17.  **Retention of Jurisdiction.**  This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this 9019 and Sale Order, all amendments thereto, and any waivers and consents thereunder, and each of the agreements executed in connection therewith to which any Debtor is a party or which has been transferred by the Debtors to Nucor in accordance with the Settlement Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Non-Mobile Assets, including, but not limited to, retaining jurisdiction

to (a) interpret, implement, and enforce the provisions of this 9019 and Sale Order, the Settlement Agreement, and Stipulations; (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale of the Non-Mobile Assets; and (c) protect Nucor against any liens, claims, encumbrances, or other interests in the Debtors or the Non-Mobile Assets of any kind or nature whatsoever, attaching to the proceeds thereof.

## Exhibit 1

**Settlement Agreement**

**Exhibit 2**

**Exhibit 3**

**Exhibit 4**

**Exhibit 5**

**Exhibit 6**

**Nucor Contracts**

| # | Debtor Counterparty | Counterparty | Counterparty Address | Description / Title | Executed Date |
|---|---|---|---|---|---|
| 1 | Metal Services LLC | Nucor Corporation, by and through its Nucor Steel Arkansas division | 7301 E Co Rd 142, Blytheville, AR 72315 | Mill Services Agreement | May 8, 2012; amended on May 31, 2013, November 30, 2013, and June 30, 2016 |
| 2 | Metal Services LLC | Nucor-Yamato Steel Company and Nucor Castrip Arkansas, LLC | 5929 AR-18, Blytheville, AR 72315 | Mill Services Agreement | August 31, 2019; amended on November 3, 2021 |
| 3. | Metal Services LLC | Nucor Steel Gallatin LLC | 4831 US-42, Ghent, KY 41045 | Mill Services Agreement | October 14, 2015; amended on May 11, 2017, June 13, 2019, and October 12, 2021 |
| 4. | Metal Services LLC | Nucor Steel Gallatin LLC | 4831 US-42, Ghent, KY 41045 | Material Handling Services Agreement | November 12, 2018; amended on October 12, 2021 |
| 5. | Metal Services LLC | Nucor Steel Gallatin LLC | 4831 US-42, Ghent, KY 41045 | License Agreement for Services Area | October 12, 2021 |