# EXHIBIT G

**Stipulation -
Stonebriar Commercial Finance LLC**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re : Chapter 11
:
PHOENIX SERVICES TOPCO, LLC, *et al.*, : Case No. 22-10906 (MFW)
:
Debtors.[1] : (Jointly Administered)
:
:
------------------------------------------------------------x

### STIPULATION BETWEEN
### THE DEBTORS AND STONEBRIAR COMMERCIAL FINANCE LLC

This stipulation (the "**Stipulation**") is entered into by and between the Debtors (as defined below), Nucor-Yamato Steel Company ("**Nucor**"), and Stonebriar Commercial Finance LLC ("**Stonebriar**" and together the Debtors and Nucor, the "**Parties**"), based on the following facts:

**WHEREAS**, on September 27, 2022 (the "**Petition Date**"), Phoenix Services Topco, LLC, and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, prior to the Petition Date, the Debtors and Liberty Commercial Finance LLC ("**Liberty**") entered into that certain Master Equipment Lease Agreement #32113 dated June 23, 2020 (the "**MLA**");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

RLF1 28650084V.1

**WHEREAS**, on November 23, 2020, the Debtors and Liberty entered into that certain Equipment Schedule No. 2 in connection with the MLA (the "**Schedule**");

**WHEREAS**, on November 30, 2020, Liberty and Stonebriar entered into that certain Memorandum of Assignment with respect to the Schedule;

**WHEREAS**, Stonebriar has scheduled claims against Metal Services LLC in the amount of $4,534,408 and two undetermined claims;

**WHEREAS**, Stonebriar has filed proofs of claims numbers 409 and 421 in the Debtors' chapter 11 cases;

**WHEREAS**, contemporaneously herewith, the Debtors and Nucor are entering into a separate settlement agreement;

**WHEREAS**, the Parties have determined that a stipulated resolution is in their mutual best interests and have agreed to enter into this Stipulation.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, subject to the Court's approval, as follows:

1. Within one business day following entry of an order approving this Stipulation, Nucor shall make a lump sum payment of $17,508 to the Debtors (the "**Payment**").

2. Upon entry of an order approving this Stipulation and receipt by the Debtors of the Payment, (a) ownership and any and all interests of Stonebriar and the Debtors in the Used 2019 Mettler Toledo Truck Scale, Serial No. 75637016PDS6R, 70'X 10', with Installation, Mettler Toledo Terminals 78J6000A0000A00, Mettler Toledo Scoreboard 61038718 and Accessories. Car No. 5911 (the "**Truck Scale**") as listed in the Schedule, shall be transferred to Nucor; and (b) the Schedule shall be amended to remove the Truck Scale. Notwithstanding the foregoing, "Monthly Rent" for the Schedule shall not be reduced or otherwise modified.

3. Upon receipt by the Debtors of the Payment and the transfer of ownership and any and all interests in the Truck Scale to Nucor, Stonebriar releases any and all of its claims, interests and obligations against the Debtors and Nucor solely with respect to the Truck Scale.

4. It is acknowledged that nothing herein in this Stipulation is deemed an assumption or rejection of the MLA or Schedule.

5. In the event this Stipulation is not approved by the Court, this Stipulation shall be without force and effect and none of its provisions shall be deemed to prejudice or impair any of the rights or remedies of the Parties.

6. This Stipulation constitutes the entire agreement and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof and, except as otherwise expressly provided herein, is not intended to confer upon any other person any rights or remedies hereunder.

7. The undersigned persons represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation.

8. This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

9. This Stipulation shall be governed by and construed in accordance with the laws of the State of Delaware, without regard to principles of conflicts of laws.

10. This Stipulation may not be amended without the express written consent of all Parties hereto.

11. This Stipulation shall be binding upon the Parties hereto and upon all of their affiliates, assigns and successors, including without limitation any bankruptcy trustee that might be appointed in the future.

12. It is acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

13. The Parties reserve all rights, claims, and defenses and nothing in this Stipulation shall be construed as a waiver of any such rights, claims, or defenses.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation.

Dated: February 27, 2023
       Wilmington, Delaware

*[Remainder of the page is left intentionally blank]*

| | |
|---|---|
| */s/*_____<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Daniel J. DeFranceschi (No. 2732)<br>Zachary I. Shapiro (No. 5103)<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701<br>Email:  defranceschi@rlf.com<br>           shapiro@rlf.com<br><br>   -and-<br><br>**WEIL, GOTSHAL & MANGES LLP**<br>Ray C. Schrock, P.C. (admitted *pro hac vice*)<br>Jeffrey D. Saferstein (admitted *pro hac vice*)<br>Garrett A. Fail (admitted *pro hac vice*)<br>767 Fifth Avenue<br>New York, NY  10153<br>Telephone:  (212) 310-8000<br>Facsimile:   (212) 310-8007<br>Email:  ray.schrock@weil.com<br>           jeffrey.saferstein@weil.com<br>           garrett.fail@weil.com<br><br>*Counsel to the Debtors and Debtors-in-Possession* | */s/*____<br>**MOORE & VANALLEN, PLLC**<br>Hillary B. Crabtree<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202-4003<br>Telephone: (704) 517-9455<br>Email: hillarycrabtree@mvalaw.com<br><br>*Counsel to Nucor-Yamato Steel Company*<br><br><br>*/s/*_____<br>**STONEBRIAR COMMERCIAL FINANCE LLC**<br>Jason Schwartz<br>5601 Granite Parkway, Suite 1350<br>Plano, TX 75024<br>Telephone: (469) 609-8518<br>Email: jason.schwartz@StonebriarCF.com<br><br>*Counsel to Stonebriar Commercial Finance LLC* |