## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re                                                   :     Chapter 11
                                                        :
PHOENIX SERVICES TOPCO, LLC, et al.,                    :     Case No. 22-10906 (MFW)
                                                        :
        Debtors.¹                                       :     (Jointly Administered)
                                                        :
                                                        :     Obj. Deadline: May 2, 2023 at 4:00 p.m. (ET)
                                                        :     Hearing Date: May 9, 2023 at 3:00 p.m. (ET)
                                                        :
------------------------------------------------------- x
```

**MOTION OF DEBTORS FOR ENTRY OF ORDER (I) APPROVING
PROPOSED DISCLOSURE STATEMENT AND FORM AND
MANNER OF NOTICE OF DISCLOSURE STATEMENT
HEARING, (II) ESTABLISHING SOLICITATION AND VOTING
PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING,
(IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF PROPOSED PLAN, AND (V) GRANTING RELATED RELIEF**

Phoenix Services Topco, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**," and together with their non-Debtor affiliates, the "**Company**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1.    On September 27, 2022 (the "**Petition Date**"), the Debtors each commenced with this court (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases are being

---

¹    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On October 11, 2022, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these chapter 11 cases, which was reconstituted on October 18, 2022 (Docket Nos. 127, 148) (the "**Creditors' Committee**").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

3.    Information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in (a) the *Declaration of Robert Richard in Support of Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 13) (the "**First Day Declaration**"),[2] which was filed with the Bankruptcy Court on the Petition Date, and (b) the proposed *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates* (Docket No. 680) (as may be amended, modified, or supplemented, the "**Proposed Disclosure Statement**") filed with the Bankruptcy Court contemporaneously herewith and incorporated herein by reference.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration or the Proposed Disclosure Statement, as applicable.

**Jurisdiction**

4.      The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

6.      By this Motion, pursuant to sections 341, 502, 1125, 1126, 1128, and 105 of the Bankruptcy Code, Rules 2002, 3003, 3017, 3020, and 9006 of the Bankruptcy Rules and Rules 2002-1, 3017-1, and Local Rule 9006-1, the Debtors request entry of an order:

    i.      approving the form and manner of notice and hearing to consider the Proposed Disclosure Statement;

    ii.     approving the Proposed Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

    iii.    scheduling a hearing (the "**Confirmation Hearing**") to consider confirmation of the proposed *Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates* (as may be amended, modified, or supplemented, the "**Proposed Plan**") filed with the Bankruptcy Court contemporaneously herewith;

    iv.    approving the below described solicitation procedures for the Proposed Plan; and

    v.     approving the below described confirmation procedures for the Proposed Plan.

7.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

3

| For the Bankruptcy Court's convenience, the below chart provides the key dates sought pursuant to the Proposed Order | |
|---|---|
| Voting Record Date | **May 4, 2023** |
| Disclosure Statement Hearing | **May 9, 2023 at 3:00 p.m. (prevailing Eastern Time)** |
| Solicitation Date | **The date that is 3 Business Days following entry of the Proposed Order (expected to be May 12)** |
| Plan Supplement Filing | **June 2, 2023** |
| Voting Deadline | **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)** |
| Plan Confirmation Objection Deadline | **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)** |
| Deadline to File (a) Reply to Plan Objection(s), (b) Brief in Support of Plan Confirmation, (c) Declarations in Support of Confirmation, and (d) Voting Certification | **June 14, 2023 at 12:00 p.m. (prevailing Eastern Time)** |
| Confirmation Hearing | **June 16, 2023 (subject to the Bankruptcy Court's calendar)** |

8.     For the Bankruptcy Court's further reference, the Debtors provide below a list of the various exhibits and documents cited throughout the Motion:

| Document | Exhibit |
|---|---|
| Proposed Plan | (Docket No. 677) |
| Proposed Disclosure Statement | (Docket No. 680) |
| Disclosure Statement Notice | (Docket No. 681) |
| Proposed Order | **Exhibit A** to this Motion |
| Confirmation Hearing Notice | **Exhibit 1** to the Proposed Order |
| Form Ballot | **Exhibit 2** to the Proposed Order |
| Notice of Non-Voting Status – Unimpaired Classes | **Exhibit 3** to the Proposed Order |
| Notice of Non-Voting Status – Impaired Classes | **Exhibit 4** to the Proposed Order |

## The Proposed Disclosure Statement

9.     Under section 1125 of the Bankruptcy Code and Bankruptcy Rule 3016(b), the Debtors prepared and filed the Proposed Disclosure Statement to provide parties adequate information and disclosure regarding the terms of the Proposed Plan.  The Debtors intend to provide parties with copies of the Proposed Disclosure Statement, once approved, in connection with the Debtors' solicitation of votes to accept or reject the Proposed Plan.

