**EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                              :
In re                                         :      Chapter 11
                                              :
PHOENIX SERVICES TOPCO, LLC, et al.,          :      Case No. 22-10906 (MFW)
                                              :
        Debtors.¹                             :      (Jointly Administered)
                                              :
                                              :
                                              :
-------------------------------------------------------- x
```

**ORDER (I) APPROVING
PROPOSED DISCLOSURE STATEMENT AND
FORM AND MANNER OF NOTICE OF DISCLOSURE
STATEMENT HEARING, (II) ESTABLISHING SOLICITATION
AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION
HEARING, (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
CONFIRMATION OF PROPOSED PLAN, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Phoenix Services Topco, LLC and its debtor

affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession

(collectively, the "**Debtors**"), for entry of an order (a) approving of the form and manner of notice

and hearing to consider the proposed *Disclosure Statement for Joint Chapter 11 Plan of*

*Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates* filed on April 4, 2023

(Docket No. 680) (the "**Proposed Disclosure Statement**"), (b) approving the Proposed

Disclosure Statement as containing adequate information pursuant to section 1125 of the

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Bankruptcy Code, (c) scheduling a hearing (the "**Confirmation Hearing**") to consider confirmation of the proposed *Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates* filed on April 4, 2023 (Docket No. 677) (the "**Proposed Plan**"), (d) approving the solicitation procedures for the Proposed Plan, and (e) approving the confirmation procedures for the Proposed Plan pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the Bankruptcy Code, Rules 2002, 3003, 3017, 3020, and 9006 of the Bankruptcy Rules and Rules 2002-1, 3017-1, and 9006-1 of the Local Rules, all as more fully set forth in the Motion (Docket No. [●]); and the Bankruptcy Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409*; and* due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Bankruptcy Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections to the Motion having been withdrawn, resolved or overruled; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Bankruptcy Court and after due deliberation and sufficient cause appearing therefor,

IT IS FOUND AND DETERMINED THAT:

A.    <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.  Notice of the hearing to consider approval of the Proposed Disclosure

Statement (the "**Disclosure Statement Hearing**") and the deadline for filing objections to the Proposed Disclosure Statement, as detailed in the Motion, provided due, proper, and adequate notice, comported with due process and complied with Bankruptcy Rules 2002 and 3017 and Local Rules 2002-1, 3017-1, and 9006-1. No further notice is required.

B.    <u>The Disclosure Statement</u>. The Proposed Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code. No further information is necessary.

C.    <u>Balloting and Voting Procedures</u>. The procedures set forth in the Motion for the solicitation and tabulation of votes to accept or reject the Proposed Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

D.    <u>Ballots</u>. The ballots substantially in the form annexed hereto as **Exhibit 2** (collectively, the "**Ballots**"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Proposed Plan. No further information or instructions are necessary.

E.    <u>Parties Entitled to Vote</u>. Pursuant to the Proposed Plan, holders of Class 3 (Prepetition Lender Claims) Claims are impaired and are entitled to receive a distribution under the Proposed Plan. Accordingly, holders of Allowed Claims in such class are entitled to vote on account of such Claims.

F.    <u>Parties Not Entitled to Vote</u>. Pursuant to the Proposed Plan, the following holders of Claims and/or Interests are not entitled to vote on account of such Claims and/or Interests: (i) holders of Claims in Class 1 (Priority Non-Tax Claims) and Class 2 (Other Secured Claims), are unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are

3

conclusively presumed to accept the Proposed Plan; (ii) holders of Claims in Class 4 (General Unsecured Claims), and Class 7 (Existing Equity Interests) are impaired but shall neither receive nor retain any property under the Proposed Plan, and, accordingly, pursuant to section 1126(g) of the Bankruptcy Code, are conclusively deemed to have rejected the Proposed Plan; (iii) holders of Claims in Class 5 (Intercompany Claims) and Class 6 (Intercompany Interests) will either be (a) unimpaired, and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, conclusively be presumed to accept the Proposed Plan, or (b) impaired but neither receive nor retain any property under the Proposed Plan, and, accordingly, pursuant to section 1126(g) of the Bankruptcy Code, conclusively be deemed to have rejected the Proposed Plan; and (iv) holders of Administrative Expense Claims, Fee  Claims, Priority Tax Claims, DIP Claims and DIP Professional Fees, which are not classified under the Plan.

G.    <u>Notices of Non-Voting Status</u>.    The Notices of Non-Voting Status, substantially in the forms attached hereto as **<u>Exhibit 3</u>** and **<u>Exhibit 4</u>**, comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice and, where applicable, the Proposed Disclosure Statement and the Proposed Plan, provide adequate notice to the Non-Voting Creditors and Interest Holders of their non-voting status.  No further notice is necessary.

H.    <u>Solicitation</u>.  The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Voting Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.  The period proposed by the Debtors in the Motion during which the Debtors may solicit votes to accept or reject the Proposed Plan is a reasonable and sufficient period of time for the Voting Class to make an informed decision

4

regarding whether to accept or reject the Proposed Plan and timely return Ballots evidencing such decision.

       I.      <u>Notice of Confirmation Hearing and Plan Objection Deadline</u>.  The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the Confirmation Hearing and for filing objections or responses to the Proposed Plan, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1.  No further notice is required.

       J.      <u>Notice</u>.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

       K.      <u>Relief is Warranted</u>.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth herein.

**Disclosure Statement**

2.      The Proposed Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

3.      All objections, if any, to the Proposed Disclosure Statement or Disclosure Statement procedures that have not been withdrawn or resolved as provided for in the record of the hearing are overruled.

4.      The form and manner of the notice of the hearing on the Proposed Disclosure Statement complied with all applicable Bankruptcy Rules and Local Rules.

5.      The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Proposed Plan, in accordance with Bankruptcy Rule 3016(c).

**Solicitation and Voting Procedures**

### *Calculation of Claims for Voting Purposes*

6.      Pursuant to the DIP Order, the Prepetition Lender Claims are deemed to constitute Allowed Claims.  Solely for purposes of voting to accept or reject the Proposed Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, each Claim in the Voting Class shall be equal to the amount of such Claim as set forth in the register of holders as maintained by Barclays Bank, PLC, as administrative agent under the Prepetition Credit Agreement (the "**Prepetition First Lien Administrative Agent**"), which was provided by the Prepetition First Lien Administrative Agent to the Debtors in electronic Microsoft Excel on May [●], 2023 and included the account holders' names, mailing addresses, and amounts held as of the Voting Record Date; *provided,* that, the Prepetition First Lien Administrative Agent shall not have or incur any loss or liability in connection with any action taken or not taken in connection with the implementation of this Order or the solicitation of votes to accept or reject the Plan.

7.      Nothing in this Order shall affect or limit any party's rights to object to any Proof of Claim.

8.      Each creditor that votes to accept or reject the Proposed Plan is deemed to have voted the full amount of its Claim therefor.

### *The Voting Record Date*

9.      The Voting Record Date shall be set as **May 4, 2023**.  Only holders of Claims as of the Voting Record Date shall be entitled to vote to accept or reject the Proposed Plan.

10.     The record holders of Claims shall be determined, as of the Voting Record Date, based upon the records of the Debtors and Stretto.  Accordingly, any notice of claim transfer received by the record holder of the Debtors' debt securities, the Debtors, Stretto, or other similarly situated registrar after the Voting Record Date shall not be recognized for purposes of voting or receipt of the Proposed Plan confirmation materials.

