## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
                       :

**In re**                                      :     **Chapter 11**

**PHOENIX SERVICES TOPCO, LLC,** *et al.,*     :     **Case No. 22-10906 (MFW)**

          **Debtors.[1]**                      :     **(Jointly Administered)**

                                        :     **Proposed Hr'g Date: June 9, 2023 at a time to be determined**
                                        :     **Proposed Obj. Deadline: One (1) hour prior to the Hearing**
                       :
---------------------------------------------------------- x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACT WITH LATROBE SPECIALTY STEEL COMPANY, (II) AUTHORIZING THE SALE OF NON-CORE ASSETS AND (III) GRANTING RELATED RELIEF

Phoenix Services Topco, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represent in support of this motion (the "**Motion**"):

### Background

1.     On September 27, 2022 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On October 11, 2022, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in these chapter 11 cases, which was reconstituted on October 18, 2022 (Docket Nos. 127, 148) (the "**Creditors' Committee**").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

3.      On May 5, 2023, the Debtors filed (a) the *Joint Chapter 11 Plan of Reorganization of Phoenix Services TopCo, LLC and its Debtor Affiliates* (Docket No. 753) (as amended, modified and/or supplemented, the "**Plan**"), and (b) the *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Phoenix Services TopCo, LLC and its Debtor Affiliates* (Docket No. 754) (as amended, modified and/or supplemented, the "**Disclosure Statement**").

4.      On May 9, 2023, the Court entered the *Order (I) Approving Proposed Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan, and (V) Granting Related Relief* (Docket No. 769), approving the Debtors' Disclosure Statement and authorizing the Debtors to solicit the Plan.

5.      Information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Robert Richard in Support of Debtors' Chapter 11 Petitions and First Day Relief* (Docket No. 13) (the "**First Day Declaration**").[2]

---

[2]  Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

**Jurisdiction**

6.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

7.     This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**Relief Requested**

9.     By this Motion, pursuant to sections 105(a), 363, and 365(a) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, the Debtors request (a) authority to reject an executory contract between Debtor Metal Services LLC and Latrobe Specialty Steel Company ("**LSSC**"), including any amendments, supplements or modifications thereto, as set forth on **Exhibit 1** to the Proposed Order (as defined below) (the "**Rejected Contract**"), effective as of the date set forth on such exhibit (the "**Rejection Date**"), (b) authority to sell certain non-core assets, as described herein and on **Exhibit 2** to the Proposed Order (collectively, the "**Non-Core Assets**") to Carpenter Technology (as defined herein) at the Latrobe Site (as defined below) and (c) related relief.

10.     A proposed form of order granting the relief requested in this Motion is annexed hereto as **Exhibit A** (the "**Proposed Order**").

RLF1 29122354V.1

**The Rejected Contract and the Sale of the Non-Core Assets**

11.     After good faith efforts, the Debtors were unable to achieve renegotiated contractual relief for more favorable terms of their contract at the Latrobe, PA site (the "**Latrobe Site**") with LSSC.  Accordingly, the Debtors determined to exit their operations at the Latrobe Site and seek authority, pursuant to this Motion, to reject the Rejected Contract.

12.     In connection with the rejection of the Rejected Contract, the Debtors negotiated with Carpenter Technology Corporation, the parent entity of LSSC ("**Carpenter Technology**" and together with LSSC, the "**Customer**"), to sell the Non-Core Assets to Carpenter Technology for a cash purchase price of $1.2 million.[3]  The Debtors no longer have any immediate business need for the Non-Core Assets and the sale enables the Debtors to monetize their assets for the benefit of the Debtors' estates.  Absent a sale, the Debtors would bear the costs of moving and storing the assets and would risk losing the negotiated sale value.  Accordingly, the Debtors believe that the proposed purchase price for the sale of the Non-Core Assets is fair and reasonable under the circumstances.

