**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Ch. 11 |
| | ) | |
| PHOENIX SERVICES TOPCO LLC, et al., | ) | Case No. 22-10906 (MFW) |
| | ) | |
| Debtors[1]. | ) | |

**CERTIFICATION OF COUNSEL IN SUPPORT OF U.S. SPECIALTY INSURANCE COMPANY'S OBJECTION TO THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF PHOENIX SERVICES TOPCO, LLC AND ITS DEBTOR AFFILIATES [Docket No. 753]**

The undersigned counsel for creditor U.S. Specialty Insurance Company ("Surety") submits this Certification of Counsel in support of Surety's Objection to the Joint Prepackaged Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC and its Debtor Affiliates (the "Confirmation Objection") and hereby certifies as follows:

1. On June 12, 2023, Surety filed its Confirmation Objection (Dkt. No. 881).

2. Based on the assumption that the Debtor wanted to assume and assign one or both of Surety's customs bonds (the "Bonds"), Surety proposed language in paragraph 41 of the Confirmation Objection to resolve its objections to the Plan. As restated below, this proposed language is as follows:

> For the avoidance of doubt, U.S. Specialty Insurance Company (together with any and all of its surety affiliates, "Surety") is unimpaired under the Plan, including with respect to its rights against any of the Debtors and/or Reorganized Debtors in connection with: (i) surety bonds or similar or related instruments issued and/or executed by the Surety on behalf of certain of the Debtors and/or their non-debtor affiliates (each a "Bond" and collectively the "Bonds"); (ii) any and all indemnity-related agreements, including, but not limited to, the General Indemnity Agreement dated January 30, 2017 (collectively, "Indemnity Agreements"); (iii) any cash collateral or other collateral of the Surety, including the $50,000 in cash collateral the Surety is holding (the "Collateral"); and (iv)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, PA 19087.

any related documents, including the Collateral Security Agreement dated January 30, 2017.

Notwithstanding any provision in the Disclosure Statement, the Plan, Confirmation Order or the First Lien Exit Facility (together with any orders, documents, or agreements relating thereto and any amended versions of the foregoing, for purposes of this paragraph only, the "Plan Documents") to the contrary: (a) all set-off, recoupment, trust and lien rights, and all security interests, of the Surety and any obligee and/or beneficiary under any Bonds are preserved against the Debtors and/or Reorganized Debtors, and, further, the Debtors', Reorganized Debtors', and all parties' right and defenses with respect to any such rights and/or interests are also preserved; (b) the Surety reserves all of its rights to modify, extend and/or cancel any Bond in accordance with the terms thereof but without regard to these chapter 11 cases; (c) the Surety has no obligation under the Plan Documents to issue or execute any new bond on behalf of any entity, and the Surety has no obligation to extend, modify or increase the amount of any Bond; (d) nothing shall prime or otherwise impact: (i) current or future setoff and/or recoupment rights or trust fund claims and/or the lien rights of the Surety or of any party to whose rights the Surety has or may become subrogated; and/or (ii) any existing or future subrogation or other common law rights of the Surety.

Nothing in the Plan Documents is an admission by the Surety or the Debtors/Reorganized Debtors, or a determination by the Court, regarding any claims under any Bonds, and the Surety and the Debtors/Reorganized Debtors (on behalf of themselves and their successors and creditors) reserve any and all rights, remedies, and defenses in connection therewith.

For the avoidance of doubt, Section 5.11 (Cancellation of Existing Securities and Agreements), Section 5.14 (Cancellation of Liens), Section 7.6 (Estimation of Claims), and Section 10.5 (Injunction) of the Plan shall not apply to the Surety or any beneficiary and/or current or future claimants under any of the Bonds.

3. Recently, the Debtors have informed the Surety that they planned to stop using the Bonds and required paperwork to facilitate the termination.

4. Surety provided the Debtors with this paperwork but have not confirmed whether the Debtors followed through in submitting this paperwork to the U.S. Customs and Border Protection and/or will soon do so.

5. Furthermore, the Debtors' recent submissions in the form of the Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC and its Debtor

2

Affiliates (the "Amended Plan') (Dkt. No. 895) and associated Plan Supplement (Dkt. No. 897) do not clearly state the Debtor's intentions regarding the Bonds.

6.      If the Debtors do intend to reject and/or stop using the Bonds, then Surety would accept the following language as a resolution of its objections to the Plan instead:

> The Debtors seek to discontinue using the two customs bonds that U.S. Specialty Insurance Company's (together with any and all of its surety affiliates, "Surety") issued on behalf of certain of the Debtors (the "Bonds") and will request of U.S. Customs and Border Protection ("U.S. Customs") that the Bonds be terminated and to take any other action necessary to effectuate this termination. For the avoidance of doubt, neither the Debtors and/or Reorganized Debtors will use or otherwise rely on the Bonds as of entry of this Confirmation Order. Notwithstanding the Disclosure Statement, Plan, Confirmation Order or the First Lien Exit Facility (together with any orders, documents, or agreements relating thereto, and any amended versions of the foregoing, the "Plan Documents"), the Surety maintains all rights against the Debtors in connection with the Bonds; the General Indemnity Agreement dated January 30, 2017 (collectively, "Indemnity Agreements"); the $50,000 in cash collateral the Surety is holding (the "Collateral"); and (iv) the Collateral Security Agreement dated January 30, 2017.

> Further, notwithstanding the Plan Documents to the contrary: (a) all set-off, recoupment, trust and lien rights, and all security interests, of the Surety and U.S. Customs are preserved against the Debtors and/or Reorganized Debtors; and (b) nothing shall prime or otherwise impact: (i) any setoff and/or recoupment right, trust fund claim and/or the lien right of the Surety or U.S. Customs; and/or (ii) any existing or future subrogation or other common law rights of the Surety.

> For the avoidance of doubt, Section 5.11 (Cancellation of Existing Securities and Agreements), Section 5.14 (Cancellation of Liens), Section 7.6 (Estimation of Claims), and Section 10.5 (Injunction) of the Plan shall not apply to the Surety or U.S. Customs.

|  |  |
|---|---|
|  | **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** |
| Dated: June 19, 2023 | */s/ Gaston P. Loomis* |
|  | Gary D. Bressler, Esq. (No. 5544) |
|  | Gaston P. Loomis, Esq. (No. 4812) |
|  | 300 Delaware Avenue, Suite 1014 |
|  | Wilmington, DE 19801 |
|  | Telephone:  302-300-4510 |
|  | Facsimile:  302-654-4031 |
|  | E-mail:  gbressler@mdmc-law.com |
|  |         gloomis@mdmc-law.com |

*Attorneys for U.S. Specialty Insurance Company*