IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PHOENIX SERVICES TOPCO, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 22-10906 (MFW)<br><br>(Jointly Administered) |

**DECLARATION OF JAMES SEAN MCGUIRE IN SUPPORT OF CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PHOENIX SERVICES TOPCO, LLC AND ITS DEBTOR AFFILIATES**

I, James Sean McGuire, declare under the penalty of perjury:

1.  I am a Managing Director at Stretto, which has offices located at 410 Exchange, Suite 100, Irvine, California 92602. I am over the age of eighteen years. I do not have a direct interest in the chapter 11 cases and should be considered an impartial party. I am duly authorized to submit this declaration on behalf of Stretto (the "**Declaration**").

2.  On September 28, 2022, the Court authorized Stretto's retention as the claims and noticing agent to the Debtors pursuant to the *Order (I) Approving the Retention and Appointment of Stretto as Claims and Noticing Agent, Effective as of the Petition Date, and (II) Granting Related Relief* (Docket No. 55) (the "**Stretto Claims and Noticing Retention Order**"). Furthermore, on October 25, 2022, the Court authorized Stretto's retention as administrative advisor to the Debtors pursuant to the *Order (I) Approving the Retention and Appointment of Stretto as Administrative Advisor Effective as of the Petition Date, and (II) Granting Related Relief* (Docket No. 182)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (4693); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

(the "**Stretto Administrative Advisor Retention Order**") (together with the "**Stretto Claims and Noticing Retention Order",** the "**Stretto Retention Orders**").  The Stretto Retention Orders authorize Stretto to assist the Debtors with the service of solicitation materials and tabulation of votes cast to accept or reject the Plan.  Stretto and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.  *See*, *e.g.*, *In re Clarus Therapeutics Holdings, Inc.*, No. 22-10845 (MFW) (Bankr. D. Del.); *In re Valaris plc*, No. 20-34114 (MI) (Bankr. S.D. Tex.); *In re Neiman Marcus Group LTD LLC*, No. 20-32519 (DRJ) (Bankr. S.D. Tex.); *In re Hornbeck Offshore Services, Inc.*, No. 20-32679 (DRJ) (Bankr. S.D. Tex.); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y.); *In re Elk Petroleum, Inc.*, No. 19-11157 (LSS) (Bankr. D. Del.); *In re Z Gallerie, LLC*, No. 19-10488 (KBO) (Bankr. D. Del.); *In re Francis' Drilling Fluids, Ltd.*, No. 18-35441 (MJ) (Bankr. S.D. Tex.); *In re Oklahoma ProCure Management, LLC*, No. 18-12622 (MFW) (Bankr. D. Del.); *In re Sancilio Pharmaceuticals Company, Inc.*, No. 18-11333 (CSS) (Bankr. D. Del.); *In re BICOM NY, LLC*, No. 17-11906 (MEW) (Bankr. S.D.N.Y.).

3. I submit this Declaration in connection with the solicitation and tabulation of votes cast on the *Joint Chapter 11 Plan of Reorganization of Phoenix Services TopCo, LLC and Its Debtor Affiliates* dated as of May 5, 2023 (Docket No. 753) (as amended, supplemented, or modified from time to time, the "**Plan**").[2]  I am not being compensated for this testimony other than compensation that Stretto is receiving as a professional services firm retained by the Debtors pursuant to the Stretto Retention Order.

---

[2]  Capitalized Terms used but not otherwise defined herein have the meanings set forth in the *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and Its Debtor Affiliates* (Docket No. 754) (the "**Disclosure Statement**"), the Plan, or the Disclosure Statement Order.

RLF1 29192922V.1

4.      The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees or advisors, or employees of Stretto working directly with me or under my supervision, direction, or control.

**Background**

5.      On May 9, 2023, the Court entered the *Order (I) Approving Proposed Disclosure Statement and Form and Manner of Notice of Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of Proposed Plan, and (V) Granting Related Relief* (Docket No. 769) (the "**Disclosure Statement Order**").

6.      Pursuant to the Disclosure Statement Order, and in accordance with the solicitation procedures and the tabulation rules set forth therein (collectively, the "**Solicitation and Voting Procedures**"), Stretto worked with the Debtors to solicit votes for the Plan and tabulate ballots of creditors entitled to vote on the Plan.  The Plan designates Claims in Class 3 (Prepetition Lender Claims) (the "**Voting Class**") as Impaired and entitled the Holders of such Claims to vote on the Plan.  The Disclosure Statement Order established May 4, 2023 as the Voting Record Date for determining which Holders of Claims were entitled to receive Solicitation Packages and vote on the Plan.

