IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
PHOENIX SERVICES TOPCO LLC, *et al.*,                        :    Case No. 22–10906 (MFW)
                                                             :
Debtors.[1]                                                  :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

### DECLARATION OF JEFFREY KOPA IN SUPPORT OF CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF REORGANIZATION OF PHOENIX SERVICES TOPCO, LLC AND ITS DEBTOR AFFILIATES

I, Jeffrey W. Kopa, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I am a Partner at AlixPartners, LLP ("**AlixPartners**"), the financial advisor to Phoenix Services Topco, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**"). I submit this declaration (the "**Declaration**") and accompanying referenced materials in support of the *Amended Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC and its Debtor Affiliates* (Docket No.895), filed June 16, 2023 (including any exhibits, schedules or supplements thereto and as may be modified, amended, or supplemented, the "**Plan**"),[2] including without limitation the agreements and other documents set forth in that certain supplement to the Plan filed June 2, 2023

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Phoenix Services Topco, LLC (4517); Phoenix Services Parent, LLC (8023); Phoenix Services Holdings Corp. (1330); Phoenix Services International LLC (6493); Metal Services LLC (8793); Terracentric Materials LLC (0673); Cool Springs LLC (8687); Metal Services Investment LLC (2924); and Phoenix Receivables, LLC (not applicable). The Debtors' mailing address is 4 Radnor Corporate Center, Suite 520, 100 Matsonford Road, Radnor, Pennsylvania 19087.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

(Docket No. 850) (as may be further amended, modified, or supplemented from time to time, the "**Plan Supplement**").

2. All facts set forth in this Declaration are based on (i) my personal knowledge; (ii) my discussions with the Debtors' representatives, other members of the Debtors' management team, or other interested parties; (iii) my review of relevant documents; or (iv) my opinion based upon my experience, knowledge, and information concerning the Debtors' financial affairs.

3. Through my role as an advisor to the Debtors, I am familiar with the Debtors' financial affairs, current and anticipated post-emergence capital structure, creditors, and related matters. I am also familiar with the terms of the Debtors' Plan and the *Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Phoenix Services Topco, LLC, and its Debtor Affiliates* (Docket No. 754), filed May 5, 2023 (the "**Disclosure Statement**").

4. If called upon to testify, I could and would testify to the facts set forth herein.

5. AlixPartners has extensive experience in providing financial and restructuring advisory services to debtors and financially distressed companies, as described more fully in the *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of AlixPartners, LLP as Financial Advisor for the Debtors Effective as of the Petition Date*, filed with this Court on October 6, 2022 (Docket No. 118) (the "**AlixPartners Retention Application**").

6. AlixPartners is a global independent restructuring consulting firm that has a wealth of experience in providing financial advisory services and has assisted, advised, and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in

numerous chapter 11 cases of similar size and complexity to these chapter 11 cases. Since its inception in 1981, AlixPartners has provided restructuring or crisis management services in numerous large cases. One of the services AlixPartners provides is assisting its clients with the preparation of liquidation analyses for purposes of determining whether proposed chapter 11 plans comply with the requirements of section 1129(a)(7) of the Bankruptcy Code.

7.     Since AlixPartners' initial engagement on July 11, 2022, the AlixPartners' personnel providing services to the Debtors, including myself, have worked closely with the Debtors' management and other professionals in assisting with the Debtors' restructuring efforts and the various requirements of these chapter 11 cases. As a result of that work, I am familiar with the Debtors' capital structure, business operations, books and records, and restructuring efforts to date, and the Debtors' liquidity position and needs.

8.     I am a Partner in the Financial Advisory Services practice of AlixPartners, which has a place of business at 909 Third Avenue, Floor 30, New York, New York 10022. I joined AlixPartners in 2006 and have held the position of Partner since 2023.

9.     I have 19 years of professional experience in valuation and financial analysis, much of which has involved troubled or bankrupt companies, and have analyzed companies in a diverse range of industries. I have a Bachelor of Business Administration (with high distinction) from the University of Michigan and a Master of Business Administration and Master of Science in Finance from the Indiana University Kelley School of Business. I am a CFA Charterholder and a member of the CFA Institute and the Turnaround Management Association.

10.     As an advisor, I have conducted numerous financial, valuation, and liquidation analyses for various companies, including Lonestar Resources US Inc., Sheridan Holding Company II, LLC, Paragon Offshore plc, General Motors, Tidewater, Linn Energy, Berry

Petroleum, C&J Energy Services, Basic Energy Services, SH130, CGG Holdings, Gymboree, Dura Automotive, Motorcar Parts of America, Velocity Holding Company, Inc., and Fisker Automotive. Additionally, I have previously been qualified as an expert in U.S. bankruptcy courts and in U.S. district courts.

11. I understand from my general knowledge and professional experience that to satisfy the "best interests" test under section 1129(a)(7) of the Bankruptcy Code, a debtor must demonstrate that each holder of a claim or equity interest in an impaired class has either (i) accepted the plan or (ii) is receiving at least as much value under the plan as it would receive in a hypothetical chapter 7 liquidation. Based on the work I have performed, I conclude that one or both of these are true as to every holder of a claim or equity interest in an impaired class.

12. I oversaw the Debtors' hypothetical, reasonable, and good-faith estimate of the proceeds that would be generated if the Debtors were liquidated in accordance with chapter 7 of the Bankruptcy Code (the "**Liquidation Analysis**"), a true and correct copy of which is attached to the Disclosure Statement as Exhibit C. I completed the Liquidation Analysis after extensive due diligence by the Debtors, AlixPartners, and PJT Partners LP, the Debtors' investment banker. The Liquidation Analysis reflects the views and input of the Debtors' management based upon their experience with the Debtors' assets, and includes a description of the assumptions, analysis, and results of a hypothetical chapter 7 liquidation of the Debtors. The Liquidation Analysis was set forth in the Disclosure Statement and a complete description of the process and the results of the Liquidation Analysis are set forth in Exhibit C to the Disclosure Statement.

13. Recoveries under the Liquidation Analysis were compared to recoveries under the Plan to demonstrate that the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code. Consequently, it is my conclusion that the Plan provides the holders of Allowed

Claims in each Impaired Class with a recovery that is greater than or equal to the value of any distributions that would be made to them in a liquidation of the Debtors under chapter 7 of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 19, 2023

                                                    */s/ Jeffrey W. Kopa*
                                                  Jeffrey W. Kopa
                                                  Partner
                                                  AlixPartners, LLP