## I.     Approval of the Disclosure Statement

10.     Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and equity interests with "adequate information" regarding a proposed chapter 11 plan of reorganization.  Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably
> practicable in light of the nature and history of the debtor and the
> condition of the debtor's books and records, including a discussion
> of the potential material Federal tax consequences of the plan to the
> debtor, any successor to the debtor, and a hypothetical investor
> typical of the holders of claims or interests in the case, that would
> enable such a hypothetical investor of the relevant class to make an
> informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

11. Accordingly, a debtor's disclosure statement must provide sufficient information to permit an informed judgment by impaired creditors entitled to vote on the plan. *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan."). The essential requirement of a disclosure statement is that it "'clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.'" *In re Keisler*, No. 08-34321, 2009 WL 1851413, at *4 (Bankr. E.D. Tenn. June 29, 2009) (quoting *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991)).

12. Whether a disclosure statement required under section 1125(b) contains adequate information "is not governed by any otherwise applicable nonbankruptcy law, rule, or regulation." 11 U.S.C. § 1125(d). Instead, bankruptcy courts have broad discretion to determine the adequacy of the information contained in a disclosure statement. *See, e.g.*, *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy of a disclosure statement." (citing *In re River Village*

6

RLF1 28877659V.1

*Assoc.,* 181 B.R. 795, 804 (E.D. Pa. 1995)); *In re Phoenix Petroleum Co.*, 278 B.R. at 393 (noting that the determination of what is adequate information is "largely within the discretion of the bankruptcy court" (quoting *Texas Extrusion Corp. v. Lockheed Corp.* (*In re Texas Extrusion Corp.*), 844 F.2d 1142, 1157 (5th Cir. 1988)).   Congress granted bankruptcy courts such wide discretion in determining the adequacy of a disclosure statement to facilitate effective reorganizations of debtors in a broad range of businesses, taking into account the various circumstances that accompany chapter 11 cases.   *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 408–09 (1977); *see also In re Copy Crafters Quickprint Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (noting that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").   Accordingly, the determination of whether a disclosure statement contains adequate information is made on a case-by-case basis, focusing on the unique facts and circumstances of each case.   *See Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case.").

13.    In that regard, in determining whether a disclosure statement contains adequate information, courts generally examine a list of factors, including, but not limited to, whether the disclosure statement contains the following types of information, as applicable:

a)  the circumstances that gave rise to the filing of the bankruptcy petition;

b)  an explanation of the available assets and their value;

c)  the anticipated future of the debtor(s);

d)  the source of the information provided in the disclosure statement;

7

e) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;

f) the condition and performance of the debtor while in chapter 11;

g) information regarding claims against the estate;

h) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

i) the accounting and valuation methods used to produce the financial information in the disclosure statement;

j) information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

k) a summary of the plan of reorganization or liquidation;

l) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

m) the collectability of any accounts receivable;

n) any financial information, valuations, or *pro forma* projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

o) information relevant to the risks being taken by the creditors and interest holders;

p) the actual or projected value that can be obtained from avoidable transfers;

q) the existence, likelihood, and possible success of non-bankruptcy litigation;

r) the tax consequences of the plan; and

s) the relationship of the debtor with its affiliates.

*See, e.g.*, *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *see also*

*In re Oxford Homes, Inc.*, 204 B.R. 264, 269 n.17 (Bankr. D. Me. 1997) (using a similar list). Such

a list is not meant to be comprehensive and a debtor is not required to provide all the information

on the list. Rather, the bankruptcy court must decide what is appropriate in each case in light of

the particular facts and circumstances present. *See Ferretti*, 128 B.R. at 18–19 (adopting a similar

list); *see also In re Phoenix Petroleum Co.*, 278 B.R. at 393 (making use of a similar list but cautioning that "no one list of categories will apply in every case").