11.     With respect to transfers of Claims filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim is entitled to vote with respect to the Proposed Plan, cast a Ballot on account of such Claim only if: (a) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer; and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Proposed Plan made by the holder of such Claim as of the Voting Record Date.

### *Solicitation Packages*

12.     The Solicitation Packages are **APPROVED**.

13.     The Debtors shall mail the Solicitation Packages no later than **three (3) business days following the date of entry of the Disclosure Statement Order** (the "**Solicitation Date**") to the U.S. Trustee and holders of Claims in the Voting Class entitled to vote on the Proposed Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

14.     Solicitation Packages shall contain a copy of:

    a.  the Confirmation Hearing Notice;

    b.  a Ballot for the applicable Class and holder; and

7

c.  a USB flash drive containing this Order (without attachments), the Proposed Plan, and the Disclosure Statement.

15.    Any creditor may request an additional copy of the Disclosure Statement (and attachments) in electronic format on a USB flash drive or paper format by telephone or by written request.  Upon receipt of a telephonic or written request, the Debtors will provide such creditor with a paper copy of the Proposed Plan and the Disclosure Statement at no cost to the creditor within five (5) days thereafter.

16.    The Debtors shall not be required to send Solicitation Packages to creditors that have Claims that have already been paid in full; *provided*, *however*, that if any such creditor would be entitled to receive a Solicitation Package for any other reason, then the Debtors shall send such creditor a Solicitation Package in accordance with the procedures set forth herein.

17.    With respect to addresses from which Solicitation Packages are returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Proposed Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Proposed Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

### *Notices of Non-Voting Status*

18.    The Notices of Non-Voting Status are **APPROVED**.

19.    To the holders of Claims and/or Interests in Non-Voting Classes, the Debtors shall send the applicable Notice of Non-Voting Status substantially in the forms attached hereto as **Exhibit 3** and **Exhibit 4**.

8

RLF1 28877659V.1

*Ballots*

20.     The Ballots, substantially in the form attached hereto as **Exhibit 2**, are **APPROVED**.

21.     The Debtors are authorized to make non-substantive changes to the Ballots and related documents without further order of the Bankruptcy Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes to the Ballots and any other materials in the Solicitation Packages prior to mailing.

22.     The Voting Deadline shall be **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

23.     All Ballots must be properly executed, completed, and delivered to Stretto by first-class mail, overnight courier, or hand delivery so that they are **actually received** by Stretto no later than the Voting Deadline.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by Stretto (the "**E- Ballot Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  If applicable, instructions for electronic, online transmission of Ballots will be set forth on the forms of Ballots. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

*Tabulation Procedures*

24.     The following tabulation procedures are **APPROVED**.

9

(a)     Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballots being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Proposed Plan.

(b)     Whenever a holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect such holder's intent, and thus, to supersede any prior Ballot.

(c)     Whenever a holder of a Claim casts a Ballot that is properly completed, executed and timely returned to Stretto, but does not indicate either an acceptance or rejection of the Proposed Plan, the Ballot will not be counted.

(d)     Whenever a holder of a Claim casts a Ballot that is properly completed, executed, and timely returned to Stretto, but indicates both an acceptance and a rejection of the Proposed Plan, the Ballot will not be counted.

(e)     A holder of a Claim in the Voting Class shall be deemed to have voted the full amount of its Claim in such Class and shall not be entitled to split its vote.  Any Ballot that partially accepts and partially rejects the Proposed Plan will not be counted.

(f)     Whenever a holder of a Claim casts Ballots received by Stretto on the same day, but which are voted inconsistently, such Ballots will not be counted.

(g)     The following Ballots shall not be counted:

   i.     Any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

   ii.     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant or interest holder;

   iii.     Any Ballot cast by a person or entity that does not hold a Claim in the Voting Class;

   iv.     Any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in the Voting Class;

   v.     Any unsigned Ballot;

   vi.     Any Ballot which the Bankruptcy Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

10

vii.      Any Ballot transmitted to Stretto by means not specifically approved herein.

(h)      If a Ballot is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by Stretto, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

(i)      The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

(j)      Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

(k)      Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

(l)      The Debtors are authorized to enter into stipulations or other agreements with the holder of any Claim agreeing to the amount of a Claim for voting purposes.

25.      To assist in the solicitation process, Stretto may contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies; *provided*, *however*, that Stretto is not obligated to do so.

### The Confirmation Hearing

26.      The Confirmation Hearing shall be held on **June __, 2023 at __ (prevailing Eastern Time)**; *provided*, *however*, that the Confirmation Hearing may be adjourned or continued from time to time without further notice, including adjournments announced in open court or as

11

indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

### *Plan Supplement*

27.     The Debtors are authorized to file and serve a supplement to the Proposed Plan (the "**Plan Supplement**") on or before **June 2, 2023**, and to further supplement the Plan Supplement as necessary thereafter.  If the Voting Deadline or the Plan Objection Deadline is extended, the Debtors shall be authorized to file the Plan Supplement by the earlier of seven (7) days prior to such extended Voting Deadline or Plan Objection Deadline, as applicable.

28.     The deadline to object or respond to confirmation of the Proposed Plan shall be **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)**.

29.     Objections and responses, if any, to confirmation of the Proposed Plan, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party, the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (d) set forth the basis for the objection and the specific grounds therefor, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; and (e) be filed, together with proof of service.

30.     Registered users of this Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

31.     Pursuant to Bankruptcy Rule 3017, any objection or response also must be served upon and received by the following parties:

**Debtors**
Phoenix Services Topco, LLC, *et al.*
4 Radnor Corporate Center, Suite 520
100 Matsonford Road
Radnor, Pennsylvania 19807
Attn: Mark Porto and Robert Richard

**Counsel to the Debtors**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Ray C. Schrock, Esq.
        Jeffrey D. Saferstein, Esq.
        Garrett A. Fail, Esq.
Email: ray.schrock@weil.com
        jeffrey.saferstein@weil.com
        garrett.fail@weil.com

**Co-Counsel to the Consenting Prepetition Lender Claim Holders**
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Attn: Scott Greenberg, Esq.
        Steven A. Domanowski, Esq.
        Matthew Williams, Esq.
        Jason Goldstein, Esq.
Email: sgreenberg@gibsondunn.com
        sdomanowski@gibsondunn.com
        mjwilliams@gibsondunn.com
        jgoldstein@gibsondunn.com

**Co-Counsel to the Creditors' Committee**
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn: Justin R. Alberto, Esq.
        Patrick J. Reilley, Esq.
        Michael E. Fitzpatrick, Esq.
Email: jalberto@coleschotz.com
        preilley@coleschotz.com
        mfitzpatrick@coleschotz.com

**Office of the U.S. Trustee**
Office of the U.S. Trustee for
the District of Delaware
844 King Street
Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Attn: Linda Casey, Esq.

**Co-Counsel to the Debtors**
Richards, Layton, & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Attn: Daniel J. DeFranceschi, Esq.
        Zachary I. Shapiro, Esq.
Email: defranceschi@rlf.com
        shapiro@rlf.com