**Relief Requested Should Be Granted**

A.     **The Rejection of the Rejected Contract is an Appropriate Exercise of the Debtors' Business Judgment**

13.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The bankruptcy court should approve a debtor's rejection of an executory contract or unexpired lease if such rejection is an exercise of the debtor's sound business judgment, benefits its estate, and is not made in bad faith.  *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982), *aff'd*, 465 U.S. 513 (1984) ("[t]he usual test for rejection of an executory contract is

---

[3] Neither LSSC nor Carpenter Technology are insiders of, or are otherwise affiliated with, the Debtors.

RLF1 29122354V.1

simply whether rejection would benefit the estate, the 'business judgment' test."); *Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 39-40 (3d Cir. 1989) (affirming rejection of a service agreement as sound exercise of debtor's business judgment where bankruptcy court found rejection would benefit estate). In applying the business judgment standard, bankruptcy courts afford great deference to a debtor's decision to assume or reject executory contracts. *See, e.g.*, *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.*, 872 F.2d 36, 39–40 (3d Cir. 1989) (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtor's estate).

14. In addition, the Court has the authority pursuant to its equitable powers under section 105(a) of the Bankruptcy Code to authorize the relief requested herein because such relief is necessary for the Debtors to carry out their fiduciary duties under section 1107(a) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 1107(a) of the Bankruptcy Code "contains an implied duty of the debtor-in-possession" to act as a fiduciary to "'protect and preserve the estate, including an operating business' going-concern value," on behalf of a debtor's creditors and other parties in interest. *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)); *see also In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000) (citing *In re Marvel Ent. Group, Inc.*, 140 F.3d 463, 474 (3d Cir. 1998) ("A paramount duty of a trustee or debtor in possession in a bankruptcy case is to act on behalf of the bankruptcy estate, that is, for the benefit of the creditors.")); *Unofficial Comm. of Equity Holders v. McManigle* (*In re Penick Pharm., Inc.*), 227 B.R. 229, 232–33 (Bankr. S.D.N.Y. 1998).

5

15.     The Debtors' decision to reject the Rejected Contract constitutes an exercise of the Debtors' sound business judgment.  As set forth in the First Day Declaration, the primary goal of the chapter 11 cases was to negotiate contract modifications with the Debtors' customers and emerge from chapter 11 as a healthy going concern.  The Debtors and their advisors worked diligently, prior to and during these chapter 11 cases, to develop and execute a comprehensive strategy to repair the Debtors' portfolio of contracts.  However, despite months of negotiations, the Debtors were unable to reach consensus on the necessary modifications with LSSC in respect of the Rejected Contract.  Leaving the Rejected Contract in place would be uneconomical and burdensome to the Debtors and their estates given the Debtors' wind-down of operations and ongoing exit from the Latrobe Site.

16.     Accordingly, rejecting the Rejected Contract is a reasonable exercise of the Debtors' business judgment.

**B.    The Sale of the Non-Core Assets is Appropriate and in the Best Interests of the Debtors' Estates**

17.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Bankruptcy courts regularly authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor.  *See Meyers v. Martin* (*In re Martin*), 91 F.3d 389 (3d Cir. 1996).

18.     The sale of the Non-Core Assets to Carpenter Technology is in the best interests of the Debtors and their estates and creditors.  Because the Debtors have mutually agreed to exit and cease operations at the Latrobe Site, the Debtors no longer have an immediate need for the Non-Core Assets.  Maintenance and storage of the Non-Core Assets would be unnecessarily burdensome to the Debtors' estates.

19.      The Debtors also request that the Court approve the sale of the Non-Core Assets pursuant to section 363(f) of the Bankruptcy Code free and clear of any liens, claims, encumbrances and other interests of any kind or nature whatsoever (collectively, the "**Liens**") with such Liens to attach to the proceeds of such sale with the same order of priority, validity, force and effect and subject to all of the defenses and counterclaims, that the Liens had prior to such sale.