7.      Pursuant to and in accordance with the Disclosure Statement Order, Stretto commenced and completed service of the Solicitation Packages (including the Ballots) on Holders of Claims entitled to vote on the Plan on May 12, 2023.  An affidavit of service evidencing Stretto's service of the foregoing was filed with the Court on May 16, 2023 (Docket No. 790).

8. On May 12, 2023, Stretto inadvertently served a Notice of the Non-Voting Status for Unimpaired Classes to *Impaired* Classes (General Unsecured Claims (Class 4) and Existing Equity Interests (Class 7)). To rectify such error, on May 30, 2023, Stretto served a cover letter and the correct Notice of the Non-Voting Status on Holders of Class 4 and Class 7 claims. The cover letter addressed the incorrect service to the Holders of those Claims and Interests and attached the correct notice. Both the May 12 and May 30 service included the Plan, Disclosure Statement and the full Solicitation Package. A supplemental affidavit of service evidencing Stretto's service of the foregoing was filed with the Court on May 31, 2023 (Docket No. 832). Furthermore, free copies of the Plan and all other documents filed in these cases were made available on the internet at https://cases.stretto.com/phoenix.

9. The Disclosure Statement Order established June 9, 2023 at 4:00 p.m. (prevailing Eastern Time) as the deadline by which all Ballots were to have been received by Stretto in order to be counted as a valid vote to accept or reject the Plan (the "**Voting Deadline**").

10. Stretto received and tabulated the Ballots as follows:

   a. With respect to hard copy Ballots:

      i. Each returned Ballot was opened and/or inspected at Stretto's offices; and

      ii. Ballots were date-stamped upon receipt.

   b. With respect to Ballots submitted through the online portal:

      i. Encrypted ballot data, date-stamp, and audit trail were created upon submittal; and

      ii. Electronic images of Ballots were created using the submitted ballot data.

      c. All Ballots received were then tabulated in accordance with the Solicitation and Voting Procedures approved by the Disclosure Statement Order.

11. For a Ballot to be counted as valid, the Ballot was required to have complied with the Solicitation and Voting Procedures, including the requirement that the Ballot be properly completed, executed by the Holder of the Claim (or such Holder's authorized representative), be submitted by an entity entitled to vote, and received by Stretto on or before the Voting Deadline. Ballots that did not comply with the Solicitation and Voting Procedures were not counted. Except as set forth herein or in the attached exhibits, (a) all Ballots that complied with the Solicitation and Voting Procedures were tabulated in accordance with these tabulation rules, which were not modified in any respect, (b) there were no defects or irregularities with any of the Ballots, and (c) no votes were changed or modified after they were cast without the express written consent to do so by the Holder of the Claim (or such Holder's authorized representative) pursuant to the Disclosure Statement Order.

12. Stretto also examined each valid Ballot to determine which Holders of Claims in the Voting Class did not opt into the Third Party Release provided in Section 10.6(b) of the Plan (the "**Release Opt-In**"). Based on an initial review, on June 10, 2023, after the Voting Deadline, one-hundred (100) parties did not opt into the Release Opt-In. However, based on further review on June 14, 2023 of the amended Ballots submitted by those initial one-hundred (100) Holders of Claims that initially did not select the Release Opt-In, Stretto confirmed each amended their Ballots to affirmatively select the Release Opt-In. As a result, all Holders of Claims in the Voting Class that submitted a valid Ballot have elected to opt into the Release Opt-In as of the filing of this Declaration.

13. Stretto received two-hundred and seventy-one (271) timely-filed ballots, all of which voted to accept the Plan. Thirty (30) Holders of Claims in the Voting Class did not submit a ballot. The timely-filed Ballots make up ninety percent (90%) of the total number of Holders of Claims in the Voting Class, and eighty-five percent (85%) of the total dollar amount of Class 3 Prepetition Lender Claims as of the Voting Record Date.

14. I hereby certify that the results of the voting by Holders of Claims in the Voting Class are as set forth in **Exhibit A** to this Declaration, which is a true and correct copy of the final tabulation of votes, cast by timely and properly completed Ballots received by Stretto.

15. I hereby certify that attached hereto as **Exhibit B** is a detailed voting report of all tabulated Ballots submitted to Stretto as of the filing of this Declaration.

16. As reflected on **Exhibit C** attached hereto, I hereby certify that there were no abstaining Ballots submitted to Stretto as of the filing of this Declaration.

17. As reflected on **Exhibit D** attached hereto, I hereby certify that there were no non-tabulated Ballots submitted to Stretto as of the filing of this Declaration.

18. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: June 19, 2023               */s/ James Sean McGuire*
                                   James Sean McGuire