14.     The Proposed Disclosure Statement provides many of the types of information identified in the applicable categories above, including:

a)      an overview of the Proposed Plan (§ I);

b)      key events leading to the commencement of the Debtors' chapter 11 cases (§ III.A);

c)      the operation of the Debtors' businesses (§ II.B);

d)      the indebtedness of the Debtors and information regarding pending claims (§ II.D);

e)      a disclaimer, which indicates that no statements or information concerning the Debtors or their assets or securities are authorized, other than those set forth in the Proposed Disclosure Statement (pp. iii-iv);

f)      an overview of a liquidation analysis under chapter 7 (§ XI.C);

g)      risk factors affecting the Debtors (§ VIII);

h)      the relationship of the Debtors with their affiliates (§ II.A);

i)      requirements for confirmation of the Proposed Plan (§ X.C); and

j)      tax consequences of the Proposed Plan (§ VII).

15.     In addition to the type of information that courts typically look for in a disclosure statement, the Proposed Disclosure Statement provides an analysis of the alternatives to confirmation and consummation of the Proposed Plan (§ XI).

16.     Based on the foregoing, the Debtors submit that the Proposed Disclosure Statement contains sufficient information for a voting creditor to make an informed judgment regarding whether to vote to accept or reject the Proposed Plan.  Thus, the Debtors respectfully request that the Bankruptcy Court approve the Proposed Disclosure Statement as containing adequate information in satisfaction of the requirements of section 1125 of the Bankruptcy Code.

II.     **The Proposed Disclosure Statement Provides Adequate Notice of Release, Exculpation, and Injunction Provisions in the Proposed Plan**

17.     Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure statement shall describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction."   Fed. R. Bankr. P. 3016(c).

18.     The Proposed Plan includes injunctions, releases, and exculpations highlighted in bold in Article X.   The Proposed Disclosure Statement in section V.H.vi.(a)-(b) describes in detail the releases provided under the Proposed Plan, the entities providing such releases, the entities being released, and the Claims and Causes of Action so released. Additionally, section V.H.vii of the Proposed Disclosure Statement sets forth the terms of the exculpation provision under the Proposed Plan, and section V.H.v.(a)-(c) sets forth the injunction related to the release and exculpation provisions in the Proposed Plan.   Each of the foregoing sections is set forth in conspicuous, bold print.   Accordingly, the Debtors respectfully submit that the Proposed Disclosure Statement complies with Bankruptcy Rule 3016(c).

III.    **Approval of the Notice of Disclosure Statement Hearing**

19.     In accordance with Bankruptcy Rules 3017(a) and 2002 and Local Rule 3017-1, in connection with the filing of this Motion, the Debtors have already served a notice of the hearing to consider approval of the Proposed Disclosure Statement (Docket No. 681) (the "**Disclosure Statement Notice**") by electronic transmission and/or by first class mail on: (a) the U.S. Trustee (Attn: Linda J. Casey, Esq.); (b)(i) Squire Patton Boggs (US) LLP, 1211 Avenue of the Americas, 26th Floor, New York, New York 10036 (Attn: Stephen D. Lerner, Esq., Norman N. Kinel, Esq., and Travis A. McRoberts, Esq.), and (ii) Cole Schotz P.C., 500 Delaware

10

Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Justin R. Alberto, Esq., Patrick J. Reilley, Esq., and Michael E. Fitzpatrick, Esq.), as co-counsel to the Creditors' Committee; (c)(i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg, Esq., Steven A. Domanowski, Esq., Matthew J. Williams, Esq., and Jason Zachary Goldstein, Esq.), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Laura Davis Jones, Esq.), as co-counsel to the Ad Hoc Group; (d) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq. and James Savin, Esq.), as counsel to Apollo Global Management, Inc.; (e) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Esq. and Jonah A. Peppiatt, Esq.), as counsel to the First Lien Agent; (f) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (g) all other parties identified on the Debtors' creditor matrix.

20.    In addition, the Debtors will provide, by electronic and/or first class mail, copies of the Proposed Disclosure Statement and the Proposed Plan with the Disclosure Statement Notice to: (a) the United States Attorney's Office for the District of Delaware; (b) the Securities and Exchange Commission; (c) all parties that request or that are required to receive notice pursuant to Bankruptcy Rule 2002; and (d) all parties who have specifically requested such documents in the manner specified in the Disclosure Statement Notice.  Copies of the Proposed Disclosure Statement and the Proposed Plan are also available free-of-charge on the Debtors' claims agent's website at https://cases.stretto.com/phoenix.

21.    The Debtors submit that the foregoing provided adequate notice of the Disclosure Statement Hearing and the deadline to object to approval of the Disclosure Statement

for all purposes and, accordingly, request that the Bankruptcy Court approve such procedures as adequate.