**Co-Counsel to the Consenting Prepetition Lender Claim Holders**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899
Attn: Laura Davis Jones, Esq.
Email: ljones@pszjlaw.com

**Co-Counsel to the Creditors' Committee**
Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th
Floor
New York, NY 10036
Attn: Stephen D. Lerner, Esq.
        Norman N. Kinel, Esq.
        Travis A. McRoberts, Esq.
Email: stephen.lerner@squirepb.com
        norman.kinel@squirepb.com
        travis.mcroberts@squirepb.com

13

32.     Objections to confirmation of the Proposed Plan that are not timely filed, served and actually received in the manner set forth above may not be considered and may be deemed overruled.

33.     The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Proposed Plan either separately or by a single, consolidated reply, the Voting Certification and any affidavits or declarations in support of confirmation of the Proposed Plan on or before **June 14, 2023 at 12:00 p.m. (prevailing Eastern Time)** (the "**Reply Deadline**").  In addition, any party in interest may file and serve a statement in support of confirmation of the Proposed Plan and/or a reply to any objections to confirmation of the Proposed Plan by the Reply Deadline.  If the Confirmation Hearing is adjourned, the Reply Deadline shall be 12:00 p.m. (prevailing Eastern Time) on the date that is two (2) business days prior to the date of the adjourned Confirmation Hearing.

### *Confirmation Hearing Notice*

34.     The Confirmation Hearing Notice substantially in the form attached hereto as **<u>Exhibit 1</u>** is **APPROVED**, and provides due, proper, and adequate notice, comports with due process and complies with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1.

35.     The Debtors shall publish the Publication Notice at least twenty-eight (28) calendar days prior to the date of the Confirmation Hearing (or as soon as practicable thereafter) in the national edition of *The New York Times* and shall be authorized (but not required) to publish the Publication Notice in such trade or other local publications of general circulation as the Debtors shall determine.

### *General*

36.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Proposed Plan, the Ballots, and related documents without further order

of the Bankruptcy Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Proposed Plan, and any other materials in the Solicitation Packages prior to mailing.

37.    The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

38.    The Debtors, DIP Agent, the Ad Hoc Group, and their respective advisors are authorized to take all steps reasonably necessary to launch the New Money Exit Debt Syndication, including, but not limited to, soliciting participation in the New Money Exit Debt. Notwithstanding anything herein to the contrary, approval of the New Money Exit Debt, the Participation Premium, and the Backstop Premium is subject to Court approval pursuant to the Confirmation Order.

39.    This Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

## **EXHIBIT 1**

**Confirmation Hearing Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                                  :

In re                        :          **Chapter 11**
                                  :

**PHOENIX SERVICES TOPCO, LLC,** *et al.,*  :          **Case No. 22-10906 (MFW)**
                                  :

           **Debtors.**[1]         :          **(Jointly Administered)**
                                  :
                                  :
                                  :
---------------------------------------------------------- x

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) HEARING ON CONFIRMATION OF THE PROPOSED PLAN, (IV) PROCEDURES FOR OBJECTION TO THE CONFIRMATION OF THE PROPOSED PLAN, AND (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PROPOSED PLAN

**TO ALL PARTIES IN INTEREST:**

           **PLEASE TAKE NOTICE THAT:**

        1.     *Approval of Disclosure Statement*.  On May 9, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") held a hearing (the "**Disclosure Statement Hearing**") at which it approved the *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates*, filed on April 4, 2023 (Docket No. 680) (as may be amended, modified, or supplemented, the "**Disclosure Statement**")[2] in Phoenix Services Topco, LLC and its debtor affiliates' chapter 11 cases (collectively, the "**Debtors**"), and thereafter entered an order (the "**Order**") with respect thereto.  The Order, among other things, authorizes the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates*, filed on April 4, 2023 (Docket No. 677) (as may be amended, modified, or supplemented, the "**Proposed Plan**").

        2.     *Confirmation Hearing*.  A hearing to consider confirmation of the Proposed Plan (the "**Confirmation Hearing**") has been scheduled before the Honorable Mary F. Walrath, United States Bankruptcy Judge, in the Bankruptcy Court, 824 North Market Street, 5th Floor, Courtroom 4, Wilmington, Delaware 19801, on **June __, 2023 at __ (prevailing Eastern Time)**.  The Confirmation Hearing may be adjourned or continued from time to time without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Proposed Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement or the Proposed Plan (as defined herein), as applicable, or as the context otherwise requires.

3.      *Voting Record Date*.  The following holders of Claims against the Debtors as of **May 4, 2023** (the "**Voting Record Date**") are entitled to vote on the Proposed Plan:

| Class | Description |
|-------|-------------|
| Class 3 | Prepetition Lender Claims |

4.      *Voting Deadline*.  All votes to accept or reject the Proposed Plan must be **actually <u>received</u>** by the Debtors' voting and tabulation agent, Stretto, Inc. ("**Stretto**"), by no later than **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5.      *Parties in Interest Not Entitled to Vote*.  Holders of Unimpaired Claims and/or Interests in classes deemed to accept the Proposed Plan are not entitled to vote and will not receive a Ballot.  In addition, holders of impaired Claims in classes deemed to reject the Proposed Plan are not entitled to vote and will not receive a Ballot.  Such holders will instead receive a Notice of Non-Voting Status.  Further, holders of Claims that are not classified under the Plan are not entitled to vote and will not receive a Ballot.

6.      *Objections to Confirmation*.  The deadline to object or respond to confirmation of the Proposed Plan is **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)** (the "**Plan Objection Deadline**").

7.      Objections and responses, if any, to confirmation of the Proposed Plan, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) set forth the name of the objecting party and the nature and amount of Claims or Interests held or asserted by the objecting party against the Debtors' estates or property; (d) provide the basis for the objection and the specific grounds therefor, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; and (e) be filed, together with proof of service.

8.      Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses in writing with the United States Bankruptcy Court Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 to the attention of the chambers of the Honorable Mary F. Walrath, United States Bankruptcy Judge.

Any objections or responses must be served so that they are **actually <u>received</u>** by the following parties no later than the Plan Objection Deadline:

*Debtors*
Phoenix Services Topco, LLC, *et al.*
4 Radnor Corporate Center, Suite 520
100 Matsonford Road
Radnor, Pennsylvania 19807
Attn:  Mark Porto and Robert Richard

*Office of the U.S. Trustee*
Office of the U.S. Trustee for
the District of Delaware
844 King Street
Suite 2207, Lockbox 35
Wilmington, Delaware 19801
Attn: Linda Casey, Esq.

*Counsel to the Debtors*
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn:  Ray C. Schrock, Esq.
        Jeffrey D. Saferstein, Esq.
        Garrett A. Fail, Esq.
Email:  ray.schrock@weil.com
        jeffrey.saferstein@weil.com
        garrett.fail@weil.com

*Co-Counsel to the Debtors*
Richards, Layton, & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Attn: Daniel J. DeFranceschi, Esq.
        Zachary I. Shapiro, Esq.
Email: defranceschi@rlf.com
        shapiro@rlf.com

2

***Co-Counsel to the Consenting Prepetition Lender Claim Holders***
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
Attn:  Scott Greenberg, Esq.
      Steven A. Domanowski, Esq.
      Matthew Williams, Esq.
      Jason Goldstein, Esq.
Email:  sgreenberg@gibsondunn.com
      sdomanowski@gibsondunn.com
      mjwilliams@gibsondunn.com
      jgoldstein@gibsondunn.com

***Co-Counsel to the Consenting Prepetition Lender Claim Holders***
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899
Attn:  Laura Davis Jones, Esq.
Email:  ljones@pszjlaw.com

***Co-Counsel to the Creditors' Committee***
Cole Schotz P.C.
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Attn:  Justin R. Alberto, Esq.
      Patrick J. Reilley, Esq.
      Michael E. Fitzpatrick, Esq.
Email:  jalberto@coleschotz.com
      preilley@coleschotz.com
      mfitzpatrick@coleschotz.com