20.      Under section 363(f) of the Bankruptcy Code, a debtor may sell property "free and clear of any interest in such property of an entity other than the estate" if (i) applicable nonbankruptcy law permits the sale of such property free and clear of such interest; (ii) such entity consents; (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (iv) such interest is in bona fide dispute; or (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f); *see also In re Kellstrom Indus., Inc.*, 282 B.R.787, 793 (Bankr. D. Del. 2002) ("Section 363(f) [of the Bankruptcy Code] is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *In re P.K.R. Convalescent Ctrs., Inc.*, 189 B.R. 90, 94 (Bankr. E.D. Va. 1995) ("[Section] 363 covers more situations than just sales involving liens . . . Section 363(f) addresses sales free and clear of any interest. . . .").

21.      Upon information and belief, the only entities with an interest in the Non-Core Assets are the Debtors' pre-petition and post-petition lenders, including the debtor-in-possession lenders, and such lenders have consented to the sale of the Non-Core Assets free and clear of their Liens as set forth in the Proposed Order.

22.      Finally, for the reasons stated above, the Debtors believe that the purchase price for the Non-Core Assets was negotiated by the parties in good faith and at arm's length and

RLF1 29122354V.1

is fair and reasonable under the circumstances. Accordingly, Carpenter Technology should be entitled to the protections of Sections 363(m) and 363(n) of the Bankruptcy Code.

**Request for Waiver Pursuant to Bankruptcy Rule 6004**

23.     The Debtors request that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the fourteen (14) day stay under Bankruptcy Rule 6004(h). Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Here, any delay in the Debtors' ability to sell the Non-Core Assets would be detrimental to the Debtors and their estates and creditors.

24.     Accordingly, the Debtors submit that under the circumstances, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

**Reservation of Rights**

25.     Nothing contained herein is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors or any liens satisfied pursuant to this Motion, (b) an agreement or obligation to pay any claims, (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (d) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (e) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (f) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code except as expressly set forth herein.

RLF1 29122354V.1

26.     The Debtors may have claims against the Customer arising under, or independently of, the Rejected Contract.  The Debtors do not waive such claims by the filing of this Motion or by seeking the relief sought herein.  The Debtors are diligently reviewing and evaluating their remaining contracts and reserve the right to identify additional executory contracts for rejection in the future.  This Motion should not be construed as a determination that any contracts or agreements not described herein are to be assumed or rejected.

## Notice

27.     Notice of this Motion will be provided to: (a) the U.S. Trustee (Attn: Linda J. Casey, Esq.); (b)(i) Squire Patton Boggs (US) LLP, 1211 Avenue of the Americas, 26th Floor, New York, New York 10036 (Attn: Stephen D. Lerner, Esq., Norman N. Kinel, Esq., and Travis A. McRoberts, Esq.), and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: Justin R. Alberto, Esq., Patrick J. Reilley, Esq., and Michael E. Fitzpatrick, Esq.), as co-counsel to the Creditors' Committee; (c) the Internal Revenue Service; (d) the United States Attorney's Office for the District of Delaware; (e)(i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg, Esq., Steven A. Domanowski, Esq., Matthew J. Williams, Esq., and Jason Zachary Goldstein, Esq.), and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899 (Attn: Laura Davis Jones, Esq.), as co-counsel to the Ad Hoc Group; (f) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn: Ira Dizengoff, Esq. and James Savin, Esq.), as counsel to Apollo Global Management, Inc.; (g) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Esq. and Jonah A. Peppiatt, Esq.), as counsel to the First Lien Agent; (h) the Customer; (i) all persons and entities known by the Debtors to have asserted any Lien with

respect to the Non-Core Assets; and (j) any other party entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "**Notice Parties**").

28.    The Debtors respectfully submit that no further notice is required.

## No Previous Request

29.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE** the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  June 5, 2023
        Wilmington, Delaware

/s/ Matthew P. Milana
RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
Matthew P. Milana (No. 6681)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock (admitted *pro hac vice*)
Jeffrey D. Saferstein (admitted *pro hac vice*)
Garrett A. Fail (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Debtors*
*and Debtors in Possession*

RLF1 29122354V.1