## The Solicitation Procedures

22.     In connection with the Proposed Disclosure Statement and Proposed Plan, the Debtors propose to implement the solicitation and balloting procedures described below.  The Bankruptcy Court entered an Order authorizing the Debtors to retain and employ Stretto, Inc. ("**Stretto**") as the Debtors' claims and noticing agent on September 28, 2022 (Docket No. 55). The Bankruptcy Court entered an Order authorizing the Debtors to retain and employ Stretto as the Debtors' administrative advisor on October 25, 2022 (Docket No. 182).

## Parties Entitled to Vote

23.     On October 25, 2022, the Bankruptcy Court entered an order (*see* Docket No. 193) approving (a) 5:00 p.m., prevailing Eastern Time, on the first business day that is thirty five (35) days after five (5) business days following the Debtors' filing of their schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**") as the deadline for all non-governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the Chapter 11 Cases (the "**General Bar Date**"); (b) March 27, 2023, at 5:00 p.m., prevailing Eastern Time, as the deadline for all governmental units (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim in the Chapter 11 Cases (the "**Governmental Bar Date**"); (c) the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days from the date on which the Debtors provide notice of an amendment or supplement to the Schedules as the deadline by which persons or entities affected by such amendment or supplement must file proofs of claim in the Chapter 11 Cases; and (d) the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m., prevailing Eastern Time, on the date that is thirty (30) days

following the entry of an order approving rejection of any executory contract or unexpired lease of the Debtors as the deadline by which persons or entities asserting claims resulting from such rejection must file proofs of claim in the Chapter 11 Cases.

24. On November 28, 2022, the Debtors filed their Schedules (Docket Nos. 280-297). The General Bar Date therefore expired at 5:00 p.m., prevailing Eastern Time, on January 9, 2023. The Governmental Bar Date expired at 5:00 p.m., prevailing Eastern Time, on March 27, 2023.

25. The following class (the "**Voting Class**") is impaired but entitled to receive distributions under the Proposed Plan and, thus, may vote to accept or reject the Proposed Plan, subject to certain exceptions discussed below:

| Class | Description |
| --- | --- |
| Class 3 | Prepetition Lender Claims |

26. Section 1126(f) of the Bankruptcy Code provides that, for the purposes of soliciting votes on confirmation of a plan of reorganization, "a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. § 1126(f).

27. The Proposed Plan does not impair certain Claims and Interests. Pursuant to section 1126 of the Bankruptcy Code, the holders of such Claims and Interests are unimpaired and, therefore, presumed to accept the Proposed Plan pursuant to section 1126(f) of the Bankruptcy Code. Moreover, certain classes are impaired and otherwise not entitled to receive a distribution under the Proposed Plan and, therefore, deemed to reject pursuant to section 1126(g) of the Bankruptcy Code (collectively, the "**Non-Voting Creditors and Interest Holders**"). Holders of

Claims and/or Interests in the following classes (collectively, the "**Non-Voting Classes**") constitute Non-Voting Creditors and Interest Holders who are not entitled to vote:

| Class | Description | Impairment | Acceptance / Rejection |
|-------|-------------|------------|------------------------|
| Class 1 | Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 4 | General Unsecured Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 5 | Intercompany Claims | Unimpaired or Impaired | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| Class 6 | Intercompany Interests | Unimpaired or Impaired | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| Class 7 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

28.    Claims or Interests in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 5 (Intercompany Claims), and Class 6 (Intercompany Interests) are, or may be, unimpaired (the holders of such claims, collectively, the "**Unimpaired Non-Voting Holders**").  Accordingly, pursuant to section 1126(f) of the Bankruptcy Code, the Unimpaired Non-Voting Holders are, or may be, conclusively deemed to have accepted the Proposed Plan and, thus, are not entitled to vote.  The Debtors propose to send to the Unimpaired Non-Voting Holders a notice of non-voting status, substantially in the form annexed to the Proposed Order as **Exhibit 3** ("**Notice of Non-Voting Status – Unimpaired Classes**") and the Confirmation Hearing Notice (as defined below).

29.    Claims in Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), Class 6 (Intercompany Interests), and Class 7 (Existing Equity Interests) are, or may be, impaired and holders thereof shall neither receive nor retain any property under the Proposed Plan

(such holders, collectively, the "**Impaired Non-Voting Holders**").   Accordingly, pursuant to section 1126(g) of the Bankruptcy Code, the Impaired Non-Voting Holders are conclusively deemed to have rejected the Proposed Plan and, thus, are not entitled to vote.  The Debtors propose to send to the Impaired Non-Voting Holders a notice of non-voting status, substantially in the form annexed to the Proposed Order as **Exhibit 4** ("**Notice of Non-Voting Status – Impaired Classes**"), the Confirmation Hearing Notice, and a USB flash driving containing the Proposed Order, as entered by the Bankruptcy Court and without attachments, the Disclosure Statement (as defined below), and the Proposed Plan.