***Co-Counsel to the Creditors' Committee***
Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Attn:  Stephen D. Lerner, Esq.
      Norman N. Kinel, Esq.
      Travis A. McRoberts, Esq.
Email:  stephen.lerner@squirepb.com
      norman.kinel@squirepb.com
      travis.mcroberts@squirepb.com

9.      **IF ANY OBJECTION TO CONFIRMATION OF THE PROPOSED PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PROPOSED PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

10.      ***Additional Information.***  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Proposed Plan should contact the Debtors' voting and tabulation agent, Stretto, in writing: Phoenix Services Ballotting, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or by email at PhoenixInquiries@stretto.com.  Interested parties may also review the Proposed Disclosure Statement and the Proposed Plan free of charge at https://cases.stretto.com/phoenix.  In addition, the Proposed Disclosure Statement and Proposed Plan are on file with the Bankruptcy Court and may be reviewed by accessing the Bankruptcy Court's website: www.deb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at:  www.pacer.psc.uscourts.gov. Copies of the Disclosure Statement and Proposed Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.

### NOTICE REGARDING CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS IN THE PROPOSED PLAN

11.      **Releases, Exculpation, and Injunctions under Article X.  Please be advised that under Article X of the Proposed Plan:**

12.      <u>**Releases by the Debtors**</u>

**As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, the Released Parties shall be deemed released and discharged by the Debtors, the Reorganized Debtors, and the Estates, and any Person seeking to exercise the rights of the Estates, and any successors to the Debtors or any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all claims, obligations, rights, suits, judgments,**

3

damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Estates, that the Debtors, the Reorganized Debtors, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the conduct of the Debtors' businesses, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, the Restructuring Transactions, or any of the transactions that are the subject of the Restructuring Transactions related to any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the Plan, and the Definitive Documents, or any related agreements, instruments, or other documents, and the negotiation, formulation, or preparation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, that, the foregoing shall not release any Cause of Action arising from an act or omission determined by Final Order to constitute gross negligence, willful misconduct, or intentional fraud.

13.    **Releases by Holders of Claims and Interests**

As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, except as specifically set forth elsewhere in the Plan, the Releasing Parties conclusively, absolutely, unconditionally, irrevocably, and forever discharge and release (and each entity so discharged and released shall be deemed discharged and released by the Releasing Parties) the Released Parties and their respective property from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including contract claims, claims under ERISA and all other statutory claims, claims for contributions, withdrawal liability, reallocation liability, redetermination liability, interest on any amounts, liquidated damages, claims for attorneys' fees or any costs or expenses whatsoever), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the Restructuring Transactions, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), any of the transactions that are the subject of the Restructuring Transactions related to any Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, the foregoing shall not release any Cause of Action arising from an act or omission determined by Final Order to constitute gross negligence, willful misconduct, or intentional fraud.

14.    **Exculpation**

Notwithstanding anything herein to the contrary, and to the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, Cause of Action, remedy, loss, and liability for any claim arising between the Petition Date and the Effective Date in connection with or arising out of the administration of the Chapter 11 Cases, the negotiation, formulation, preparation, dissemination, implementation, administration, confirmation, consummation, and pursuit of the Disclosure Statement, the Restructuring Transactions, the Plan, or the solicitation of votes for, or confirmation of, the

4

**Plan, the funding or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes on the Plan; the offer, issuance, and distribution of any Securities issued or to be issued pursuant to the Plan, whether or not such distribution occurs following the Effective Date, the occurrence of the Effective Date, negotiations regarding or concerning any of the foregoing, or the administration of the Plan or property to be distributed under the Plan, except for acts or omissions determined by Final Order to constitute gross negligence, willful misconduct, or intentional fraud, but in all respects, such Exculpated Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting such Exculpated Parties from liability.**

15.    **Injunction**

(a)    Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim or Interest extinguished, discharged, released or treated pursuant to the Plan.

(b)    Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in any or all of the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, released, or treated pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Released Parties or the property of any of the Released Parties; (ii) enforcing, levying, attaching (including any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Released Parties or the property of any of the Released Parties; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Released Parties or the property of any of the Released Parties; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Released Parties or the property of any of the Released Parties, except as contemplated or allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)    The injunctions in Section 10.5 of the Plan shall extend to any successors of the Debtors and the Reorganized Debtors and their respective property and interests in property.

**Except as is set forth in the Proposed Plan, election to withhold consent to the releases contained within Article X of the Proposed Plan is at the holders' option.**

16.    The Proposed Plan also contains other related provisions that may affect your rights against the Debtors.

RLF1 28877659V.1

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PROPOSED PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

Dated: May [●], 2023
      Wilmington, Delaware

 

                                           _____
                                           RICHARDS, LAYTON & FINGER, P.A.
                                           Daniel J. DeFranceschi, Esq. (No. 2732)
                                           Zachary I. Shapiro, Esq. (No. 5103)
                                           Matthew P. Milana, Esq. (No. 6681)
                                           Emily R. Mathews, Esq. (No. 6866)
                                         One Rodney Square
                                         920 North King Street
                                         Wilmington, Delaware 19801
                                         Telephone: (302) 651-7700
                                         Facsimile: (302) 651-7701

                                         -and-

                                         WEIL, GOTSHAL & MANGES LLP
                                         Ray C. Schrock, Esq. (admitted *pro hac vice*)
                                         Jeffrey D. Saferstein, Esq. (admitted *pro hac vice*)
                                         Garrett A. Fail, Esq. (admitted *pro hac vice*)
                                         767 Fifth Avenue
                                         New York, New York  10153
                                         Telephone:  (212) 310-8000
                                         Facsimile:   (212) 310-8007

                                         *Attorneys for Debtors*
                                         *and Debtors in Possession*

RLF1 28877659V.1

## EXHIBIT 2

**Form Ballot**

PREPETITION LENDER CLAIMS BALLOT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
--------------------------------------------------------- x
                                                          :
In re                                                     :        Chapter 11
                                                          :
PHOENIX SERVICES TOPCO, LLC, et al.,                      :        Case No. 22-10906 (MFW)
                                                          :
              Debtors.¹                                   :        (Jointly Administered)
                                                          :
                                                          :
                                                          :
--------------------------------------------------------- x
```

### BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PHOENIX SERVICES TOPCO, LLC, AND ITS DEBTOR AFFILIATES

### CLASS 3 (PREPETITION LENDER CLAIMS)

### PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT

### THIS BALLOT MUST BE ACTUALLY RECEIVED BY JUNE 9, 2023 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE")

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") have sent this Ballot to you because our records indicate that you are a holder of a Class 3 (Prepetition Lender Claims) Claim as of May 4, 2023 (the "**Voting Record Date**"), and accordingly, you have a right to vote to accept or reject the *Joint Chapter 11 Plan of Reorganization of Phoenix Services*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

*Topco, LLC, and Its Debtor Affiliates* (Docket No. 677) (as may be amended, modified, or supplemented, the "**Plan**").[2]

Your rights are described in the Debtors' *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates*, and all exhibits related thereto (Docket No. 680) (as may be amended, modified, or supplemented, the "**Disclosure Statement**") and the Disclosure Statement Order.  The Disclosure Statement, the Plan, the Disclosure Statement Order, and the Confirmation Hearing Notice contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  If you need to obtain additional solicitation materials, you may contact Stretto, Inc., the voting agent retained by the Debtors in these chapter 11 cases ("**Stretto**"), by: (a) accessing Stretto's chapter 11 case website at https://cases.stretto.com/phoenix; (b) writing to Stretto Phoenix Services Balloting, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or (c) by telephone at 1-855-275-4273 (Domestic) or 1-949-889-0163 (International).  You may also obtain copies of any pleadings filed in these chapter 11 cases for a fee via PACER at: http://www.deb.uscourts.gov.