I.      **Calculation of Claims for Voting Purposes**

30.      Pursuant to section 1126(a) of the Bankruptcy Code, the holder of an "allowed" claim may accept or reject a chapter 11 plan.  Under the Bankruptcy Code, a class accepts a chapter 11 plan if (a) holders of two-thirds (2/3) in amount, and (b) with respect to holders of claims, more than a majority in number of the allowed claims in such class (other than those designated under section 1126(e) of the Bankruptcy Code) vote to accept the plan. 11 U.S.C. § 1126.  Holders of claims or interests that fail to vote are not counted in determining the thresholds for acceptance of the plan.

31.      Pursuant to the DIP Order, the Prepetition Lender Claims are deemed to constitute Allowed Claims.  Solely for purposes of voting to accept or reject the Proposed Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, each Claim in the Voting Class shall be equal to the amount of such Claim as set forth in the register of holders as maintained by Barclays Bank, PLC, as administrative agent under the Prepetition Credit Agreement (the "**Prepetition First Lien Administrative Agent**").  Such register must be provided by the Prepetition First Lien Administrative Agent to the Debtors in electronic Microsoft Excel

RLF1 28877659V.1

format no later than two (2) business days following the Voting Record Date, and must include account holders' names, mailing addresses, and amounts held as of the Voting Record Date.

32.     The Debtors believe that the foregoing proposed procedures provide for a fair and equitable voting process.

**II.     The Voting Record Date**

33.     Bankruptcy Rule 3017(d) provides, in relevant part, that, for the purposes of soliciting votes in connection with the confirmation of a plan of reorganization, "creditors and equity security holders [must] include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d).

34.     To identify and set the universe of creditors entitled to vote on the Proposed Plan, the Debtors request that the Bankruptcy Court set **May 4, 2023** as the date for determining which creditors are entitled to vote on the Proposed Plan (the "**Voting Record Date**"). With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Proposed Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Proposed Plan made by the holder of such Claim as of the Voting Record Date.

RLF1 28877659V.1

35.     In addition, the Debtors request that the Bankruptcy Court establish the Voting Record Date as the date for determining which creditors and Interest holders in Non-Voting Classes are entitled to receive a Notice of Non-Voting Status.  The Debtors believe that the Voting Record Date is appropriate, as it facilitates the determination of which creditors are entitled to vote on the Proposed Plan or, in the case of Non-Voting Creditors and Interest Holders, to receive the applicable Notice of Non-Voting Status.

### III.     Approval of Solicitation Packages and Procedures for Distribution Thereof

36.     Bankruptcy Rule 3017(d) lists the materials that must be provided to holders of Claims and Interests for the purpose of soliciting votes on a chapter 11 plan and providing adequate notice of the hearing to consider confirmation thereof.  Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, that:

> [u]pon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:
>
> (a)     the plan or a court-approved summary of the plan;
>
> (b)     the disclosure statement approved by the court;
>
> (c)     notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (d)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

Fed. R. Bankr. P. 3017(d).

37.     The Debtors propose to mail or cause to be mailed solicitation packages (the "**Solicitation Packages**") containing the information described below as soon as practicable

after entry of an order approving the Proposed Disclosure Statement (as approved, the "**Disclosure Statement**") as containing adequate information pursuant to section 1125 of the Bankruptcy Code, but not later than three (3) business days after the date of entry of an order approving the Disclosure Statement (the "**Solicitation Date**"), to the U.S. Trustee and holders of Claims in the Voting Class, as required by Bankruptcy Rule 3017(d).