The Bankruptcy Court has approved the Disclosure Statement as containing adequate information, as required under section 1125 of the Bankruptcy Code.  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact Stretto at the address or telephone number set forth above.

*You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3 under the Plan.*

If Stretto does not receive your Ballot on or before the Voting Deadline, which is **June 9, 2023 at 4:00 p.m. (prevailing Eastern Time)**, and if the Voting Deadline is not extended, your vote will not count.  **If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**  You may submit your Ballot through Stretto's online electronic balloting portal (the "**E-Balloting Portal**") or by returning this paper Ballot.

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, Disclosure Statement (as defined herein) or the *Order (I) Approving the Proposed Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing; (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Proposed Plan, and (V) Granting Related Relief* (the "**Disclosure Statement Order**"), as applicable, or as the context otherwise requires.

| **If Submitting Your Vote through the E-Balloting Portal** |
| --- |
| **Stretto will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://cases.stretto.com/phoenix, click on the "File a Ballot" section of the Debtors' website and follow the instructions to submit your Ballot.**<br><br>**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**<br><br>     **Unique E-Ballot ID#:**_____<br><br>**Stretto's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.**<br><br>**Each E-Ballot ID# is to be used solely for voting only those Claims described in <u>Item 1</u> of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.  Creditors who cast a Ballot using the E-Balloting Portal should NOT also submit a paper Ballot.**<br><br>**If your Ballot is not received by Stretto on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.** |
| **If by First Class Mail:** |
| **Phoenix Services Topco, LLC *et al*.**<br>Ballot Processing<br>c/o Stretto, Inc.<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |
| **If by Overnight Courier or Overnight Mail:** |
| **Phoenix Services Topco, LLC *et al*.**<br>Ballot Processing<br>c/o Stretto, Inc.<br>410 Exchange, Suite 100<br>Irvine, CA 92602 |

RLF1 28877659V.1

**Item 1**. **Treatment of Your Class 3 (Prepetition Lender Claims) Claim.**

Subject to the terms and conditions of the Plan, you will receive the following treatment on account of your Class 3 (Prepetition Lender Claims) Claim if it is Allowed and the Plan is consummated:

On the Effective Date, each Allowed Prepetition Lender Claim will be released and extinguished, and each holder of an Allowed Prepetition Lender Claim shall receive, in full and final satisfaction of such Allowed Prepetition Lender Claim its Pro Rata share (based on such holder's proportionate share of all Allowed Prepetition Lender Claims) of 1.0% of the New Interests that are issued and outstanding on the Effective Date, subject to dilution by the Management Incentive Plan, the Participation Premium, and the Backstop Premium.

**For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

**Item 2**. **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, **May 4, 2023**, the undersigned was the holder of a Class 3 (Prepetition Lender Claims) Claim in the following principal amount(s) (insert amount in box below) for voting:

> Amount of Claim[3]:  $_____
>
> Debtor:  _____

**Item 3**. **Vote on Plan**

The holder of a Class 3 (Prepetition Lender Claims) Claim against the Debtor set forth in Item 2 votes to (please check one):

| **ACCEPT THE PLAN** | **REJECT THE PLAN** |
|:---:|:---:|
| ☐ | ☐ |

Any Ballot that is executed by the Holder of a Claim, but that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan, will not be counted.

If no holders of Class 3 (Prepetition Lender Claims) Claims eligible to vote to accept or reject the Plan vote on the Plan, then the Plan will be deemed accepted by Class 3.

---

[3]    For voting purposes only.  Subject to tabulation rules.

**Item 4**.  **Election to Opt-In to the Release of the Released Parties,[4] including certain third parties, in Section 10.6(b) of the Plan (the "Third Party Release").**

IF YOU VOTE IN FAVOR OF THE PLAN AND OPT-IN TO THE THIRD PARTY RELEASE BY CHECKING THE BOX BELOW, YOU SHALL BE A "RELEASING PARTY" UNDER THE PLAN AND, ACCORDINGLY, ARE AGREEING TO PROVIDE THE THIRD PARTY RELEASE IN SECTION 10.6(b) OF THE PLAN (WHICH IS EXCERPTED BELOW).[5]

IF YOU VOTE TO ACCEPT THE PLAN <u>AND</u> CHECK THE BOX BELOW, YOU WILL ALSO BE A "RELEASED PARTY" UNDER THE PLAN AND RECEIVE THE BENEFIT OF THE RELEASES IN BOTH SECTIONS 10.6(a) AND 10.6(b) OF THE PLAN.  EXCEPT AS SET FORTH IN THE PLAN, INCLUDING IN THE DEFINITION OF "RELEASED PARTIES" THEREUNDER, IF YOU DO NOT BOTH VOTE TO ACCEPT THE PLAN AND CHECK THE BOX BELOW, YOU WILL NOT BE A RELEASED PARTY UNDER THE PLAN.

The Holder of [_____] elects to:

☐ Opt-In to the Third Party Release.

As noted above, the Third Party Release is contained in Section 10.6(b) of the Plan.  Section 10.6(b) of the Plan provides as follows:

> As of the Effective Date, except for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect after the Effective Date, for good and valuable consideration, on and after the Effective Date, except as specifically set forth elsewhere in the Plan, the Releasing Parties conclusively, absolutely, unconditionally, irrevocably, and forever discharge and release (and each entity so discharged and released shall be deemed discharged and released by the Releasing Parties) the Released Parties and their respective property from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever (including contract claims, claims under ERISA and all other statutory claims, claims for contributions, withdrawal liability, reallocation liability, redetermination liability, interest on any amounts, liquidated damages, claims for attorneys' fees or any costs or expenses whatsoever), whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, matured or unmatured, contingent or fixed, existing or hereinafter arising, in law, equity or otherwise, including

---

[4]    "**Released Parties**" means, collectively, and in each case, solely in their capacities as such: (a) the Debtors; (b) the Reorganized Debtors; (c) the Reorganized Debtor Plan Administrator; (d) the DIP Lenders; (e) the DIP Agent; (f) the Consenting Lenders, (g) each Releasing Prepetition Lender; (h) ANRP II Phoenix Services Holdings (LP); and (i) with respect to each of the foregoing Entities in clauses (a) through (h), all Related Parties. For the avoidance of doubt, the Debtors' current and former directors, managers, officers, employees, professionals, and shareholders shall each be a Released Party under the Plan.