38.     In accordance with Bankruptcy Rule 3017(d), Solicitation Packages shall contain copies of:

(a)     the *Notice of (I) Approval of Disclosure Statement (II) Establishment of Voting Record Date, (III) Hearing on Confirmation of the Proposed Plan, (IV) Procedures for Objecting to the Confirmation of the Proposed Plan, and (V) Procedures and Deadline for Voting on the Proposed Plan*, in substantially the form of **Exhibit 1** to the Proposed Order (the "**Confirmation Hearing Notice**");

(b)     a USB flash driving containing the Proposed Order, as entered by the Bankruptcy Court and without attachments, the Proposed Plan and the Disclosure Statement; and

(c)     if the recipient is entitled to vote on the Proposed Plan (as set forth herein), a Ballot (as defined below) customized for such holder (if applicable) and conforming to Official Bankruptcy Form No. B 314, in the form described below, and a postage-prepaid return envelope.[3]

39.     The Proposed Plan and Disclosure Statement will be available at no charge via the internet at https://cases.stretto.com/phoenix.  Any creditor entitled to receive a copy of the Proposed Plan and the Disclosure Statement may request an electronic copy on a USB flash drive or paper copy by contacting Stretto in writing at Phoenix Services Balloting, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by email to PhoenixInquiries@stretto.com.  Upon receipt of such request, the Debtors will provide such creditor or Interest holder with a paper copy

---

[3]     Official Bankruptcy Form No. B 314 can be found at http://www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.

of the Proposed Plan and the Disclosure Statement at no cost to the creditor or Interest holder within five (5) days thereafter.

40.    The Debtors will not mail Solicitation Packages to creditors that have Claims that have already been paid in full; *provided, however*, that if any such creditor would be entitled to receive a Solicitation Package for any other reason, then the Debtors will send such creditor a Solicitation Package in accordance with the procedures set forth herein.

41.    The Debtors anticipate that the United States Postal Service may return some Solicitation Packages as undeliverable.  The Debtors submit that it is costly and wasteful to mail Solicitation Packages to the same addresses from which mail previously was returned as undeliverable.  Therefore, the Debtors request the Bankruptcy Court waive the strict notice rule and excuse the Debtors from mailing Solicitation Packages to addresses from which the Debtors received mailings returned as undeliverable, unless the Debtors are provided with a new mailing address sufficiently before the Voting Deadline.

42.    The Debtors further request authority to make non-substantive changes to the Disclosure Statement, the Proposed Plan, and related documents without further order of the Bankruptcy Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes to the Proposed Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages prior to mailing.

43.    The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures and requests the Bankruptcy Court's approval thereof.

## IV.    Approval of Notices of Non-Voting Status

44.    Bankruptcy Rule 3017(d) permits a court to order that the Proposed Plan and Disclosure Statement need not be mailed to unimpaired classes.  In lieu thereof, a bankruptcy

court may order that "notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, [and] notice of the time fixed for filing objections to and the hearing on confirmation" be mailed to such classes.

45.     As discussed above, the Non-Voting Classes are either (a) unimpaired and presumed to accept the Proposed Plan, or (b) impaired and deemed to reject the Proposed Plan. Accordingly, the Debtors propose to mail: (i) the Confirmation Hearing Notice and the Notice of Non-Voting Status – Unimpaired Classes to holders of Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 5 (Intercompany Claims), and Class 6 (Intercompany Interests); and (ii) the Confirmation Hearing Notice, the Notice of Non-Voting Status – Impaired Classes, and a USB flash drive containing the Proposed Order, as entered by the Bankruptcy Court and without attachments, the Disclosure Statement, and the Proposed Plan to holders of Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims), Class 6 (Intercompany Interests), and Class 7 (Existing Equity Interests).  The Debtors will also mail the Confirmation Hearing Notice, and a USB flash drive containing the Proposed Disclosure Statement and the Proposed Plan to the holders of unclassified Claims.

46.     Each Notice of Non-Voting Status provides (a) notice of the approval of the Disclosure Statement, (b) notice of the filing of the Proposed Plan, (c) notice of the holder's non-voting status, and (d) information on how to obtain copies of the Disclosure Statement and Proposed Plan.

47.     The Debtors submit that the above procedures satisfy the requirements of Bankruptcy Rule 3017(d).  Accordingly, the Debtors request that the Bankruptcy Court direct that the Solicitation Package need not be mailed to Non-Voting Creditors and Interest Holders.

## V.     Approval of Forms of Ballots

48.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Bankruptcy Form No. B 314, to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  The Debtors propose to distribute to holders of Claims in the Voting Class that are otherwise eligible to vote, ballots substantially in the form attached to the Proposed Order as **<u>Exhibit 2</u>** (collectively, the "**Ballots**"), which are incorporated herein by reference.  Although the Ballots are based on Official Bankruptcy Form No. B 314, they have been modified to address the specific circumstances of these chapter 11 cases and to include certain additional information that the Debtors believe is relevant and appropriate for the Voting Class.