[5]    For the avoidance of doubt, pursuant to the terms of the Plan, the following parties will be "Releasing Parties" regardless of whether such parties check the box in Item 4 of the Ballot: (a) the Debtors; (b) the Reorganized Debtors; (c) the Reorganized Debtor Plan Administrator; (d) the DIP Lenders; (e) the DIP Agent; (f) the Consenting Lenders; (g) ANRP II Phoenix Services Holdings (LP); and (h) with respect to each of the foregoing Entities in clauses (a) through (g), all of their respective Related Parties solely with respect to claims that such Entities could have properly asserted on behalf of such Entities in clauses (a) through (g).

6

any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or the Estates, that such Entity would have been legally entitled to assert in its own right (whether individually or collectively) based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Estates, the Restructuring Transactions, the Chapter 11 Cases, the purchase, sale or rescission of the purchase or sale of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party (other than assumed contracts or leases), any of the transactions that are the subject of the Restructuring Transactions related to any Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation or consummation of the Plan (including the Plan Supplement), the Definitive Documents, or any related agreements, instruments or other documents, or the solicitation of votes with respect to the Plan, in all cases based upon any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; provided, that, the foregoing shall not release any Cause of Action arising from an act or omission determined by Final Order to constitute gross negligence, willful misconduct, or intentional fraud.

## <u>Item 5</u>.  Certifications

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

1.  that as of the Voting Record Date, the undersigned is either: (a) the Entity THAT is the holder of the Class 3 (Prepetition Lender Claims) Claim(s) being voted; or (b) the Entity THAT is an authorized signatory for an Entity that is a holder of the Class 3 (Prepetition Lender Claims) Claim(s) being voted;

2.  that the Entity has received a copy of the Disclosure Statement, the Plan, the Disclosure Statement Order and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.  that the Entity has cast the same vote with respect to all Class 3 (Prepetition Lender Claims) Claims;

4.  that no other Ballots with respect to the amount of the Class 3 (Prepetition Lender Claims) Claim(s) identified in Item 2 have been cast or, if any other Ballots have been cast with respect to such Claim(s), then any such Ballots dated earlier are hereby revoked;

5.  that the Entity acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Entity's Class 3 (Prepetition Lender Claims) Claim(s);

6.  that the Entity understands and, if accepting the Plan, agrees with the treatment provided for its Claim(s) under the Plan;

7

7.      that the Entity acknowledges and understands that (a) if no Holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class; and (b) any Class of Claims that does not have a holder of an Allowed Claim or a Claim temporarily allowed by the Bankruptcy Court as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code; and

8.      that the Entity acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; *provided*, that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

Name of Holder: _____
(Please print or type)

Signature: _____

Name of Signatory: _____
(If other than Holder)[6]

Title: _____

Address: _____

_____

_____

Telephone No.: _____

E-Mail Address: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY IN THE RETURN ENVELOPE PROVIDED.  YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. PREVAILING EASTERN TIME ON JUNE 9, 2023.**

---

[6]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.   The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.

2.   The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan. Please review the Disclosure Statement for more information.

3.   Stretto's "E-Ballot" platform is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.  To have your vote counted, you must electronically complete, sign, and return this customized Ballot by utilizing the E-Ballot platform on Stretto's website.  Your Ballot must be received by Stretto no later than the Voting Deadline, unless such time is extended by the Debtors.

  **HOLDERS ARE STRONGLY ENCOURAGED TO SUBMIT THEIR BALLOTS VIA THE E-BALLOT PLATFORM.**

4.   If you prefer to return a hard copy of your Ballot, you may return it in the enclosed preaddressed, postage prepaid envelope or via first class mail to:

**Phoenix Services Topco, LLC** *et al.*
Ballot Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

or via overnight courier or hand delivery to:

**Phoenix Services Topco, LLC** *et al.*
Ballot Processing
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

5.   To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the address set forth on the enclosed pre-addressed envelope or in a method provided herein.  The Voting Deadline for the receipt of Ballots by Stretto is **4:00 p.m. (prevailing Eastern Time) on June 9, 2023**.  Your completed Ballot must be received by Stretto on or before the Voting Deadline.

6.   Except as otherwise provided herein or unless waived by the Debtors or permitted by order of the Bankruptcy Court, unless the Ballots being furnished is timely submitted on or prior

to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation of the Proposed Plan.

7.  If you cast more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect your intent, and thus, supersede any prior Ballot.

8.  If you cast a Ballot that is properly completed, executed and timely returned to Stretto, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted.

9.  If you cast a Ballot that is properly completed, executed, and timely returned to Stretto, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted.

10. You shall be deemed to have voted the full amount of your Claim in Class 3 and shall not be entitled to split your vote.  Any Ballot that partially accepts and partially rejects the Plan will not be counted.

11. If you cast Ballots received by Stretto on the same day, but which are voted inconsistently, such Ballots will not be counted.

12. The following Ballots shall not be counted:

   a)  Any Ballot received after the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline in writing with respect to such Ballot;

   b)  Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder;

   c)  Any Ballot cast by a person or entity that does not hold a Claim in the Voting Class;

   d)  Any Ballot cast by a person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

   e)  Any unsigned Ballot;

   f)  Any Ballot which the Bankruptcy Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code; or

   g)  Any Ballot transmitted to Stretto by means not specifically approved herein.

13. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by Stretto, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, you should provide their name and mailing

11

address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

14.     The Debtors, subject to contrary order of the Bankruptcy Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Certification.