## VI.    The Voting Deadline

49.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of [a] disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject [a] plan . . . ." Fed. R. Bankr. P. 3017(c).  The Debtors anticipate completing substantially all mailing of the Solicitation Packages by the Solicitation Date.  Based on such schedule, the Debtors propose that, to be counted as a vote to accept or reject the Proposed Plan, each Ballot must be properly executed, completed, and delivered to Stretto: (a) by first-class mail (whether in the return envelope provided with each Ballot or otherwise); (b) by overnight courier; by (c) by hand delivery or (d) via Stretto's online balloting portal so that it is actually received by Stretto no later than **June 9, 2023 at 4:00 p.m.** (the "**Voting Deadline**").  The Debtors submit that the proposed [28-day] solicitation period is a sufficient period within which creditors can make an informed decision whether to accept or reject the Proposed Plan.

21

50.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by Stretto (the "**E-Ballot Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  If applicable, instructions for electronic, online transmission of Ballots will be set forth on the forms of Ballots.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

## VII.    Tabulation Procedures

51.     In addition, the Debtors request that the following procedures apply to tabulating Ballots:

(a)     Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballots being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Proposed Plan.

(b)     Whenever a holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect such holder's intent, and thus, to supersede any prior Ballot.

(c)     Whenever a holder of a Claim casts a Ballot that is properly completed, executed and timely returned to Stretto, but does not indicate either an acceptance or rejection of the Proposed Plan, the Ballot will not be counted.

(d)     Whenever a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to Stretto, but indicates both an acceptance and a rejection of the Proposed Plan, the Ballot will not be counted.

(e)     A holder of a Claim in the Voting Class shall be deemed to have voted the full amount of its Claim or Interest in such Class and shall not be entitled to

22

split its vote.  Any Ballot that partially accepts and partially rejects the Proposed Plan will not be counted.

(f)     Whenever a holder of a Claim casts Ballots received by Stretto on the same day, but which are voted inconsistently, such Ballots will not be counted.

(g)     The following Ballots shall not be counted:

    i.     Any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

    ii.     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

    iii.     Any Ballot cast by a person or entity that does not hold a Claim in the Voting Class;

    iv.     Any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in the Voting Class;

    v.     Any unsigned Ballot;

    vi.     Any Ballot which the Bankruptcy Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

    vii.     Any Ballot transmitted to Stretto by means not specifically approved herein.

(h)     If a Ballot is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by Stretto, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

(i)     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the voting certification filed by Stretto (the "**Voting Certification**").

(j)     Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots

other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

(k)     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

(l)     The Debtors are authorized to enter into stipulations or other agreements with the holder of any Claim agreeing to the amount of a Claim for voting purposes.

52.     To assist in the solicitation process, the Debtors request that the Bankruptcy Court grant Stretto the authority to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided*, *however*, that Stretto is not obligated to do so.

## Confirmation

### I.     The Confirmation Hearing

53.     Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall . . . fix a date for the hearing on confirmation" of a chapter 11 plan.  Fed. R. Bankr. P. 3017(c).  Pursuant to Bankruptcy Rule 2002(b), creditors must receive at least twenty-eight (28) days' notice of a confirmation hearing.  In accordance with these rules, and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors request that a hearing on confirmation of the Proposed Plan (the "**Confirmation Hearing**") be scheduled for **June 16, 2023**, or on such date and time as is convenient to the Bankruptcy Court.  The Confirmation Hearing may be adjourned or continued from time to time without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court.  The Debtors request that the Bankruptcy Court find that the proposed date for the Confirmation Hearing is in compliance with the

Bankruptcy Rules and the Local Rules, and will enable the Debtors to pursue confirmation of the Proposed Plan in a timely fashion.

## II.     Objection Procedures

54.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Bankruptcy Rule 2002(b) provides that parties must receive at least twenty-eight (28) days' notice of the deadline for filing objections to confirmation.   Accordingly, and in view of the Debtors' proposed solicitation schedule outlined herein, the Debtors propose **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)** as the deadline to object or respond to confirmation of the Proposed Plan (the "**Plan Objection Deadline**").

55.     The Debtors request that objections and responses, if any, to confirmation of the Proposed Plan: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (d) provide the basis for the objection and the specific grounds thereof; and (e) be filed, together with proof of service.

56.     The Debtors further request that registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

57.     Any objection or response also must be served upon and received by the Notice Parties no later than the Plan Objection Deadline.  Pursuant to Bankruptcy Rule 3020(b), "[i]f no objection is timely filed, the [C]ourt may determine that the plan has been proposed in

25

good faith and not by any means forbidden by law without receiving evidence on such issues." Fed. R. Bankr. P. 3020(b)(2).