15.     Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

16.     Unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

17.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claim, and neither the Debtors nor Stretto will accept delivery of any such certificates or instruments surrendered together with a Ballot.

18.     This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

19.     If you believe you have received the wrong Ballot, you should contact Stretto immediately at 1-855-275-4273 (Domestic) or 1-949-889-0163 (International) or by email to PhoenixInquiries@stretto.com and include "Phoenix Services" in the subject line.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT STRETTO AT 1-855-275-4273 (DOMESTIC) OR 1-949-889-0163 (INTERNATIONAL).**

RLF1 28877659V.1

## **EXHIBIT 3**

**Notice of Non-Voting Status – Unimpaired**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------- x
                                                         :
In re                                                    :        Chapter 11
                                                         :
PHOENIX SERVICES TOPCO, LLC, et al.,                     :        Case No. 22-10906 (MFW)
                                                         :
        Debtors.¹                                        :        (Jointly Administered)
                                                         :
                                                         :
                                                         :
                                                         :
-------------------------------------------------------- x
```

## NOTICE OF NON-VOTING STATUS TO UNIMPAIRED CLASSES²

PLEASE TAKE NOTICE THAT on May [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Order**") approving the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Phoenix Services, Topco, LLC, and Its Debtor Affiliates*, dated as of April 4, 2023 (Docket No. 680) (as it may be amended, modified, or supplemented, the "**Disclosure Statement**"). The Order authorizes the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates*, dated as of April 4, 2023 (Docket No. 677) (as it may be amended, modified, or supplemented, the "**Plan**"), a copy of which is annexed as **Exhibit A** to the Disclosure Statement. You can find information about the Debtors' confirmation hearing in the enclosed Confirmation Hearing Notice.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTORS IS/ARE NOT IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (A) DEEMED TO HAVE ACCEPTED THE PLAN AND (B) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S), OR YOU WANT TO REQUEST A COPY OF THE ORDER, THE PLAN AND THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' THE DEBTORS' VOTING AGENT, STRETTO, INC. ("STRETTO"), BY TELEPHONE AT 1-855-275-4273 (DOMESTIC) OR 1-949-889-0163 (INTERNATIONAL) OR BY EMAIL AT PHOENIXINQUIRIES@STRETTO.COM. COPIES OF THE PLAN AND DISCLOSURE STATEMENT CAN ALSO BE ACCESSED ONLINE AT HTTPS://CASES.STRETTO.COM/PHOENIX. PLEASE BE ADVISED THAT STRETTO CANNOT PROVIDE LEGAL ADVICE.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2] Unimpaired Classes consist of Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 5 (Intercompany Claims), and Class 6 (Intercompany Interests).

Dated: May [●], 2023
      Wilmington, Delaware

                                      _____

                                        RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana, Esq. (No. 6681)
Emily R. Mathews, Esq. (No. 6866)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, Esq. (admitted *pro hac vice*)
Jeffrey D. Saferstein, Esq. (admitted *pro hac vice*)
Garrett A. Fail, Esq. (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors
and Debtors in Possession*

## **EXHIBIT 4**

**Notice of Non-Voting Status – Impaired**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                          :
In re                                     :     Chapter 11
                                          :
PHOENIX SERVICES TOPCO, LLC, et al.,      :     Case No. 22-10906 (MFW)
                                          :
         Debtors.¹                        :     (Jointly Administered)
                                          :
                                          :
                                          :
                                          :
------------------------------------------------------------ x
```

### NOTICE OF NON-VOTING STATUS TO IMPAIRED CLASS²

 PLEASE TAKE NOTICE THAT on May [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") entered an order (the "**Order**") approving the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of Phoenix Services, Topco, LLC, and Its Debtor Affiliates*, dated as of April 4, 2023 (Docket No. 680]) (as it may be amended, modified, or supplemented, the "**Disclosure Statement**"). The Order authorizes the Debtors to solicit votes to accept or reject the *Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates*, dated as of April 4, 2023 (Docket No. 677) (as it may be amended, modified, or supplemented, the "**Plan**"), a copy of which is annexed as **Exhibit A** to the Disclosure Statement.  You can find information about the Debtors' confirmation hearing in the enclosed Confirmation Hearing Notice.

 **UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIMS AGAINST OR EQUITY INTEREST(S) IN, THE DEBTORS.  THEREFORE, PURSUANT TO SECTION 1126(G) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (A) DEEMED TO HAVE REJECTED THE PLAN AND (B) NOT ENTITLED TO VOTE ON THE PLAN.  IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS OR EQUITY INTEREST(S), OR YOU WANT TO REQUEST A COPY OF THE ORDER, THE PLAN AND THE DISCLOSURE STATEMENT, YOU SHOULD CONTACT THE DEBTORS' VOTING AGENT, STRETTO, INC. ("STRETTO"), BY TELEPHONE AT 1-855-275-4273 (DOMESTIC) OR 1-949-889-0163 (INTERNATIONAL) OR BY EMAIL AT PHOENIXINQUIRIES@STRETTO.COM.  COPIES OF THE PLAN AND DISCLOSURE STATEMENT CAN ALSO BE ACCESSED ONLINE AT HTTPS://CASES.STRETTO.COM/PHOENIX.  PLEASE BE ADVISED THAT STRETTO CANNOT PROVIDE LEGAL ADVICE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable).  The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2] Impaired Classes not entitled to vote consist of Class 4 (General Unsecured Claims), Class 5 (Intercompany Claims, Class 6 (Intercompany Interests), and Class 7 (Existing Equity Interests).

Dated: May [●], 2023
     Wilmington, Delaware

                                      _____
                                        RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi, Esq. (No. 2732)
Zachary I. Shapiro, Esq. (No. 5103)
Matthew P. Milana, Esq. (No. 6681)
Emily R. Mathews, Esq. (No. 6866)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, Esq. (admitted *pro hac vice*)
Jeffrey D. Saferstein, Esq. (admitted *pro hac vice*)
Garrett A. Fail, Esq. (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*