58.     The Debtors submit that, if there are objections to confirmation, it will assist the Bankruptcy Court and may streamline the Confirmation Hearing if the Debtors file a reply to any such objections.  Accordingly, the Debtors request that they be authorized to file and serve a reply to any such objections by **June 14, 2023 at 12:00 p.m.** (the "**Reply Deadline**").

59.     The Debtors also request that the Bankruptcy Court establish the Reply Deadline as the deadline for the Debtors to file their brief in support of confirmation of the Proposed Plan, the Voting Certification and any affidavits or declarations in support of confirmation of the Proposed Plan.  In addition, the Debtors request that any party in interest be permitted to file and serve a statement in support of confirmation of the Proposed Plan and/or reply to any objection to confirmation of the Proposed Plan by the Reply Deadline.

60.     The Debtors respectfully request that the Bankruptcy Court approve the procedures for filing objections to the Proposed Plan and replies thereto and find that such procedures comply with Bankruptcy Rules 2002, 3017, and 3020.

## III.     Confirmation Hearing Notice

61.     Pursuant to Bankruptcy Rule 3017(d), notice of a plan confirmation objection deadline and hearing must be provided to all creditors and equity security holders in accordance with Bankruptcy Rule 2002.  Bankruptcy Rules 2002(b) and (d) require notice to all creditors, indenture trustees, and equity security holders of the time set for filing objections to, and the hearing to consider confirmation of a plan.

62.     In accordance with the foregoing, by **no later than the Solicitation Date**, the Debtors propose to provide a copy of the Confirmation Hearing Notice setting forth, among

RLF1 28877659V.1

other things, (a) the Voting Deadline; (b) the Plan Objection Deadline and procedures for filing objections and responses to confirmation of the Proposed Plan; and (c) the time, date, and place for the Confirmation Hearing, with service provided by electronic and/or first class mail on the Notice Parties.

63.     The Debtors submit that the foregoing notice procedures comply with all notice requirements under Bankruptcy Rules 3017(d) and 2002(b) and (d).  Accordingly, the Debtors request that the Bankruptcy Court find that such notice is due and proper and no further notice is necessary.  Moreover, Bankruptcy Rule 2002(l) permits the Bankruptcy Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice."  Fed. R. Bankr. P. 2002(l).  The Debtors propose to publish the Confirmation Hearing Notice, with such modifications as the Debtors may deem appropriate for purposes of publication (the "**Publication Notice**"), at least 28 days prior to the date of the Confirmation Hearing, in the national edition of *The New York Times* and, in the Debtors' discretion, such trade or other local publications of general circulation as the Debtors shall determine.  The Debtors believe that publication of this notice will give sufficient notice of the Confirmation Hearing to persons who do not otherwise receive notice by electronic or first class mail.

## Notice

64.     Notice of this Motion will be provided to: (a) the U.S. Trustee (Attn: Linda J. Casey, Esq.); (b)(i) Squire Patton Boggs (US) LLP, 1211 Avenue of the Americas, 26th Floor, New York, New York 10036 (Attn: Stephen D. Lerner, Esq., Norman N. Kinel, Esq., and Travis A. McRoberts, Esq.), and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Justin R. Alberto, Esq., Patrick J. Reilley, Esq., and Michael E. Fitzpatrick, Esq.), as co-counsel to the Creditors' Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e)(i) Gibson, Dunn & Crutcher LLP, 200

RLF1 28877659V.1

Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg, Esq., Steven A. Domanowski, Esq., Matthew J. Williams, Esq., and Jason Zachary Goldstein, Esq.), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Laura Davis Jones, Esq.), as co-counsel to the Ad Hoc Group; (f) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq. and James Savin, Esq.), as counsel to Apollo Global Management, Inc.; (g) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Esq. and Jonah A. Peppiatt, Esq.), as counsel to the First Lien Agent; and (h) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").  The Debtors respectfully submit that no further notice is required.  No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of this page intentionally left blank]*

RLF1 28877659V.1

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Bankruptcy Court may deem just and appropriate.

Dated:  April 18, 2023
Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana, Esq. (No. 6681)
Emily R. Mathews, Esq. (No. 6866)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, Esq. (admitted *pro hac vice*)
Jeffrey D. Saferstein, Esq. (admitted *pro hac vice*)
Garrett A. Fail, Esq. (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

RLF1 28877659V.1